Terrence P. McMahon (State Bar No. 71910)
tmcmahon@mwe.com
Anthony de Alcuaz (State Bar No. 65599)
adealcuaz@mwe.com
Robert J. Blanch (State Bar No. 189632)
rblanch@mwe.com
McDERMOTT WILL & EMERY LLP
3150 Porter Drive
Palo Alto, CA 94304-1212
Telephone: 650.813.5000
Facsimile: 650.813.5100

Attorneys for Plaintiffs
ARISTOCRAT TECHNOLOGIES
AUSTRALIA PTY LIMITED and
ARISTOCRAT TECHNOLOGIES, INC.

Jeffrey S. Love (State Bar No. 195068)
jeffrey.love@klarquist.com
Samir N. Pandya (Admitted Pro Hac Vice)
samir.pandya@klarquist.com
Garth A. Winn (Admitted Pro Hac Vice)
garth.winn@klarquist.com
KLARQUIST SPARKMAN, LLP
121 S.W. Salmon Street, Suite 1600
Portland, OR 97204-2988
Telephone: 503.595.5300
Facsimile: 503.595.5301

Eric L. Wesenberg (State Bar No. 139696)
ewesenberg@orrick.com
Orrick Herrington & Sutcliffe LLP
1000 Marsh Road
Menlo Park, CA 94025-1015
Telephone: (650) 614-7400
Facsimile: (650) 614-7401

Attorneys for Defendant
INTERNATIONAL GAME TECHNOLOGY
and Defendant/Counterclaim-Plaintiff IGT

Complete list on signature page (L.R. 3-4(a))

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**SAN FRANCISCO DIVISION**

**STIPULATED [PROPOSED] PROTECTIVE AND CONFIDENTIALITY ORDER**     (No. C-06-3717-MJJ)

| | |
|---|---|
| ARISTOCRAT TECHNOLOGIES AUSTRALIA PTY LIMITED AND ARISTOCRAT TECHNOLOGIES, INC., <br><br> Plaintiffs, <br><br> v. <br><br> INTERNATIONAL GAME TECHNOLOGY, <br><br> Defendant, <br> and IGT, <br><br> Defendant and Counterclaimant-Plaintiff. | CASE NO. C-06-03717-MJJ <br><br> STIPULATED [PROPOSED] PROTECTIVE AND CONFIDENTIALITY ORDER <br><br> Department: Room 11, 19th floor, SF <br> Judge: Martin J. Jenkins |

This Stipulated [Proposed] Protective and Confidentiality Order ("Order") is entered into between Plaintiffs and Counter-Defendants Aristocrat Technologies Australia Pty Limited and Aristocrat Technologies, Inc., on the one hand, and Defendants and Counter-Plaintiffs International Game Technology and IGT, on the other hand, to address the confidentiality of certain materials produced or to be produced by the parties and non-parties in this action.

It is hereby stipulated and agreed that:

1. "Confidential" material shall be defined as any information, document or thing produced in connection with this litigation including, without limitation, any information, document or thing produced by parties and third parties pursuant to subpoena or agreement in connection with this litigation, that is reasonably believed by the designating party to be non-public.

2. "Highly Confidential" material shall be defined as any information, document or thing produced in connection with this litigation, including, without limitation, any information, document or thing produced by parties and third parties pursuant to subpoena or agreement in connection with this litigation, that is reasonably believed by the producing party to be competitively sensitive and/or a trade secret as defined in Nevada Revised Statue 600A.030. Materials comprising or containing source code produced by the parties shall be considered "Highly Confidential" material. Only those persons authorized to receive "Highly Confidential"

STIPULATED [PROPOSED]
PROTECTIVE AND CONFIDENTIALITY (Case No. C-06-3717-MJJ)
ORDER

1  information and review source code under paragraph 7 below will be permitted access to the
2  source code. The party disclosing the source code will produce paper copies of a reasonable
3  number of relevant portions of the source code, but no electronic copies of the code will be
4  produced. The non-disclosing party may make working paper copies of the source code,
5  however, no electronic copies of the paper copies of the source code may be made. The non-
6  disclosing party may share working paper copies of the source code with individuals authorized
7  under paragraph 7 (except in-house counsel). After settlement or adjudication of this action the
8  provisions of paragraph 16 below shall be complied with as to source code material.

9      3.    As used herein, "Confidential" and "Highly Confidential" material may include (a)
10 all papers, tapes, documents (including responses to interrogatories, requests for admission or
11 document requests), disks, diskettes, e-mails, and other tangible things produced by or obtained
12 from any person in connection with this litigation; (b) transcripts of depositions herein and
13 exhibits thereto; and (c) all copies, extracts, and complete or partial summaries prepared from
14 such papers, documents or things.

15     4.    Documents shall be designated "Confidential" or "Highly Confidential" by (i)
16 marking or stamping each page of any such document "Confidential" or "highly Confidential"; or
17 (ii) designating a document depository or other location in which documents are maintained as
18 containing only "Confidential" or "Highly Confidential" information. In lieu of marking the
19 originals of documents, any party may mark the copies of such documents that are produced or
20 exchanged. Each party or non-party that designates information or items for protection under this
21 Order must take care to limit any such designation to specific material that qualified under the
22 appropriate standards, including FRCP Rule 26(c). Counsel for each party shall not designate any
23 discovery material "Confidential" or "Highly Confidential" without first making a good faith
24 determination that protection is warranted. A designating or producing party must take care to
25 designate for protection only those parts of material, documents, items, or oral or written
26 communications that qualify – so that other portions of the material, documents, items, or
27 communications for which protection is not warranted are not swept unjustifiably within the
28 ambit of this Order. Mass, indiscriminate, or routinized designations are prohibited.

STIPULATED [PROPOSED]
PROTECTIVE AND CONFIDENTIALITY     -2-    (Case No. C-06-3717-MJJ)
ORDER

1  If it comes to a party's or a non-party's attention that information or items that it designated for protection do not qualify for protection at all, or do not qualify for the level of protection initially asserted, that party or non-party must promptly notify all other parties that it is withdrawing the mistaken designation.

5. "Confidential" and "Highly Confidential" material shall be used subject to the terms of this Order and solely in connection with, and only as necessary to, this litigation and the preparation and trial of this case, or any related appellate proceeding, and not for any other purpose, including any business, competitive or governmental purpose or function.

6. "Confidential" material shall not be discussed with, shown, described or disclosed (hereinafter, collectively "Disclosed") to any person other than (a) persons to whom the producing party previously has disclosed such discovery material and (b) the following persons, as to whom disclosure shall be limited to the extent reasonably necessary for the prosecution, defense, and/or appeal of this action:

  a. The Court, persons employed by the Court, jurors or potential jurors in this case or any appeal therefrom, and stenographers or videographers transcribing or recording the testimony or argument at hearing, trial or deposition in this action or any appeal therefrom;

  b. Counsel of record for the parties to this action, including in-house counsel, associates, legal assistants, paralegals, secretarial and clerical employees, and outside vendors providing services to such counsel (including without limitation, copy services, litigation consulting services, document management services and graphic services);

  c. Independent experts or consultants retained, employed or informally consulted by counsel or a party in connection with the prosecution, defense and/or appeal of this action, including their secretarial and clerical employees;

  d. The parties, including their officers, directors, employees and authorized agents;

**STIPULATED [PROPOSED] PROTECTIVE AND CONFIDENTIALITY ORDER** -3- (Case No. C-06-3717-MJJ)

       e.     Persons who were the authors or recipients of the documents in the ordinary course of business, provided that any review by such persons shall be for the sole purpose of this action and cannot in and of itself form the basis of any future trade secret misappropriation claim or any other claim; and

       f.     Any other persons to whom the parties agree in writing, including persons to whom disclosure is agreed upon by the parties in any amendments to this Order (appropriately limited in time and/or scope) for the purposes of facilitating settlement discussions.

7.     "Highly Confidential" material shall not be Disclosed to any person except (a) persons to whom the producing party previously has disclosed such discovery material and (b) the following persons, as to whom disclosure shall be limited to the extent reasonably necessary for the prosecution, defense, and/or appeal of this action:

       a.     The Court, persons employed by the Court, jurors or potential jurors in this case any appeal therefrom, and stenographers or videographers transcribing or regarding the testimony or argument at hearing, trial or deposition in this action or any appeal therefrom;

       b.     Counsel of record to the parties to this action (but excluding in-house counsel), associates, legal assistants, paralegals, secretarial and clerical employees, and outside vendors providing services to such counsel (including without limitation, copy services, litigation consulting services, document management services and graphic services);

       c.     Independent experts and consultants retained, employed or informally consulted by counsel in connection with the prosecution, defense and/or appeal of this action, including their secretarial and clerical employees;

       d.     Persons who were the authors or recipients of the documents in the ordinary course of business, provided that any review by such persons shall

**STIPULATED [PROPOSED] PROTECTIVE AND CONFIDENTIALITY ORDER**     -4-    (Case No. C-06-3717-MJJ)

be for the sole purpose of this action and cannot in and of itself form the basis of any future trade secret misappropriation claim or any other claim;

  e. Each party to this litigation may designate one in-house counsel (1) who has no substantial or operational involvement in competitive decision-making or in patent prosecutions involving Mystery Progressive games including but not limited to IGT's Fort Knox, Jackpot Hunter, Party Time!, and Wheelionaire products or Aristocrat's Hyperlink products, (2) to whom disclosure is reasonably necessary for this litigation, and (3) who has signed the "Agreement to Be Bound by Protective Order" (Exhibit A), except that the designated in-house counsel shall not have access to "Highly Confidential" source code or written or detailed technical description of the trigger disclosed in the source code. The party wishing to disclose documents to one in-house counsel shall inform all other parties in writing who it will designate as its in-house counsel designee; and

  f. Any other person to whom the parties agree in writing, including persons to whom disclosure is agreed upon by the parties in any amendments to this Order (appropriately limited in time and/or scope) for the purposes of facilitating settlement discussions.

8. Before "Confidential" or "Highly Confidential" material may be disclosed to any person not identified in Paragraphs 6 and/or 7 of this Order, the consent of the producing party must be obtained. The party seeking to disclose such material must provide written notification to the producing party of the identity of the person, including his or her business or government affiliation, who will be shown such material, after which the producing party shall have ten (10) business days to object to the disclosure in writing. In the case of an objection, the party seeking to disclose "Confidential" or "Highly Confidential" material may apply for an order from the Court compelling disclosure. If the producing party consents to the disclosure or fails to object within ten (10) business days after receipt of written notice of the intended disclosure, counsel for the party intending to disclose "Confidential" or "Highly Confidential" material shall furnish a

**STIPULATED [PROPOSED] PROTECTIVE AND CONFIDENTIALITY ORDER**    -5-    (Case No. C-06-3717-MJJ)

1  copy of this Order to the person being given access, and the person being given access shall
2  execute a copy of the confidentiality agreement annexed hereto as Exhibit A.

3          9. Each expert and consultant to whom any "Confidential" or "Highly Confidential"
4  materials is Disclosed, as described in paragraphs 6(b)(iii) and 7(b)(iii) above, shall, prior to the
5  time such material is disclosed to him or her, be provided with a copy of this Order and shall
6  certify that he or he or she had carefully read the Order, fully understands its terms, agrees to be
7  bound by those terms, and consents to be subject to the personal jurisdiction of this Court with
8  respect to any proceeding relating to any enforcement of this Order, including any proceeding
9  relating to contempt of court. Such person shall also certify that he or she has had an opportunity
10 to discuss this Order and its relevant requirements with the attorney who has provided such
11 confidential or highly confidential materials to such expert or consultant. This acknowledgement
12 and consent shall be evidenced by signing a copy of the confidentiality agreement, annexed as
13 Exhibit A to this Order. Executed confidentiality agreements shall be retained by the attorneys of
14 record for the party on whose behalf the expert or consultant is working until further order of the
15 Court.

16         a. A party that seeks to disclose to an expert or consultant any information or
17 item that has been designated "Highly Confidential" first must make a
18 written request to the producing party that: (1) sets forth his or her full
19 name and the city and state of his or her primary residence, (2) attaches a
20 copy of his or her current resume, (3) identifies his or her current
21 employer(s), (4) identifies each person or entity for whom the expert or
22 consultant has been employed during the preceding five years, and (5)
23 identifies (by name of the case) any litigation in connection with which the
24 expert or consultant has provided any professional services during the
25 preceding five years.

26         b. A party that makes a request and provides the information specified in the
27 preceding paragraph may disclose the subject "Highly Confidential"
28 information to the identified expert or consultant unless, within seven court

STIPULATED [PROPOSED]
PROTECTIVE AND CONFIDENTIALITY     -6-     (Case No. C-06-3717-MJJ)
ORDER

|  |  |  |
|---|---|---|
| 1 |  | days of delivering the request, the party receives a written objection from |
| 2 |  | the producing party. Any such objection must set forth in detail the grounds |
| 3 |  | on which it is based. |
| 4 | c. | A party that receives a timely written objection must meet and confer with |
| 5 |  | the producing party (through direct voice to voice dialogue) to try to |
| 6 |  | resolve the matter by agreement. If no agreement is reached, the party |
| 7 |  | seeking to make the disclosure to the expert or consultant may file a motion |
| 8 |  | as provided in Civil Local Rule 7 (and in compliance with Civil Local Rule |
| 9 |  | 79-5, if applicable) seeking permission from the court to do so. |

10. Provisions of this Order insofar as they restrict the communication and use of "Confidential" and "Highly Confidential" material shall continue to be binding on all persons subject to the terms of this Order until further order of this Court.

11. The restrictions on the use of "Confidential" and "Highly Confidential" material established pursuant to this Order do not apply to the party, person, or entity producing such material.

12. The foregoing is without prejudice to the right of any party to this Order: (a) to apply to the Court for a further protective order relating to any "Confidential" and "Highly Confidential" material or relating to any production of documents it considers not subject to discovery; (b) to challenge the confidential designation of any document or other information; and (c) to seek an order from the Court compelling production of documents or modification of this Order or for any order permitting disclosure of confidential material beyond the terms of this Order. A party shall not be obliged to challenge the propriety of a confidentiality designation at the time made, and failure to do so shall not preclude a subsequent challenge to such designation. In the event any party to these actions objects, at any stage of the proceedings, to the designation of a document or testimony as confidential, the parties shall try first to dispose of such dispute in good faith on an informal basis. If the dispute cannot be resolved informally, the objecting party may, on notice to all other parties, apply to the Court for appropriate relief. The supplying party seeking to maintain the confidentiality of the information shall have the burden of establishing

**STIPULATED [PROPOSED] PROTECTIVE AND CONFIDENTIALITY ORDER** -7- (Case No. C-06-3717-MJJ)

1 that the document or testimony is entitled to confidential treatment. If an application to the Court
2 is made, the document or testimony shall continue to be treated as confidential until the Court
3 enters an order determining otherwise.

4     13. Without written permission from the producing party or a court order secured after appropriate notice to all interested persons, a party may not file in the public record in this action any document that reveals any "Confidential" or "Highly Confidential" material. A party that seeks to file under seal any "Confidential" or "Highly Confidential" material must comply with Civil Local Rule 79-5. Each party or non-party that designates information or items for protection under this Order must take care to limit any such designation to specific material that qualifies under appropriate standards. A producing or designating party must take care to designate for protection only those parts of material that qualify so that other portions of the material for which protection is not warranted are not swept unjustifiably with the ambit of this Order. To the extent any briefs, interrogatory responses or expert reports in this action are designated "Highly Confidential" pursuant to this Order, the producing or designating party shall serve with the designated version (or within the next forty-eight hours), redacted versions such that non-highly confidential information may be promptly reviewed by appropriate party personnel consistent with this Order. To the extent a receiving party is dissatisfied with the extent of the redactions, a receiving party may propose a revised redacted version to the producing party's counsel, and the producing or designating party must respond within two days with either an acceptance of the revised redacted version or an explanation as to why the revised redacted version is not accepted (the explanation may include an acceptance of some but not all proposed revisions to the redactions). If the resulting redacted materials are not believed sufficient, and good faith meet/confer negotiations do not resolve the dispute, the receiving party may apply for relief from the Court, and the producing or designating party shall bear the burden of persuasion with respect to the justification for maintaining redactions that are challenged. In addition to the requirements set forth under Civil Local Rule 79-5, a party seeking to file under seal any information under a "Confidential" or "Highly Confidential" designation must: (a) place said information in a sealed envelope; (b) include instructions that the document is filed pursuant to

**STIPULATED [PROPOSED] PROTECTIVE AND CONFIDENTIALITY ORDER**      -8-      (Case No. C-06-3717-MJJ)

MCDERMOTT WILL & EMERY LLP
ATTORNEYS AT LAW
PALO ALTO

the Stipulated Protective and Confidentiality Order and that the envelope is not to be opened absent further order of the court; and (c) label the envelope to identify the title of the case, the case number, and the title of the document.

14. If "Confidential" or "Highly Confidential" material is disclosed at a deposition, only those persons who are authorized by the terms of this Order to receive such material may be present at the deposition. A party, person, or entity wishing to designate deposition testimony as "Confidential" or "Highly Confidential" may so designate it on the record during the deposition or within thirty (30) days after the designating party, person, entity, or his or her counsel, receives the written deposition transcripts, the portions of the deposition transcripts of all testimony so designated may be bound separately by the reporter in booklets bearing the appropriate designation. Access to such portions of this deposition record shall be limited pursuant to the terms of this Order. In addition, the portion of any deposition in which documents designated as containing "Confidential" or "Highly Confidential" information are marked as exhibits or shown to the deponent or otherwise employed shall be considered confidential and subject to the provisions of this Order to the extent that such portion of the transcript contains "Confidential" or "Highly Confidential" information.

15. The inadvertent or unintentional disclosure by the supplying party of confidential information, regardless of whether the information was so designated at the time of the disclosure, shall not be deemed a waiver in whole or in part of a party's claim of confidentiality, either as to the specific information disclosed or as to any other information relating thereto on the same or related subject matter. The inadvertent or unintentional disclosure by the supplying party of information covered by the attorney-client of attorney work product privileges, shall not be deemed a waiver in whole or in part of a party's claim of privilege, provided that if a dispute arises as to whether a privilege attaches to the information at issue, the supplying party shall bear the burden of establishing that such privilege attaches.

16. Within thirty (30) days after the settlement or final adjudication, including appeals, of the action or actions in which the documents have been produced, all "Confidential" or "Highly Confidential" material supplied by the parties and non-parties and all copies thereof shall

1  be returned to the producing party or non-party (if the supplying party so requests within fifteen
2  (15) days of the conclusion of the actions and pays the reasonable costs of such return) or shall be
3  certified to have been destroyed; provided, however, that each party's outside counsel may retain
4  a complete file of all litigation documents filed with the Court in these actions.

5        17.    In order to facilitate third-party discovery, the protections afforded herein shall
6  extend to documents or other things and to testimony provided by or originating from persons,
7  firms, corporations or other entities not a party to this action who designate materials as
8  "Confidential" or "Highly Confidential" in the manner provided in paragraph 4.  Any third-party
9  seeking to obtain these protections must sign a copy of the confidentiality agreement annexed to
10 this Order as Exhibit A.

11       18.    The Court retains jurisdiction even after final disposition of this action for a period
12 of 6 months to enforce this Order and to make such amendments, modifications, deletions or
13 additions to this Order as the Court may from time to time deem appropriate.  The parties hereto
14 reserve all rights to apply to the Court at any time, before or after termination, for an order: (a)
15 modifying this Order; (b) seeking further protection against discovery or other use of
16 "Confidential" or "Highly Confidential" information; or (c) seeking further production,
17 discovery, disclosure or use of claimed "Confidential" or "Highly Confidential" information.

18       IT IS SO STIPULATED.

McDermott Will & Emery LLP
Attorneys At Law
Palo Alto

**STIPULATED [PROPOSED]
PROTECTIVE AND CONFIDENTIALITY
ORDER**    -10-   (Case No. C-06-3717-MJJ)

Dated: February 1, 2007

McDERMOTT WILL & EMERY LLP

By:  /s/ Robert J. Blanch
    Terrence P. McMahon
    Anthony de Alcuaz
    Robert J. Blanch
    Attorneys for Plaintiff
    ARISTOCRAT TECHNOLOGIES
    AUSTRALIA PTY LIMITED AND
    ARISTOCRAT TECHNOLOGIES, INC.

KLARQUIST SPARKMAN, LLP

By:  /s/ Jeffrey S. Love
    Jeffrey S. Love
    Samir N. Pandya
    Garth A. Winn
    Attorneys for Defendant
    INTERNATIONAL GAME
    TECHNOLOGY and
    Defendant/Counterclaimant-Plaintiff
    IGT

ORRICK, HERRINGTON & SUTCLIFFE LLP

By:  /s/ Eric L. Wesenberg
    Eric L. Wesenberg
    Attorney for Defendant
    INTERNATIONAL GAME
    TECHNOLOGY and
    Defendant/Counterclaimant-Plaintiff
    IGT

**STIPULATED [PROPOSED] PROTECTIVE AND CONFIDENTIALITY ORDER**    -11-    (Case No. C-06-3717-MJJ)

McDERMOTT WILL & EMERY LLP
ATTORNEYS AT LAW
PALO ALTO

**ATTESTATION**
CERTIFICATION BY ROBERT J. BLANCH PURSUANT TO GENERAL RULE NO. 45, SECTION X. RE E-FILING ON BEHALF OF MULTIPLE SIGNATORIES

1. I am an attorney licensed to practice law in the state of California, and am a [associate/partner] in the law firm of McDermott Will & Emery LLP, counsel for plaintiff[s] Aristocrat Technologies Australia Pty Limited and Aristocrat Technologies, Inc.. The statements herein are made on my personal knowledge, and if called as a witness I could and would testify thereto.

2. The above e-filed document contains multiple signatures. I declare that concurrence has been obtained from each of the other signatories to file this jointly prepared document with the Court. Pursuant to General Rule No. 45, I shall maintain records to support this concurrence for subsequent production for the Court if so ordered, or for inspection upon request by a party until one year after final resolution of the action (including appeal, if any).

I declare under penalty of perjury under the laws of the state of California that the foregoing is true and correct on this 1st day of February, 2007.

                                              /s/Robert J. Blanch
                                              Robert J. Blanch

# EXHIBIT A

I, _____, state that:

1. My home address is _____
_____.

2. My present employer is _____
_____.

3. My present occupation or job description is _____
_____
_____.

4. I am not working or consulting for any party in the above-captioned lawsuit, except as follows: _____
_____
_____
_____.

5. I have received a copy of the Stipulated Protective and Confidentiality Order (the "Stipulated Protective Order") in the above-captioned lawsuit and I have carefully read and understand the provisions of the Stipulated Protective Order, a copy of which is appended hereto.

6. Counsel for _____ has explained to me my obligations under the Stipulated Protective Order.

7. I will comply with all of the provisions of the Stipulated Protective Order.

8. I will advise any necessary assistant of mine if authorized to receive confidential information under this Protective Order on the nature of any "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" information which I disclose to such assistant and will be responsible for assuring that such assistant complies with the same obligations of confidentiality to which I am hereby agreeing.

9. Upon completion of my work, I will return all "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" information which comes into my possession to counsel for the party by whom I am employed or retained.

STIPULATED [PROPOSED]
PROTECTIVE AND CONFIDENTIALITY ORDER     -13-     (Case No. C-06-3717-MJJ)

10. I further acknowledge that any failure to comply with the Stipulated Protective Order may be punishable as contempt of Court and/or give rise to a claim against me by the party or parties who designated the information as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL."

11. I hereby submit to the jurisdiction of this Court for the purpose of enforcement of this Declaration and Acknowledgement pursuant to the Stipulated Protective Order. If my primary residence is outside the United States, I hereby appoint _____ [print or type full name] of _____ [print or type full address and telephone number] as my California agent for service of process in connection with this action or any proceedings related to enforcement of this Protective Order. The appointment of [print or type full name] as my California agent for service of process shall terminate at the time this litigation concludes.

12. I declare that all statements made herein are true and correct and understand that any willful false statement is punishable by fine and/or imprisonment.

Executed on _____ at _____.

_____
Signature

_____
Name (typed / printed)

McDermott Will & Emery LLP
Attorneys At Law
Palo Alto

**STIPULATED [PROPOSED] PROTECTIVE AND CONFIDENTIALITY ORDER** -14- (Case No. C-06-3717-MJJ)

**ORDER**

IT IS SO ORDERED.

Dated: February 5, 2007

_____
UNITED STATES DISTRICT JUDGE
MARTIN JENKINS

MPK 121624-1.074272.0016

McDermott Will & Emery LLP
Attorneys At Law
Palo Alto

**STIPULATED [PROPOSED] PROTECTIVE AND CONFIDENTIALITY ORDER** -15- (Case No. C-06-3717-MJJ)