1   Lane M. Chitwood (Admitted *Pro Hac Vice*)
    lane.chitwood@klarquist.com
2   Stephanie S. Irvine (Admitted *Pro Hac Vice*)
    stephanie.irvine@klarquist.com
3   Jeffrey S. Love (State Bar No. 195068)
    jeffrey.love@klarquist.com
4   Garth A. Winn (Admitted *Pro Hac Vice*)
    garth.winn@klarquist.com
5   Klarquist Sparkman, LLP
    121 S.W. Salmon Street, Suite 1600
6   Portland, OR 97204-2988
    Telephone:  (503) 595-5300
7   Facsimile: (503) 595-5301

8   Eric L. Wesenberg (State Bar No. 139696)
    ewesenberg@orrick.com
9   Gabriel M. Ramsey (State Bar No. 209218)
    gramsey@orrick.com
10  Orrick, Herrington & Sutcliffe LLP
    1000 Marsh Road
11  Menlo Park, CA 94025
    Telephone:     (650) 614-7400
12  Facsimile:     (650) 614-7401

13  Attorneys for Defendant International Game Technology and
    Defendant/Counterclaim-Plaintiff IGT

14

15                    UNITED STATES DISTRICT COURT

16                   NORTHERN DISTRICT OF CALIFORNIA

17                      SAN FRANCISCO DIVISION

18  ARISTOCRAT TECHNOLOGIES            Case No.  C-06-3717-MJJ (JLL)
    AUSTRALIA PTY LIMITED and
19  ARISTOCRAT TECHNOLOGIES, INC.,
                                       **MOTION FOR SANCTIONS**
20       Plaintiffs and Counterclaim-
         Defendants,
                                       Date:  June 13, 2007
21       v.                            Time: 9:30 a.m.
                                       Courtroom F, 15th Floor
22  INTERNATIONAL GAME                 Magistrate Judge James L. Larson
    TECHNOLOGY,
23
         Defendant                     **REDACTED VERSION FOR PUBLIC
24                                      FILING**
    and IGT,
25
    Defendant and Counterclaim-Plaintiff.
26

27

28

# TABLE OF CONTENTS

Page

I.     INTRODUCTION ......................................................................................... 1

II.    BACKGROUND AND CIRCUMSTANCES ................................................ 3

    A.   Aristocrat's Counsel Interfered With The Deposition By Improperly
Invoking The Attorney Client Privilege And Work Product Doctrine ................. 3

        1.   Abuse Of Attorney Client Privilege ......................................... 3

        2.   Abuse Of Work Product Doctrine ............................................ 5

    B.   Aristocrat's Counsel Interfered With The Deposition By Giving
Instructions Not To Answer With No Identified Grounds ............................. 6

    C.   Aristocrat's Attorney Interfered With The Deposition By Instructing The
Witness Not To Answer With Objections That Have No Bases In The
Federal Rules Of Evidence Or Federal Rules Of Civil Procedure ..................... 8

    D.   Aristocrat's Counsel Interfered With The Deposition By Coaching The
Witness And Other Disruption ............................................................ 10

    E.   At The 30(b)(6) Deposition Regarding Intent, The Witness Was
Unprepared To Testify ..................................................................... 11

    F.   Aristocrat's Counsel Interfered With The Deposition By Unilaterally
Terminating The Deposition And Removing The Witness Prematurely ............. 13

III.   ARGUMENT .............................................................................................. 14

    A.   Aristocrat's Failure To Provide An Adequately Prepared 30(b)(6) Witness
Violated The Rules Of Civil Procedure ................................................. 14

    B.   Aristocrat's Improper Assertion Of The Attorney Client Privilege And
Work Product Doctrine Violated The Rules Of Civil Procedure ..................... 15

    C.   Aristocrat's Unilateral Termination Of The Deposition Violated The Rules
Of Civil Procedure ......................................................................... 16

    D.   Aristocrat Should Be Compelled To Produce An Adequately Prepared
30(b)(6) Witness For Deposition In Portland Oregon .................................. 17

    E.   As A Sanction, Aristocrat Should—At The Very Least—Be Required To
Pay For All Costs And Fees Associated With The Aborted Deposition And
IGT's Motion To Compel .................................................................. 17

    F.   Terminating Sanctions Are Appropriate ................................................ 19

IV.    CONCLUSION ........................................................................................... 20

# TABLE OF AUTHORITIES

## FEDERAL CASES

*Anheuser-Busch, Inc.* v. *Natural Beverage Distribs.*,
   69 F.3d 337 (9th Cir. 1995)...................................................................................19, 20

*Bowoto* v. *ChevronTexaco Corp.*,
   2006 U.S.Dist. LEXIS 36040 (N.D. Cal. 2006)..............................................................14

*FDIC* v. *Butcher*,
   116 F.R.D. 196 (E.D. Tenn. 1986) .........................................................................14, 15

*G-K Properties* v. *Redevelopment Agency of the City of San Jose*,
   577 F.2d 645 (9th Cir. 1978) ...................................................................................19

*Hearst/ABC-Viacom Entertainment Servs.* v. *Goodway Mktg.*,
   *Inc.*, 145 F.R.D. 59 (E.D. Pa. 1992).................................................................16, 17, 18

*Humphreys* v. *Regents of the Univ. of Cal.*,
   2006 U.S.Dist. LEXIS 20151 (N.D. Cal. 2006) .............................................................18

*Leon* v. *IDX Sys. Corp.*,
   464 F.3d 951 (9th Cir. 2006) ...............................................................................18, 19

*Marker* v. *Union Fidelity Life Ins. Co.*,
   125 F.R.D. 121 (M.D.N.C. 1989) .............................................................................17

*Moses* v. *Sterling Commerce*,
   2003 U.S.Dist. LEXIS 13390 (S.D. Ohio 2003).........................................................16, 20

*Neuberger Berman Real Estate Income Fund, Inc.* v. *Lola Brown Trust No. 1B*,
   230 F.R.D. 398 (D. Md. 2005) .....................................................................15, 16, 17, 18

*Securities & Exchange Comm'n* v. *Morelli*,
   143 F.R.D. 42 (S.D.N.Y. 1992) ..............................................................................14

*Status Time Corp.* v. *Sharp Electronics Corp.*,
   95 F.R.D. 27 (S.D.N.Y. 1982).................................................................................16

*Upjohn Co.* v. *United States*,
   449 U.S. 383 (1981).............................................................................................16

## FEDERAL STATUTES

Fed. R. Civ. P. 30, 30(b)      .................................................................1, 2, 9, 10-11, 14-18

Fed. R. Civ. P. 30(d), .........................................................................................17

Fed. R. Civ. P. 37(a)(2)(B) ...................................................................................17

Fed. R. Civ. P. 37(a)(4)........................................................................................18

1

2

3    Fed. R. Civ. P. 37(b) ........................................................................... 19

4    Fed. R. Civ. P. 37(d) ........................................................................... 19

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1   PLEASE TAKE NOTICE that on June 13, 2007, at 9:30 a.m., or as soon thereafter as the

2   matter may be heard in Courtroom F, 15th floor of the United States Courthouse, 450 Golden

3   Gate Avenue, San Francisco, CA 94102, Defendants International Game Technology and IGT

4   (collectively "IGT") will and hereby do move this Court, pursuant to Fed. R. Civ. P. 30 and 37,

5   the Court's inherent authority and Civil L.R. 37-3 and 7-8, for sanctions against Plaintiffs

6   Aristocrat Technologies Australia Pty. Ltd ("ATA") and Aristocrat Technologies, Inc. ("ATI")

7   (collectively "Aristocrat") for its failure to produce an adequately prepared witness pursuant to

8   Fed. R. Civ. P. 30(b)(6) and for its improper conduct at that 30(b)(6) deposition.

9   This Motion is based upon this Notice, the attached Memorandum of Points and

10  Authorities, the Declarations of Eric L. Wesenberg and Gabriel M. Ramsey filed concurrently

11  herewith, excerpts of the Rule 30(b)(6) deposition of Aristocrat taken on April 27, 2007, and on

12  such other evidence or argument as may be presented at or before the hearing on this Motion.

## MEMORANDUM OF POINTS AND AUTHORITIES

### I.   INTRODUCTION

14   A key—perhaps dispositive—issue in this case is Aristocrat's knowledge (direct or

16  imputed), conduct and intent regarding its indisputable 2 1/2 year delay in filing a "petition to

17  revive" a patent application declared abandoned by the United States Patent and Trademark

18  Office ("PTO").  In an effort to resurrect the abandoned application, and to account for its non-

19  compliance with applicable filing requirements, Aristocrat's counsel represented to the PTO, on

20  behalf of Aristocrat, that the entire delay was "unintentional."  This statement had two

21  consequences.  First, it placed in issue Aristocrat's "intent" and "knowledge."  Second, it created

22  a conflict with the public record.  Indeed, the bare facts available in the patent file history reveal

23  Aristocrat's proclamation of "unintentional" delay to be false.

24   On September 19, 2006, IGT filed a motion requesting that the Court hold a limited one-

25  day bench trial on the issue of inequitable conduct, in order to address whether Aristocrat falsely

26  represented to the PTO that its entire delay in prosecution was "unintentional."  [Ramsey Decl.,

27  Ex. C]  Aristocrat opposed that motion by arguing that further discovery was needed and that

28

1   Aristocrat would need to present several fact witnesses regarding its intent. [*Id.*, Ex. D at p. 9]

2   Aristocrat explicitly noted that IGT would need to depose witnesses on the issue of intent. [*Id.*]

3   The Court agreed and declined to proceed with an early trial. [*Id.*, Ex. E]  The Court also was

4   disinclined to resolve anticipated but abstract waiver issues, instead indicating that discovery

5   proceed and that a real record with real questions and honest answers and/or objections be made

6   so there was a record to work with. [*Id.*, Ex. F]

7         Consistent with this approach, IGT noticed a FRCP 30(b)(6) deposition enumerating a

8   variety of topics, including the well-anticipated inquiry regarding abandonment of the application

9   and Aristocrat's intent in delaying its petition to revive.  Aristocrat was to prepare its witness to

10   testify on the noticed topics.  The 30(b)(6) deposition of Aristocrat occurred on April 27, 2007.

11   What ensued can only be described as a charade.  Aristocrat's designated witness—a recent hiree

12   carefully selected to have minimal personal knowledge—was entirely unwilling to provide any

13   meaningful discovery concerning abandonment, the petition to revive or Aristocrat's "intent,"

14   despite the fact that Aristocrat claimed that this was necessary discovery only months before.

15         Instead, Aristocrat's counsel took a series of inexcusable and outrageous positions

16   calculated to obstruct and prevent the discovery of any meaningful information.  Aristocrat's

17   counsel engaged in serial invocation of utterly unsupportable attorney-client privilege and work

18   product instructions not to answer.  Despite repeated requests by IGT's counsel to discontinue the

19   practice, Aristocrat's counsel also provided lengthy narrative objections which were

20   argumentative and obviously designed to coach the witness.  Aristocrat's counsel further

21   proffered objections that find no grounding in the Federal Rules of Evidence or the Federal Rules

22   of Civil Procedure and on occasion seemed wholly made up.  Moreover, the testimony revealed

23   that the witness was deliberately kept ignorant on relevant topics.  Indeed, the witness often

24   testified contrary to the facts and documents produced in this case.  If that weren't enough, hours

25   before the deposition was scheduled to conclude, Aristocrat's counsel unilaterally and without

26   justification got up and removed the witness from the deposition.  IGT's counsel made repeated

27   efforts to resume the deposition including describing to Aristocrat's counsel the intended areas of

28

**MOTION FOR SANCTIONS**
**Case No.  C-06-3717-MJJ**

1   examination and additionally invited Aristocrat's counsel to return to place a final statement on

2   the record in anticipation of this motion.  Aristocrat's counsel refused to make the 30-foot walk

3   from the lobby of his law firm to the conference room in order to put the parties' positions on the

4   record.

5        Aristocrat should be sanctioned in the sternest of terms for this wantonly disrespectful

6   conduct that violated the Rules of Civil Procedure, the Rules of Evidence, the norms and

7   standards of discovery in the Northern District of California, the express statements by this Court

8   that the parties work in a cooperative manner to resolve their disputes and in defiance of the

9   Court's direction that the parties proceed with real discovery, with honest questions and answers,

10  so that any dispute regarding privilege can be meaningfully resolved.  Aristocrat should be

11  required to bear the full cost and fees of this prematurely aborted deposition and IGT's motion to

12  compel further testimony plus the other sanctions set forth at the end of this request for its

13  reprehensible conduct.

14  **II.**   **BACKGROUND AND CIRCUMSTANCES**

15       There can be no substitute for a review of the entire transcript, which IGT attaches as

16  Exhibit A to the Declaration of Gabriel M. Ramsey, in order to obtain a comprehensive

17  appreciation of Aristocrat's inexcusable conduct during this deposition.[1]  However, IGT identifies

18  below, by category, exemplars of the type of behavior exhibited by Aristocrat.

19      **A.**   **Aristocrat's Counsel Interfered With The Deposition By Improperly Invoking**
20           **The Attorney Client Privilege And Work Product Doctrine**

21       Aristocrat's counsel repeatedly abused the invocation of the attorney client privilege and

22  work product doctrine during the deposition.

23         **1.**   **Abuse Of Attorney Client Privilege**

24       Literally, from the very first question of the deposition, to the unilateral termination of the

25  deposition, Aristocrat's counsel serially abused assertion of the attorney client privilege followed

26  by either an instruction not to answer or rank coaching:  The first question of the deposition, and

27  _____
  [1] The video of the deposition is contained on DVDs at Exhibit B to the Ramsey Declaration.

28

1    likely the most anticipated:

2

3                      REDACTED

4

5    [Ramsey Decl., Ex. A at 6:12-18]  This was just the beginning.

6

7    ii

8

9                 REDACTED

10

11    [*Id.* at 12:12-16]  Invocation of the attorney/client communication privilege pervades the

12    transcript.  Remarkably, and tellingly, when the basis of this objection was requested, that too was

13    declared "privileged."  Aristocrat's counsel refused to even allow identification of the purported

14    "attorney" and "client" who participated in the averred privileged communication.

15

16

17

18

19

20                REDACTED

21

22

23

24

25    [*Id.* at 38:1-16]  It became evident as the deposition progressed that often there was no attorney-

26    client communication involved, just as there was no work product involved with these objections.

27    This sort of conduct continued.  At one point, when asked whether :

28 

pi

REDACTED

[*Id.* at 135:5-17; *see also id.* at 133:5-16]

### 2.    Abuse Of Work Product Doctrine

A "work product" objection was even more frequently interjected with no foundation whatsoever.  During the examination one of the few facts that was ascertained was that Aristocrat

REDACTED

[*Id.* at 27:13-15]

REDACTED

**MOTION FOR SANCTIONS**
**Case No.  C-06-3717-MJJ**

anything?" [*Id.* at 29:21-22]  Aristocrat's counsel interposed: "Same objection. I'll instruct you not to answer." [*Id.* at 29:23-24]  As with the attorney client privilege asserted by Aristocrat, when IGT's counsel inquired as to the basis of the invocation of the work product doctrine, Aristocrat's counsel treated the very foundational information itself as privileged and both instructed the witness not to answer and himself refused to provide IGT with the necessary foundational information to evaluate the propriety, or more likely impropriety, of this invocation. An example of that is below.

REDACTED

[*Id.* at 116:5-18, 117:1-6]  Similarly, at several other points in the deposition, when IGT inquired as to whether there was any "anticipation of litigation" forming the basis of a work product objection, Aristocrat's counsel refused to allow the witness to answer.  [*Id.* at 56:4-9; 113:5-114:24; 116:14-18; 135:1-136:3]

**B.**      **Aristocrat's Counsel Interfered With The Deposition By Giving Instructions Not To Answer With No Identified Grounds**

Perhaps the most egregious practice was Aristocrat's counsel's repeated instruction to the witness not to answer, but without any grounds to do so.  For example, such an instruction was given on simple examination about administrative processes for keeping track of patent

1   applications:

2

3

4

5

6   [

7   REDACTED

8

9

10

11

12

13   [*Id.* at 14:10-19]  Shortly after this exchange was the following:

14

15

16

17   REDACTED

18

19   [*Id.* at 16:5-14]

20       Even after the witness had testified using particular terminology, Aristocrat's counsel

21   refused to allow him to testify what he meant:

22

23

24

25

26   REDACTED

27

28

MOTION FOR SANCTIONS
Case No.  C-06-3717-MJJ

1   [*Id.* at 19:21-20:6]  IGT's counsel repeatedly attempted to appreciate whether or not Aristocrat

2   had certain standard operating procedures or common practices against which IGT would at least

3   have established a foundation upon which to examine, explore or challenge what Aristocrat did in

4   this particular circumstance.  Nervous about what this unprepared witness might say, Aristocrat's

5   counsel again would simply instruct the witness not to answer with no identifiable basis.

6

7

8

9                       REDACTED

10

11   th

12

13   [*Id.* at 19:21-20:2]  This happened repeatedly throughout the deposition, preventing meaningful

14   discovery.  [*See id.* at 35:1-23; 139:17-140:5]

15     **C.**     **Aristocrat's Attorney Interfered With The Deposition By Instructing The**

16             **Witness Not To Answer With Objections That Have No Bases In The Federal Rules Of Evidence Or Federal Rules Of Civil Procedure**

17       On numerous occasions, Aristocrat's counsel simply "made up" objections upon which he

18   instructed the witness not to answer.  For example:

19       1.  Perhaps the most bizarre objection declared by Aristocrat's counsel was the instruction

20   to the witness not to answer if in doing so it involved his "mental processes as an attorney at

21   Aristocrat."  It is noteworthy that the objection was technically misplaced as Mr. Power has never

22   been a lawyer at Aristocrat.

23

24                 REDACTED

25   MR. BLANCH:  I'm going to instruct you not to answer that question to the extent that

26   you cannot answer without involving your mental processes as an attorney at Aristocrat.
If you can do it otherwise – otherwise I will instruct you not to answer.

27   THE WITNESS:  Yeah.  No, I won't answer.

28

MR. LOVE:  There's no mental process objection to a question in deposition that allows one to instruct a witness not to answer.

MR. BLANCH:  That's your position, and I'm not going to debate you.  I've given instruction not to answer, and can go right to the Court.

[*Id.* at 137:25-138: 1-13]  So here we are, as Mr. Blanch has requested.

Aristocrat's counsel repeated this instruction not to answer based solely on "mental processes or the thinking of – of Aristocrat personnel . . ."  [*Id.* at 17:3-10; 137:17-138:5 ("mental processes as an attorney at Aristocrat"); 45:4-9 ("I'm not going to allow you to go – answer any questions as to your mental processes or things like that"); 140:7-141:15 ("mental process" of "an Aristocrat legal person.")]  This is not a legally cognizable basis to instruct a witness not to answer.

2.  On one occasion, Aristocrat's counsel instructed the witness not to answer "because there's – there are ambiguities in the question."  [*Id.* at 115:8-13]


# REDACTED

[*Id.* at 15:7-12; 15:24-16:3]

4.  Aristocrat's counsel repeatedly invoked an objection to a line of questioning as "just basically a memory test." [*Id.* at 7:24-25; 63:5-7]  Suggesting somehow that the witness' memory is not a legitimate area of inquiry.

5.  Mr. Blanch also repeatedly objected to any inquiry regarding what the witness understood the term "hyperlink" to mean, despite the fact that this witness had already taken a position on that question.  Aristocrat's counsel's effort to instruct the witness not to answer these lines of questioning took on incomprehensible characteristics.  As demonstrated by the following conflated and obscure objection.

MR. BLANCH:  Objection.  I have to get in here.  Objection.  Assumes facts beyond the scope of the Rule 30(b)(6) deposition topic.

1    [*Id.* at 109:5-8]  None of the foregoing objections are based on the Federal Rules, and alleged

2    "ambiguity" is certainly not a basis to instruct the witness not to answer.

3       **D.    Aristocrat's Counsel Interfered With The Deposition By Coaching The**
        **Witness And Other Disruption**

4

5       Aristocrat's counsel repeatedly attempted to "coach" the witness and made long speaking

6    objections:

7

8                              REDACTED

9

10   [*Id.* at 6:12-18]  This kind of speaking objection occurred repeatedly.  [*See e.g. id.* at 17:3-10;

11   48:22-25; 49:21-50:12]

12      Aristocrat's counsel interrupted questioning to insist that IGT's counsel ask particular

13   questions preferred by Aristocrat:

14

15      Q.  Who would be the second most knowledgeable person at Aristocrat relating to
        that topic?

16      A.  I don't know.

17      MR. BLANCH:  Jeff, you might also just want to ask the general question when
        Aristocrat first learned of this issue, but, in any event, that's your call.

18   [*Id.* at 9:12-17; *see also* pp. 103-104 ("objecting" to questions about U.S. sales of Aristocrat

19   products, providing extensive commentary and directing IGT's counsel to show the witness

20   documents, instead of asking the pending question)]

21      Moreover, Aristocrat's counsel made objections that seemed simply directed at disrupting

22   the proceeding.  For example, despite the fact that "Topic No. 1" related to abandonment of the

23   application and knowledge of that by Aristocrat and its agents, the attorney repeatedly objected to

24   questions directed simply at identifying who was at Aristocrat during the time of abandonment as

25   purportedly "[b]eyond the scope of the Rule 30(b)(6) deposition."  [*Id.* at 22:7-14]  Similarly,

26   when IGT asked who was most knowledgeable person regarding conception and reduction to

27   practice—which was explicitly Topic 12 of the deposition—Aristocrat's counsel objected that it

28

**MOTION FOR SANCTIONS**
**Case No. C-06-3717-MJJ**

1  was "[b]eyond the scope of the Rule 30(b)(6) deposition." [*Id.* at 61:24-62:10]

2  Aristocrat's counsel even made what seem to be prophylactic objections proffered before

3  there were any pending questions, solely to disrupt the deposition. [*Id.* at 46:19] The objections

4  also went to "potential" and not actual issues. [*Id.* at 115:15-16, 118:23-24]

5  E.    **At The 30(b)(6) Deposition Regarding Intent, The Witness Was Unprepared**
       **To Testify**

6

7  Aristocrat's 30(b)(6) designee, Mr. Kieran Power, was made available to testify on behalf

8  of Aristocrat on each of 14 topics noticed by IGT. [Ramsey Decl., Exs. G, H] Aristocrat's

9  witness testified that he was familiar with the deposition topics set forth in the 30(b)(6) deposition

10 notices to the Aristocrat entities and that he was present to testify as a witness for them on those

11 topics. [*Id.*, Ex. A at 31:2-33:25] However, he was entirely unprepared to do so.

12 **Topic 1:** For example, the witness was unprepared on Topic No. 1, regarding Aristocrat's

13 abandonment of the application.

14                                                                                    at

15

16

17                        REDACTED

18

19

20

21 35:1-38:16; 128:1-8]

22 **Topic 2:** The witness was unprepared as to Topic 2, concerning an unsigned inventorship

23

24                                                                                    d

25                        REDACTED

26

27

28

**MOTION FOR SANCTIONS**
Case No. C-06-3717-MJJ

1   b·

2   te            REDACTED

3   [·

4        **Topic 3:**  The witness was similarly unprepared with respect to Topic No. 3, concerning

5   delay in filing a petition to revive and Aristocrat's knowledge on the subject.  The witness refused

6   to provide any information at all:

7

8

9

10

11   .

12

13

14

15

16                REDACTED

17

18

19   ɛ

20   ⁚⁚

21

22

23   ⸳⸳

24   ʋ

25   8

26        **Topic 10:**  The witness was unprepared to testify as to Topic 10, concerning the

27   introduction and commercial success or failure in the U.S. of Aristocrat's games practicing the

28

1   asserted patents and associated efforts to obtain regulatory approval. IGT asked what was the

2   i;

3   d·

4   gα

5   l

6   su·

7   c·

REDACTED

8   **Topic 11:** Topic 11 expressly asked for information about assignments, licenses or

9   covenants not to sue regarding the asserted patents. The witness testified that he had not

10   ι

11

12

13

REDACTED

14

15                                                      ·····  ····  ··μεαρeable about

16

17   **Remaining Topics:** It is likely that the witness was similarly unprepared on the other

18   noticed topics. However, as discussed below, Aristocrat terminated the deposition early and

19   explicitly denied IGT the opportunity to further explore the foregoing or any other topics. [*Id.* at

20   157:11-159:22]

21   **F.**   **Aristocrat's Counsel Interfered With The Deposition By Unilaterally**
        **Terminating The Deposition And Removing The Witness Prematurely**

22

23        At approximately 2:16 p.m., shortly after the lunch break as IGT was continuing its

24   questioning, counsel for Aristocrat suddenly and unilaterally terminated the deposition. IGT's

25   counsel stated that there were further questions that he intended to ask, but Aristocrat's counsel

26   nonetheless repeated "The depo is over" and left the room with the witness. [*Id.* at 155:22-

27   159:22] However, Aristocrat's counsel refused to discuss the issue at all on the record. [*Id.* at

28   158:10-159:9]

1    Counsel for IGT met with Aristocrat's counsel in the lobby of the law firm, requesting

2    that he return with the witness to continue the deposition.  Counsel for IGT made it clear that he

3    wished to walk through the noticed topics, ask the witness about his preparation on the topics and

4    what he learned from the sources of his preparation.  Nonetheless, Aristocrat's counsel refused to

5    continue the deposition or even return to the conference room, only about 30 feet away, to place

6    Aristocrat's position on the record. [*Id.* at 158:10-159:22]

7    Shedding light on this event is the fact that during a subsequent meet and confer,

8    Aristocrat's counsel told IGT's counsel that the deposition strategy was to set up a motion for a

9    protective order.  This confirmed statements to the same effect made by Mr. Blanch during a

10   break in the deposition.  [Wesenberg Decl., ¶¶2-5]

## III.  **ARGUMENT**

### A.   **Aristocrat's Failure To Provide An Adequately Prepared 30(b)(6) Witness Violated The Rules Of Civil Procedure**

14   Under Rule 30(b)(6), when a party seeking to depose a corporation properly notices the

15   subject matter of the proposed deposition, the corporation must produce a witness familiar with

16   that subject.  *See* Fed. R. Civ. P. 30(b)(6);  James Wm. Moore et al., Moore's Federal Practice, ¶

17   30.25[3] (3d ed. 1998).  To satisfy Rule 30(b)(6), the corporate deponent has an affirmative duty

18   to make available "such number of persons as will" be able "to give complete, knowledgeable

19   and binding answers" on its behalf. *Securities & Exchange Comm'n v. Morelli*, 143 F.R.D. 42,

20   45 (S.D.N.Y. 1992) (quotations omitted); *see* Moore's Federal Practice, at ¶30.25.  It has been

21   observed that "a corporation has a duty to educate its witnesses so they are prepared to fully

22   answer the questions posed at the deposition."  *Bowoto v. ChevronTexaco Corp.*, 2006 U.S. Dist.

23   LEXIS 36040, *4 (N.D. Cal. 2006).  Accordingly, it is a violation of the foregoing requirement

24   where a corporate deponent fails to designate a knowledgeable witness on the noticed topics. *See*

25   *e.g. FDIC v. Butcher* 116 F.R.D. 196, 201 (E.D. Tenn. 1986).

26   Aristocrat failed entirely to provide a witness capable of providing "complete,

27   knowledgeable and binding answers" during the April 27, 2007 deposition.  The witness did little

28   to no preparation on the noticed topics, did not review relevant documents or discuss noticed

**MOTION FOR SANCTIONS**
Case No. C-06-3717-MJJ

1 topics with those most knowledgeable.  Consequently, the witness was wholly unprepared.

2 N                                                                                              —

3 a                    REDACTED                                              itical

4 e                                                                                     even

5 know who was at Aristocrat during that time.  Aristocrat's tactic of designating such a witness is

6 improper.  *See FDIC*, 116 F.R.D. at 201 (designation of a junior employee with no knowledge of

7 the facts was inappropriate).  With tacit approval by Aristocrat's counsel, the witness was evasive

8 denying that he knew the relationship between the two Plaintiffs that he appeared on behalf of.

9 Only after follow-up did he admit one was a subsidiary of the other.  [*Id.* at 31:24-33:2]  The

10 witness admitted not checking the database in preparation for the deposition although noting it

11 contained the most relevant information on the issue of abandonment.  [*Id.* at 48:18-49:20]

12     This is particularly egregious given that last fall Aristocrat asserted the necessity of

13 discovery concerning its intent to avoid an early trial on inequitable conduct.  Yet now in its

14 30(b)(6) deposition, Aristocrat refuses to provide any discovery in this regard, instead relying

15 solely on the contents of the prosecution history.  For example when asked:  "[w]hy did it take

16 two-and-a-half years to file a petition to revive the '215 patent application," Aristocrat's counsel

17 interposed a privilege objection and the witness would only answer "based on what's in the file

18 wrapper."  [*Id.* at 6:11-20]  Aristocrat's failure to prepare its witness on the relevant topics

19 amounts to a complete denial of any meaningful discovery to IGT.

20     **B.     Aristocrat's Improper Assertion Of The Attorney Client Privilege And Work
21     Product Doctrine Violated The Rules Of Civil Procedure.**

22     Federal Rule of Civil Procedure 30 governs the deposition process.  During a deposition, a

23 defending attorney may object from time to time based on relevance, form of the question, etc.

24 but the deponent must answer the question, as no judge is present to rule on the objection.  *See*

25 *Neuberger Berman Real Estate Income Fund, Inc. v. Lola Brown Trust No. 1B*, 230 F.R.D. 398,

26 420-422 (D. Md. 2005).  Counsel should not instruct the deponent to not answer except in very

27 limited circumstances because of the disruption it causes.  *Id.*; Fed. R. Civ. P. 30 advisory

28 committee notes ("Directions to a deponent not to answer a question can be even more disruptive

**MOTION FOR SANCTIONS**
**Case No. C-06-3717-MJJ**

-15-

than objections."). Rule 30(d)(1) explicitly states: "Any objection during a deposition must be stated concisely and in a non-argumentative and non-suggestive manner. A person may instruct a deponent not to answer only when necessary to preserve a privilege, to enforce a limitation directed by the court, or to present a motion under Rule 30(d)(4)."

During the April 27, 2007 deposition, Aristocrat's counsel made a mockery of these rules, repeatedly instructing the witness not to answer based on "attorney client privilege" and "work product" objections when there was clearly no basis to do so, or based on wholly concocted objections, or upon no basis at all.[2] This is all a violation of Rule 30.

## C.   Aristocrat's Unilateral Termination Of The Deposition Violated The Rules Of Civil Procedure.

IGT had the right to depose Aristocrat's witness on the noticed topics for at least the full day of testimony requested in the deposition notice. Aristocrat's counsel's unilateral termination of the deposition and removal of the witness was completely inappropriate. Courts have found that refusal to answer deposition questions and unilateral termination of a deposition is an abuse of discovery. *See e.g. Moses v. Sterling Commerce*, 2003 U.S. Dist. LEXIS 13390, *7-8 (S.D. Ohio 2003) (dismissing case as a sanction for repeated discovery abuse, including refusal to answer deposition questions and terminating deposition prematurely); *Hearst/ABC-Viacom Entertainment Servs. v. Goodway Mktg., Inc.*, 145 F.R.D. 59, 62 (E.D. Pa. 1992) (counsel "went so far as to arrogate to himself the right to terminate the examination in a unilateral fashion without consideration of the applicable legal authority . . . This tactic contravenes the requirement that an application to terminate must be made to the court.")

There was absolutely no valid basis for Aristocrat to deprive IGT of discovery in this way,

---

[2] *See e.g. Upjohn Co. v. United States*, 449 U.S. 383, 395 (1981) (privilege "does not protect disclosure of the underlying facts by those who communicated with the attorney"); *Neuberger Berman Real Estate Income Fund, Inc.*, 230 F.R.D. at 423 (finding that mere "mental impressions" of an attorney "does not substantiate the assertion of either attorney-client privilege or work-product doctrine."); *Status Time Corp. v. Sharp Electronics Corp.*, 95 F.R.D. 27, 28-29, 32-33 (S.D.N.Y. 1982) (work product doctrine does not extend to patent prosecution). Further Aristocrat has waived any attorney client privilege, as set forth more fully in IGT's motion to compel further 30(b)(6) testimony, filed concurrently herewith, and incorporated by reference.

1   and such conduct violates the Rules of Civil Procedure.

2   **D.    Aristocrat Should Be Compelled To Produce An Adequately Prepared**
3          **30(b)(6) Witness For Deposition In Portland Oregon**

4          Where a 30(b)(6) witness is inadequately prepared, fails to answer questions on the

5   noticed topics, and where counsel improperly invokes the attorney client privilege and work

6   product doctrine and terminates the deposition, the Court may order that the corporate deponent

7   provide a more adequately prepared witness for further deposition on the noticed topics and on

8   the matters with respect to which privilege was improperly asserted.  Rule 30(d)(3) provides that

9   "[i]f the court finds that any impediment, delay, or other conduct has frustrated the fair

10  examination of the deponent, it may impose upon the persons responsible an appropriate sanction

11  . . ."  *See* Fed. R. Civ. P. 30(d)(3); Fed. R. Civ. P. 37(a)(2)(B), (a)(3) (authority to compel

12  testimony where deponent fails to provide or provides only an evasive or incomplete deposition

13  answer); *Marker v. Union Fidelity Life Ins. Co.*, 125 F.R.D. 121, 126 (M.D. N.C. 1989);

14  *Neuberger Berman Real Estate Income Fund, Inc.*, 230 F.R.D. at 424 (ordering reproduction of

15  witnesses to answer questions to which privilege improperly asserted during prior deposition);

16  *Hearst/ABC-Viacom Entertainment Services*, 145 F.R.D. at 63-64 (same; where counsel

17  unilaterally terminated deposition).

18          Given Aristocrat's complete failure to provide an adequately prepared witness on any of

19  the noticed topics, it should be ordered to make available a witness with full and complete

20  knowledge of the topics.  As a sanction, the Court should further order that the continued

21  deposition take place in Portland, Oregon, where IGT's lead counsel is located, with strict

22  instructions to Aristocrat's counsel not to disrupt the proceedings as described herein.

23  **E.    As A Sanction, Aristocrat Should—At The Very Least—Be Required To Pay**
24        **For All Costs And Fees Associated With The Aborted Deposition And IGT's**
      **Motion To Compel.**

25          Monetary sanctions are available for impeding, delaying or frustrating the fair

26  examination of the deponent.  *See* Fed. R. Civ. P. 30(d)(3).  Similarly, Rule 37(a) provides that if

27  a party is successful on a motion to compel compliance with Rule 30(b)(6), monetary sanctions

28

**MOTION FOR SANCTIONS**
**Case No.  C-06-3717-MJJ**

1    are available. *See* Fed. R. Civ. P. 37(a)(4)(A).[3]  Further, pursuant to its "inherent powers" the

2    Court may award monetary sanctions against a party or counsel where the party "demonstrates

3    bad faith by delaying or disrupting the litigation." *Leon v. IDX Sys. Corp.*, 464 F.3d 951, 961 (9th

4    Cir. 2006).

5            Aristocrat did not conduct any preparation of its 30(b)(6) witness, instead providing an

6    employee who was unable to testify in any significant way as to any of the noticed topics.  This,

7    in itself, is contrary to the purpose of Rule 30(b)(6) warranting sanctions.  Counsel for Aristocrat

8    repeatedly interfered with the testimony of the witness.  He repeatedly instructed the witness not

9    to answer, based on wholly concocted objections not recognized by the Federal Rules or without

10   even stating any objection at all.  He improperly invoked the attorney client privilege and work

11   product doctrine constantly throughout the short-lived deposition and instructed the witness not to

12   answer, even though the questions elicited only unprivileged facts.  This was abusive.  He

13   interrupted questioning, demanding that counsel ask the questions and review the documents that

14   Aristocrat wanted the witness to testify about, and otherwise interposed objections simply to

15   obstruct testimony.  Finally, Aristocrat's counsel unilaterally removed the witness from the

16   deposition with no basis to do so.

17           Each of these reasons independently supports an award of sanctions.  Aristocrat's conduct

18   was carried out in bad faith, and was not "substantially justified."  Imposition of monetary

19   sanctions is just, as it would further the policies of Rule 30(b)(6) and the orderly administration of

20   discovery.  *See Humphreys v. Regents of the Univ. of Cal.*, 2006 U.S. Dist. LEXIS 20151, *7-8

21   (N.D. Cal. 2006) (where counsel unjustified in instructing witness not to answer questions, fees

22   and costs associated with motion to compel and deposition expenses awarded as a sanction);

23   *Neuberger Berman Real Estate Income Fund, Inc.*, 230 F.R.D. at 424 (granting costs and fees for

24   motion to compel where counsel for deponent improperly asserted privilege at deposition);

25   *Hearst/ABC-Viacom Entertainment Services*, 145 F.R.D. at 63-64 (defendants and counsel

---

26   [3] The only exceptions to Rule 37 sanctions are where the party opposing the motion was
27   "substantially justified" in their actions or where such an award would be "unjust."  Neither
     exception applies here.

28

1 | ordered to pay reasonable expenses, including attorneys' fees, for motion to compel made after

2 | counsel unilaterally terminated deposition).

3

4 | $.

5 | # REDACTED

6

7

8 | ### F.   <u>Terminating Sanctions Are Appropriate</u>

9 | One available remedy for egregious discovery violations is the termination of a plaintiff's

10 | case. Fed. R. Civ. P. 37(b)(2); *G-K Properties v. Redevelopment Agency of the City of San Jose*,

11 | 577 F.2d 645, 647 (9th Cir. 1978). ("Where it is determined that counsel or a party has acted

12 | willfully or in bad faith in failing to comply with rules of discovery or with court orders enforcing

13 | the rules or in flagrant disregard of those rules or orders, it is within the discretion of the trial

14 | court to dismiss the action or to render judgment by default against the party responsible for

15 | noncompliance."). Rule 37(d) provides that where a 30(b)(6) witness fails to appear at

16 | deposition, after being served with proper notice, the court may dismiss the action as a sanction.

17 | Fed. R. Civ. P. 37(d), 37(b)(2). Further, dismissal is an available sanction pursuant to the court's

18 | "inherent power" when "a party has engaged deliberately in deceptive practices that undermine

19 | the integrity of judicial proceedings" and has abused the discovery process in bad faith. *Leon v.*

20 | *IDX Sys. Corp.*, 464 F.3d 951, 958 (9th Cir. 2006); *Anheuser-Busch, Inc. v. Natural Beverage*

21 | *Distribs.*, 69 F.3d 337, 348-349 (9th Cir. 1995).

22 | The remedies discussed above are a minimum sanction. Aristocrat's conduct during the

23 | 30(b)(6) deposition warrants termination of Aristocrat's case. Aristocrat put the topic of its

24 | "intention" at issue when it told the PTO that its delay was purportedly "unintentional." When

25 | IGT wished to resolve this issue in an early trial, Aristocrat complained that substantial discovery

26 | on its "intent" was required. Yet, when Aristocrat is deposed as to its corporate knowledge and

27 | contentions, it is not an understatement to say it provided no answers at all. Rather, its attorney

28

**MOTION FOR SANCTIONS**
**Case No. C-06-3717-MJJ**

simply made up objections, misused purported "privileges" at every turn, and repeatedly instructed the witness not to answer at all.  Quite literally, opening the transcript and reading any three, four or five pages will reveal such improper tactics, and IGT invites the Court to do so. [*See* Ramsey Decl., Ex. A]

Aristocrat's bad faith obstruction of all discovery on a central issue, which it has conceded IGT is entitled to discovery on constitutes precisely the kind of conduct supporting terminating sanctions.  *See Anheuser-Busch, Inc.*, 69 F.3d at 348-349 (terminating sanctions warranted where bad faith misconduct "threatens to interfere with the rightful decision of the case.").  Indeed, IGT has been and will be substantially prejudiced by Aristocrat's obstruction and refusal to provide details regarding its knowledge and intent regarding its abandoned patent application and petition to revive.  IGT respectfully requests that this issue be referred to the District Court, for consideration of the issue of terminating sanctions.  *See e.g. Moses*, 2003 U.S. Dist. LEXIS 13390 at *7-8 (dismissing case as a sanction for egregious discovery abuse, including refusal to answer deposition questions and terminating deposition prematurely).

## IV.   **CONCLUSION**

Based on the foregoing, IGT respectfully requests that the Court order the further deposition of Aristocrat and provide the additional sanctions requested herein.

Dated this 12th day of May, 2007

By:  /s/ Gabriel M. Ramsey
Lane M. Chitwood (Admitted *Pro Hac Vice*)
lane.chitwood@klarquist.com
Stephanie S. Irvine (Admitted *Pro Hac Vice*)
stephanie.irvine@klarquist.com
Jeffrey S. Love (State Bar No. 195068)
jeffrey.love@klarquist.com
Garth A. Winn (Admitted *Pro Hac Vice*)
garth.winn@klarquist.com
Klarquist Sparkman, LLP
121 S.W. Salmon Street, Suite 1600
Portland, OR  97204-2988
Telephone:  (503) 595-5300
Facsimile:  (503) 595-5301

**MOTION FOR SANCTIONS**
**Case No.  C-06-3717-MJJ**

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Eric L. Wesenberg (State Bar No. 139696)
ewesenberg@orrick.com
Gabriel M. Ramsey (State Bar No. 209218)
gramsey@orrick.com
Orrick, Herrington & Sutcliffe LLP
1000 Marsh Road
Menlo Park, CA 94025-1015
Telephone: (650) 614-7400
Facsimile: (650) 614-7401

Attorneys for Defendant International Game
Technology and Defendant/Counterclaim-Plaintiff
IGT

## <u>CERTIFICATE OF SERVICE</u>

The undersigned hereby certifies that on May 14, 2007 a true copy of the **MOTION FOR**

**SANCTIONS** was served by electronic mail to the following:

Terrence P. McMahon
tmcmahon@mwe.com
Anthony de Alcuaz
adealcuaz@mwe.com
Robert Blanch
rblanch@mwe.com
McDermott Will & Emery LLP
3150 Porter Drive
Palo Alto, California  94041

Attorneys for Plaintiffs and Counterclaim-Defendants,
Aristocrat Technologies Australia Pty Limited and Aristocrat Technologies, Inc.

_/s/ Willette Tarvins_____