IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ARISTOCRAT TECHNOLOGIES ET AL, | No. C06-03717 MJJ |
| Plaintiff, | **ORDER GRANTING STAY OF JUDGMENT PENDING APPEAL AND REQUIRING SECURITY** |
| v. | |
| INTERNATIONAL GAME TECHNOLOGY ET AL, | |
| Defendant. | |

## INTRODUCTION

Before the Court is Plaintiffs Aristocrat Technologies Australia PTY Limited and Aristocrat Technologies, Inc.'s (collectively, "Plaintiffs") Motion to Stay Enforcement of Judgment Pending Appeal and for Approval of Security. (Docket No. 400.) Defendants International Game Technology and IGT (collectively, "Defendants") oppose the Motion. For the following reasons, the Court **GRANTS** the Motion, and **ORDERS** Plaintiffs to post a supersedeas bond to stay the judgment.

## FACTUAL BACKGROUND

On September 11, 2007, the Court entered final judgment in this patent action in favor of Defendants. Plaintiffs filed a notice of appeal with the U.S. Court of Appeals for the Federal Circuit on September 12, 2007. On October 9, 2007, pursuant to the parties' stipulation as to the amount of costs, the Court awarded costs to Defendants in the amount of $19,419.16. (*See* Docket No. 391.) Plaintiffs now seek to stay enforcement of the judgment pending appeal without posting security. If,

however, the Court requires security, Plaintiffs request that they be required to post 125% of the cost award, or $24,273.95 in an escrow account, or in the alternative, post a supersedeas bond in the same amount.

## LEGAL STANDARD

Federal Rule of Civil Procedure 62(d) allows for a stay of the execution of a final judgment pending appeal when the moving party posts a supersedeas bond. Rule 62(d) states:

> If an appeal is taken, the appellant may obtain a stay by supersedeas bond, except in an action described in Rule 62(a)(1) or (2). The bond may be given upon or after filing the notice of appeal or after obtaining the order allowing the appeal. The stay takes effect when the court approves the bond.

Fed. R. Civ. P. 62(d). The Court, however, has discretion to stay execution of a judgment without security or with an alternate form of security. *See Federal Prescription Serv., Inc. v. American Pharm. Ass'n*, 636 F.2d 755, 761 (D.C. Cir. 1980) (holding that Rule 62(d) does not limit the district court's exercise of its sound discretion to issue unsecured stays); *Telemeter v. Hamlin Int'l Co.*, 754 F.2d 1492, 1495 (9th Cir. 1985) (explaining that the court has discretion to allow forms of security other than a supersedeas bond).

## ANALYSIS

Plaintiffs assert that there is no dispute that they can pay the modest costs awarded in this case if their appeal is unsuccessful. Plaintiffs submit evidence that Aristocrat Technologies, Inc. is one of the largest gaming companies in the U.S. with revenues for the first half of 2007 of $565,845,000 and net profits for the first half of 2007 of $126,148,000. (*See* Ellman Decl., Exh. C at 1.) Defendants do not dispute this or offer alternate evidence. Thus, it is clear that Plaintiffs have sufficient funds to guarantee the payment of costs in this action.

Defendants argue, however, that the Court does not have discretion to grant a stay unless Plaintiffs post security, preferably in the form of a supersedeas bond. As noted above, the Court does indeed have this discretion. *See Telemeter*, 754 F.2d at 1495. In addition, Defendants contend that because Plaintiffs can easily pay the costs, they should be required to post a bond. Defendants also argue that establishing an escrow account would add unwarranted complexity and substantial expense for Defendants in reviewing and negotiating the terms of a satisfactory escrow agreement.

Finally, Defendants take issue with the cases relied upon by Plaintiffs. Specifically,

2

Plaintiffs cite *American Color Graphics v. Travelers Prop. Cas. Ins. Co.*, No. 04-3518, 2007 WL 1520952 (N.D. Cal. May 23, 2007), for the proposition the court may allow a stay without security when there is no dispute that the party requesting the stay will be able to pay the judgment. (*See* Mem. of P. & A. at 3.) Defendants correctly point out that the court in *American Color* granted the stay in part because there was no opposition to the motion, not simply because the party's ability to pay was undisputed. *See American Color*, No. 04-3518, 2007 WL 1520952, at *2. Given Defendants' opposition to this Motion, this matter is not on all fours with *American Color Graphics*.

The Court therefore finds that because of Defendants' opposition to this Motion, the potential for further litigation regarding the terms of an escrow account, and Plaintiffs' financial ability to post a bond, a stay of the costs award pending appeal is appropriate, but Plaintiff shall post a supersedeas bond of $24,273.95 as security.

**CONCLUSION**

For the foregoing reasons, the Court **GRANTS** Plaintiffs' Motion to Stay Enforcement of Judgment Pending Appeal, **ORDERS** that the execution of the cost award of $19,419.16 be stayed pending Plaintiffs' appeal and **ORDERS** Plaintiffs to post a supersedeas bond in the amount of $24,273.95. The Court further **VACATES** the January 15, 2007 hearing in this matter.

**IT IS SO ORDERED.**

Dated: January 9, 2008

MARTIN J. JENKINS
UNITED STATES DISTRICT JUDGE