Robert T. Cruzen (Admitted *Pro Hac Vice*)
rob.cruzen@klarquist.com
Stephanie S. Irvine (Admitted *Pro Hac Vice*)
stephanie.irvine@klarquist.com
Jeffrey S. Love (State Bar No. 195068)
jeffrey.love@klarquist.com
Garth A. Winn (Admitted *Pro Hac Vice*)
garth.winn@klarquist.com
KLARQUIST SPARKMAN, LLP
121 S.W. Salmon Street, Suite 1600
Portland, OR  97204-2988
Telephone:  (503) 595-5300
Facsimile:  (503) 595-5301

Eric L. Wesenberg (State Bar No. 139696)
ewesenberg@orrick.com
Gabriel M. Ramsey (State Bar No. 209218)
gramsey@orrick.com
ORRICK, HERRINGTON & SUTCLIFFE LLP
1000 Marsh Road
Menlo Park, CA  94025-1015
Telephone: (650) 614-7400
Facsimile: (650) 614-7401

*Attorneys for Defendants*
INTERNATIONAL GAME TECHNOLOGY and IGT

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**SAN JOSE DIVISION**

| | |
|---|---|
| ARISTOCRAT TECHNOLOGIES AUSTRALIA PTY LIMITED and ARISTOCRAT TECHNOLOGIES, INC., <br><br>     Plaintiffs, <br><br>      v. <br><br> INTERNATIONAL GAME TECHNOLOGY and IGT, <br><br>     Defendants. | Case No.:  C-06-3717-RMW (RS) <br><br> **DEFENDANTS' NOTICE OF MOTION AND MOTION FOR SUMMARY JUDGMENT OF NON-INFRINGEMENT** <br><br> Date:           April 10, 2009 <br> Time:          9:00 a.m. <br> Department: Room 6, 4th Floor, San Jose <br> Judge:         Ronald J. Whyte |

IGT'S MOTION FOR SUMMARY
JUDGMENT OF NON-INFRINGEMENT

Case No.:  C-06-3717-RMW (RS)

# **TABLE OF CONTENTS**

Page

NOTICE OF MOTION AND MOTION ........................................................................................iii

STATEMENT OF RELIEF SOUGHT ..........................................................................................iii

MEMORANDUM OF POINTS AND AUTHORITIES ................................................................. 1

I.   INTRODUCTION ............................................................................................................... 1

II.  FACTUAL BACKGROUND.............................................................................................. 1

   A.   Each Claim Of The Asserted Patents Requires Multiple Actors .............................. 2

   B.   Aristocrat Concedes That Each Claim Requires Multiple Actors ............................ 4

   C.   A "Wager" For A "Prize" Necessarily Requires Multiple Actors............................ 5

III. ARGUMENT ....................................................................................................................... 5

IV.  CONCLUSION.................................................................................................................... 8

# TABLE OF AUTHORITIES

Page

**Cases**

*Anderson v. Liberty Lobby, Inc.*,
    477 U.S. 242 (1986) ................................................................................................................ 7

*BMC Resources, Inc. v. Paymentech, L.P.*,
    498 F.3d 1373 (Fed. Cir. 2007) ............................................................................................... 1

*Emtel, Inc. v. LipidLabs, Inc.*,
    583 F. Supp. 2d 811 (S.D. Tex. 2008) .................................................................................... 8

*Global Patent Holdings, LLC v. Panthers BRHC LLC*,
    586 F. Supp. 2d 1331 (S.D. Fla. 2008) ................................................................................... 7

*Keithley v. Homestore.com, Inc.*,
    2008 WL 4962885 (N.D. Cal. 2008) ...................................................................................... 8

*Muniauction, Inc. v. Thomson Corp.*,
    532 F.3d 1318 (Fed. Cir. 2008) ........................................................................................ passim

**Rules**

Fed. R. Civ. P. 56 ........................................................................................................................ iii, 7

Local Rule 56 .................................................................................................................................. iii

## NOTICE OF MOTION AND MOTION

TO ALL PARTIES AND COUNSEL OF RECORD:

PLEASE TAKE NOTICE THAT at 9:00 a.m. on April 10, 2009, at the United States Courthouse, 280 S. 1st St., Courtroom 6, Fourth Floor, San Jose, California 95113, or as soon thereafter as is practicable, Defendants International Game Technology and IGT will and hereby do move this Court for an Order under Rule 56(b) of the Federal Rules of Civil Procedure rendering summary judgment in favor of Defendants and against Plaintiffs Aristocrat Technologies Australia Pty Limited and Aristocrat Technologies, Inc. (collectively "Aristocrat"), dismissing Plaintiffs' claims with prejudice and declaring that Defendants do not infringe any claim of U.S. Patent Nos. 7,056,215 and 7,108,603.

The Motion is based on this Notice of Motion and Motion, the Points and Authorities provided herein, Fed. R. Civ. P. 56, Local Rule 56, the Declaration of Robert T. Cruzen filed herewith, all pleadings and papers on file in this action, and such other matters, argument or authorities as may be adduced in further briefing and presented to the Court at the time of hearing.

## STATEMENT OF RELIEF SOUGHT

IGT and International Game Technology respectfully request that the Court grant summary judgment in their favor, and against Aristocrat, dismissing Plaintiffs' patent infringement claims with prejudice and declaring on IGT's First Counterclaim that:

(1) IGT does not infringe any Claim of the U.S. Patent No. 7,056,215 (the '215 patent); and

(2) IGT does not infringe any Claim of the U.S. Patent No. 7,108,603 (the '603 patent).

IGT'S MOTION FOR SUMMARY JUDGMENT OF NON-INFRINGEMENT    - iii -    Case No.: C-06-3717-RMW (RS)

# MEMORANDUM OF POINTS AND AUTHORITIES

## I. INTRODUCTION

Where more than one party is required to infringe a patent claim, infringement can be found only if one party controls or directs the others. *BMC Resources, Inc. v. Paymentech, L.P.*, 498 F.3d 1373, 1378–79 (Fed. Cir. 2007). Recently, the Federal Circuit clarified the level of control or direction required: "the control or direction standard is satisfied in situations where the law would traditionally hold the accused direct infringer vicariously liable for the acts committed by another party." *Muniauction, Inc. v. Thomson Corp.*, 532 F.3d 1318, 1330 (Fed. Cir. 2008).

Here, the asserted claims all require at least two actors and the required level of control or direction by one over the other is not satisfied, and necessarily cannot be satisfied. Neither IGT, a casino[1] nor a player performs every step of the claimed gambling method, and no contention has been made to the contrary. Rather, a player performs some steps of the claimed method, e.g., making a wager, and a casino performs other steps of the claimed method, e.g., awarding a prize. There is no legal theory under which the casino (or IGT) might be vicariously liable for the acts of the player. Nor is there a legal theory under which the player might be vicariously liable for the acts of the casino (or IGT). The very nature of gambling, in which one person makes a wager and another person awards a prize, necessarily precludes the type of control, direction or attribution of responsibility the law requires. Therefore, there is no direct infringement (and so can be no indirect infringement).

Accordingly, Defendants International Game Technology and IGT (collectively, "IGT") move for summary judgment of non-infringement.

## II. FACTUAL BACKGROUND

The asserted patents relate to the play of gaming machines. Each patent has five claims and each claim is for a "method of randomly awarding one progressive prize" to a player playing a game in a network of gaming machines. For purposes of this motion, the differences in the claims are

---

[1] The term "casino" is used in this brief to refer to the entity that operates the IGT gaming machine and must pay any prizes won by the player. In most cases this will be a traditional casino.

IGT'S MOTION FOR SUMMARY                - 1 -           Case No.: C-06-3717-RMW (RS)
JUDGMENT OF NON-INFRINGEMENT

immaterial. The material point is that all claims expressly require a player to perform some steps, such as "making a wager at a particular gaming machine" and "initiating a first main game at said particular gaming machine," and require someone other than the player (the casino) to perform various other steps, for example, "displaying said second game to the player," "identifying to the player said one progressive prize … that has been won" and "awarding said one progressive prize … that has been won." The person displaying the game, selecting the prize and awarding the prize, whether it be IGT or not, does not control or direct the player and cannot be vicariously liable for the player's actions in making a wager and initiating the game.

### A. Each Claim Of The Asserted Patents Requires Multiple Actors

Each claim of the asserted patents requires a player to "mak[e] a wager" and to "initiat[e] a first main game." Declaration of Robert Cruzen In Support of IGT's Motion for Summary Judgment ("Cruzen Dec.") Ex. A ('215 Patent) at 8:55-58; Ex. B ('603 Patent) at 8:16-19. Each claim also requires a casino to engage in certain steps, including, at a minimum, the steps of "displaying said second game to the player…", "indentifying to the player said one progressive prize…" and "awarding said one progressive prize…." Cruzen Dec. Ex. A. ('215 Patent) at 9:16-25; Ex. B. ('603 Patent) at 8:42-48. As an example, claim 1 of the '215 patent is reproduced below with the steps performed by the player in bold and the steps performed by the casino in regular type. (All asserted claims are similarly bolded in Exhibit A hereto; the differences between '215 claim 1 and the only other two independent claims are noted in the footnotes below.)

> 1. In a network of gaming machines, each of said gaming machines having a user interface activatable by a player to affect game display,[2] each of said gaming machines being capable of accepting different wager amounts made by the player, a method of randomly awarding one progressive prize from a plurality of progressive prizes using a second game to select said one progressive prize, a display of said second game being triggered upon an occurrence of a random trigger condition having a probability of occurrence related to the[3] amount of the wager, comprising:
> **making a wager at a particular gaming machine in the network of gaming machines**;

---

[2] The phrase "each…display" is not in '603 claims. It is in all of the '215 claims.
[3] The word "the" is replaced with "an" in the '603 claims.

IGT'S MOTION FOR SUMMARY                - 2 -            Case No.: C-06-3717-RMW (RS)
JUDGMENT OF NON-INFRINGEMENT

>    **initiating a first main game at said particular gaming machine**;
>    causing a second game trigger condition to occur as a result of said first main game being initiated, said second game trigger condition occurring randomly and having a probability of occurrence dependent on the amount of the wager made at said particular gaming machine, said step of causing the second game trigger condition including:
>    (1) selecting a random number from a predetermined range of numbers;
>    (2) allotting a plurality of numbers from the predetermined range of numbers in proportion to the amount of the wager made at said particular gaming machine, said step of allotting including allotting one number for each unit of currency of the amount wagered;[4] and
>    (3) indicating the occurrence of the second game trigger condition if one of the allotted numbers matches the selected random number;
>    triggering a second game to appear at said particular gaming machine in response to said occurrence of said second game trigger condition, said second game appearing after completion of said first main game;
>    randomly selecting said one progressive prize from said plurality of progressive prizes that has been won;
>    displaying said second game to the player at said particular gaming machine in response to said triggering;
>    **activating said user interface at said particular gaming machine by said player during said displaying of said second game to affect the display of said second game**;[5]
>    identifying to the player said one progressive prize from said plurality of progressive prizes that has been won; and
>    awarding said one progressive prize from said plurality of progressive prizes that has been won.

This division of labor makes sense in the context of the claimed method. The subject of the claims is gambling—specifically the operation of a gaming machine to determine whether a player wins a prize and what that prize is, and then award that prize. Clearly, in this context, the casino does not make wagers or initiate games. Nor does the player control the inner workings of the machine, determine what is won or award the prize. Thus, at least two independent actors are required to perform the entire claimed method.

---

[4] The phrase "said step…wagered" is not in '215 claim 2 or the '603 claims.
[5] This step is not in the '603 claims.

IGT'S MOTION FOR SUMMARY JUDGMENT OF NON-INFRINGEMENT    - 3 -    Case No.: C-06-3717-RMW (RS)

### B.     Aristocrat Concedes That Each Claim Requires Multiple Actors

No dispute exists that these claims require the participation of multiple parties.  Aristocrat admits in its infringement contentions that both the '215 Patent and the '603 Patent require "a player" to perform the steps of "making a wager" and "initiating a first main game."[6]  For example, Aristocrat's infringement contentions for the first and last two steps of '603 claim 1 concede this:

| Claim | | Infringement |
|---|---|---|
| 1. …. | …. | …. |
| making a wager at a particular gaming machine in the network of gaming machines; | …. In all of the accused IGT games, **a player can make a wager** at a particular gaming machine in a network or bank of "linked" progressive gaming machines. | Literal or Doctrine of Equivalents |
| initiating a first main game at said particular gaming machine; …. | …. Based on IGT's website and actual operation, **a player can initiate base game** or "regular game play." | Literal or Doctrine of Equivalents |
| … | …. | …. |
| identifying to the player said one progressive prize from said plurality of progressive prizes that has been won; and | …. IGT's website indicates that each of the accused multi-level progressive slot machines identifies to the player the progressive jackpot won from the multi-level prizes available…. | Literal or Doctrine of Equivalents |
| awarding said one progressive prize from said plurality of progressive prizes that has been won. | …. IGT's website indicates that all of the accused multi-level progressive slot machines have the capability of awarding a jackpot prize. | Literal or Doctrine of Equivalents |

(Cruzen Dec., Ex. D at 5 & 8-9) (emphases added).

Some actor other than a player must perform the steps of displaying a second game to the player, identifying progressive prizes to the player and awarding prizes to the player.  Aristocrat concedes this by contending that the "accused … slot machines" perform the steps such as awarding the prize.  Slot machines are generally operated by, and their prizes awarded by, casinos.  Casinos

---

[6] *See* Cruzen Dec., Ex. C (Aristocrat's Infringement Contentions for the '215 Patent) at 4 (contentions for "making a wager" and "initiating a first main game" for claim 1) & 7 (same for claim 2); Ex. D (Aristocrat's Infringement Contentions for the '603 Patent) at 5 (contentions for "making a wager" and "initiating" for claim 1) & 9 (contentions for "making a wager" for claim 3).

IGT'S MOTION FOR SUMMARY                - 4 -           Case No.:  C-06-3717-RMW (RS)
JUDGMENT OF NON-INFRINGEMENT

are primarily the "customers" of the accused machines "made by Defendants" that Aristocrat identifies in its infringement contentions as performing the "patented invention":

> The Fort Knox Products made by Defendants are nonstaple articles that lack substantial noninfringing uses outside of the '215 Patent. IGT's website for the Fort Knox products induces customers to use the patented invention of the '215 Patent

(*See* Cruzen Dec., Ex. C at 3 and Ex. D at 3).

That casinos use IGT's machines to perform payment and other steps on their behalf does not change the analysis. In "manual" gambling there is no question that it is the casino who awards the money to the winning gambler. Using a machine, the step of awarding a prize is still performed on behalf of the casino. Of course, the gambler needs to take some steps on her own to initiate the game and win a prize, including making a wager, but other steps, including the final step of awarding the prize, are undoubtedly performed by the casino via the machines it operates. Thus, there can be no dispute that the claims require the participation of multiple actors.

### C.  A "Wager" For A "Prize" Necessarily Requires Multiple Actors

Making a "wager" for a chance at a "prize" necessarily requires multiple actors: the person making the wager, and the person offering the prize. The relationship between those actors ***cannot, in theory or practice,*** be one of "control" or "agency," where the person making the wager acts "vicariously" for or "at the direction of" the person offering the prize (or vice versa). Otherwise, nothing is truly *risked*. A wager by definition involves gambling—chance taking—by distinct and independent actors, with each taking a risk.

### III.  ARGUMENT

Under the standards announced in the Federal Circuit's recent opinion in *Muniauction, Inc. v. Thomson Corp.*, 532 F.3d 1318, 1329 (Fed. Cir. 2008), IGT does not infringe the claims of the asserted patent because neither it nor its "customer" (e.g., a casino) (1) performs itself each required step of the claims, nor (2) directs or controls the actions of the players who perform the steps of making a wager and initiating the game. Consequently, Aristocrat's patent infringement claims fail

IGT'S MOTION FOR SUMMARY JUDGMENT OF NON-INFRINGEMENT         - 5 -         Case No.: C-06-3717-RMW (RS)

as a matter of law.

In *Muniauction*, the Federal Circuit reversed a jury verdict of infringement. The plaintiff Muniauction's patent disclosed a system for conducting online auctions of financial instruments by municipalities. The patent's method claims required a bidder to enter information on a remote computer and submit it over the internet to the issuer holding the auction. Thomson Corp. designed computer systems for conducting municipal auctions of financial instruments. Muniauction alleged that Thomson's use of those systems infringed its patent. *Id.* at 1321-23.

Muniauction pressed a joint infringement theory at trial because it could not show that Thomson performed all required steps of the claims. Muniauction argued that the bidder provided initial information constituting its bid and Thomson performed most of the remaining steps of the process. *Id.* at 1328-29. Muniauction contended that Thomson "directed and controlled" the actions of the bidder by granting access to its online system, providing instructions on its use and requiring bidders to agree to contractual terms of use prior to participating in an auction. *Id.* A jury agreed. *Id.* at 1323.

The Federal Circuit reversed, holding that a plaintiff proceeding on a joint infringement theory must prove that the defendant directs or controls the actions of all parties that perform any of the steps not performed by that defendant. The Federal Circuit also clarified, for the first time, the proper standard for determining direction or control: "the control or direction standard is satisfied in situations where the law would traditionally hold the accused direct infringer vicariously liable for the acts committed by another party that are required to complete performance of a claimed method." *Id.* at 1330 (emphasis added). In applying this standard the Court held that merely controlling access to a system and instructing others how to use it is insufficient. *Id*. ("That Thomson controls access to its system and instructs bidders on its use is not sufficient to incur liability for direct infringement."). The Court concluded:

> In this case, Thomson neither performed every step of the claimed methods nor had another party perform steps on its behalf, and Muniauction has identified no legal theory under which Thomson might be vicariously liable for the actions of the bidders. Therefore, Thomson does not infringe the asserted claims as a matter of law.

(*Id.*)

Like Thomson in *Muniauction*, IGT does not infringe the asserted claims in this case as a matter of law. *First*, neither IGT nor its "customer" (e.g., a casino) performs each of the required steps of the asserted claims, e.g. neither makes wagers nor initiates the game. *Second*, no legal theory exists whereby IGT or its "customer" could be vicariously liable for players who perform the steps of making wagers and initiating games. Simply put, neither IGT nor casinos direct or control those actions of the players. Aristocrat has not contended or alleged otherwise.

Summary judgment is appropriate where "there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c); *see also Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986). Here, no factual disputes exist. Aristocrat's claims fail as a matter of law and must be dismissed.

The district court cases following *Muniauction* support that result. Each of the following cases dismissed patent infringement claims for lack of direction or control. In *Global Patent Holdings, LLC v. Panthers BRHC LLC*, 586 F. Supp. 2d 1331 (S.D. Fla. 2008), the plaintiff alleged infringement of a method claim for downloading material from a remote server in response to a query. The plaintiff argued that the remote user's actions were directed or controlled by the defendant because the defendant put "Javascript programs on the remote user's computer to allow the process to begin." *Id.* at 1335. The court disagreed and noted that the remote user was not contractually bound to visit the website, that the user was not visiting the website within the scope of an agency relationship with the defendant and that the defendant was not otherwise vicariously liable for the acts of the remote user. *Id*. The court also noted that "if no person ever visited Defendant's website, then Plaintiff's patent would never be infringed." *Id.* Similarly, here, if no players ever made wagers on the accused slot machines, then Aristocrat's patents would never be infringed.

IGT'S MOTION FOR SUMMARY JUDGMENT OF NON-INFRINGEMENT - 7 - Case No.: C-06-3717-RMW (RS)

In *Emtel, Inc. v. LipidLabs, Inc.*, 583 F. Supp. 2d 811, 814 (S.D. Tex. 2008), the defendants provided a videoconferencing system that allowed a physician to communicate with a medical caregiver and a patient in a remote healthcare facility. *Id*. The defendants had contracts with the affiliated physicians, under which the physicians agreed to perform certain activities. *Id.* at 828. The issue was "whether these contractual relationships suffice for 'control and direction' of the physicians by the [defendants] such that every step of the claimed method is attributable to the [defendants]." *Id.* The *Emtel* court granted summary judgment on the issue of infringement because there was insufficient evidence that the defendants and physicians directed or controlled each other, notwithstanding their contractual obligations. *Id.* at 840 ("Just as there is no evidence that the movants participate in—let alone direct or control—the physicians' medical tasks in the process, there is no evidence that the physicians direct or control the movants' provision of a videoconferencing link").

In the only post-*Muniauction* Northern District of California decision found that rules on a divided infringement issue, Judge Illston in *Keithley v. Homestore.com, Inc.,* 2008 WL 4962885, at *3 (N.D. Cal. 2008), granted summary judgment in favor of an online real estate search operator. The patent at issue described a method that required "(e)(1) accessing data files by said first end users." *Id.* at *2. The court concluded that "step (e) requires action by first end users, in addition to passive monitoring by the system of those actions." *Id*. at *3. On that basis, the court granted summary judgment in favor of the defendant: "[Defendant] allows users access to its websites, but does not cause those users to access any particular information. [Defendant's] 'Terms and Conditions' are analogous to the contracts in *Muniauction* which the Federal Circuit found insufficient." *Id.* at 7. Similarly, here, neither IGT nor the casinos cause players to make wagers and initiate games.

### IV.   CONCLUSION

For the foregoing reasons, Aristocrat's claims of patent infringement against IGT must be dismissed. The Court should grant IGT's motion for summary judgment of non-infringement.

IGT'S MOTION FOR SUMMARY                - 8 -           Case No.: C-06-3717-RMW (RS)
JUDGMENT OF NON-INFRINGEMENT

Dated this 19th day of February, 2009.

By: s/ Jeffrey S. Love
　　Robert T. Cruzen (Admitted *Pro Hac* Vice)
　　rob.cruzen@klarquist.com
　　Stephanie S. Irvine (Admitted *Pro Hac Vice*)
　　stephanie.irvine@klarquist.com
　　Jeffrey S. Love (State Bar No. 195068)
　　jeffrey.love@klarquist.com
　　Garth A. Winn (Admitted *Pro Hac Vice*)
　　garth.winn@klarquist.com
　　KLARQUIST SPARKMAN, LLP
　　121 S.W. Salmon Street, Suite 1600
　　Portland, OR  97204-2988
　　Telephone:  (503) 595-5300
　　Facsimile:  (503) 595-5301

　　Eric L. Wesenberg (State Bar No. 139696)
　　ewesenberg@orrick.com
　　Gabriel M. Ramsey (State Bar No. 209218)
　　gramsey@orrick.com
　　ORRICK, HERRINGTON & SUTCLIFFE LLP
　　1000 Marsh Road
　　Menlo Park, CA  94025-1015
　　Telephone: (650) 614-7400
　　Facsimile: (650) 614-7401

　　*Attorneys for Defendants*
　　INTERNATIONAL GAME TECHNOLOGY and IGT

IGT'S MOTION FOR SUMMARY　　　　　　　- 9 -　　　　　Case No.:  C-06-3717-RMW (RS)
JUDGMENT OF NON-INFRINGEMENT

**PROOF OF SERVICE**

The undersigned hereby certifies that on February 19, 2009, the foregoing **DEFENDANTS' NOTICE OF MOTION AND MOTION FOR SUMMARY JUDGMENT OF NON-INFRINGEMENT** was electronically filed with the Clerk of the Court using the CM/ECF System and that the same was served by electronic mail to the following:

>Terrence P. McMahon
>tmcmahon@mwe.com
>Anthony de Alcuaz
>adealcuaz@mwe.com
>MCDERMOTT WILL & EMERY LLP
>3150 Porter Drive
>Palo Alto, CA  94041
>
>Attorneys for Plaintiffs,
>Aristocrat Technologies Australia Pty Limited and Aristocrat Technologies, Inc.

s/ Jeffrey S. Love

CERTIFICATE OF SERVICE                                                 Case No.:  C-06-3717-RMW (RS)