*E-Filed 5/13/09*

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ARISTOCRAT TECHNOLOGIES; AUSTRALIA PTY LIMITED; and ARISTOCRAT TECHNOLOGIES, INC., <br><br>Plaintiffs, <br><br>v. <br><br>INTERNATIONAL GAME TECHNOLOGY, INC.; and IGT, <br><br>Defendants. <br>_____\\ | Case No. 5:06 CV 3717 RMW <br><br>ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFFS' MOTION TO COMPEL |

## I. INTRODUCTION

In this patent infringement case, plaintiffs Aristocrat Technologies, Australia PTY Limited, and Aristocrat Technologies, Inc. (collectively, "Aristocrat"), allege that defendants International Game Technology, Inc. and IGT (collectively "IGT") are unlawfully infringing on Aristocrat's patented electronic gaming machines. The Aristocrat machines at issue, which are intended for use in casinos, offer games of chance such as "Fort Knox," "Jackpot Hunter," "Party Time!," and "Wheelionaire."

The issue currently before the Court concerns a set of eight document production requests with which Aristocrat claims IGT has failed to cooperate. In contrast to the type of routine document production requests ordinarily made in the course of regular discovery, these disputed requests occurred in the context of limited discovery proceedings under Federal Rule of Civil Procedure 56(f)—proceedings authorized by the presiding judge for the sole purpose of facilitating Aristocrat's opposition to IGT's motion for summary judgment. *See* Transcript of Proceedings

Before the Honorable Ronald M. Whyte (March 18, 2009), *attached as Exh. A to* IGT's Opposition to Aristocrat's Motion to Compel, filed April 29, 2009 (hereinafter, "Transcript"), at 233-34.  For the reasons stated below, Aristocrat's motion to compel document production will be granted in part and denied in part.

## II.  STANDARD

Federal Rule of Civil Procedure 56(f) provides that "[i]f a party opposing the motion [for summary judgment] shows by affidavit that, for specified reasons, it cannot present facts essential to justify its opposition, the court may . . . (i) deny the motion; (ii) order a continuance to enable affidavits to be obtained, depositions to be undertaken, or other discovery to be undertaken; or (iii) issue any other just order."  Rule 56(f) "provides for comparatively limited discovery for the purpose of showing facts sufficient to withstand a summary judgment motion."  *First Nat. Bank of Ariz. v. Cities Service Co.*, 391 U.S. 253, 265 (1968).  As such, "the discovery obtainable under Rule 56(f) to oppose a motion for summary judgment [is] normally . . . less extensive in scope than the general discovery obtainable under Rule 26[.]"  *Id.* at 298.  Accordingly, disposition of the instant motion to compel turns on whether Aristocrat's eight disputed discovery requests concern "facts essential to justify[ing] its opposition" to summary judgment.

## III.  DISCUSSION

The parties agree that the key question for summary judgment is the degree of control that IGT and/or the IGT's casino customers exercise over individual players using the disputed slot machines.  IGT's summary judgment motion seeks to prove, as a matter of law, that IGT and its casino clients do not direct or control the gamblers using the machines.[1]  According to IGT, Aristocrat is barred from making any discovery requests which exceed the scope of this one issue,

---

[1] This reasoning is based on the Federal Circuit's decision in *Muniauction, Inc. v. Thomson Corp.*, 532 F.3d 1318 (Fed. Cir. 2008).  According to *Muniauction*, a successful infringement claimant must show, among other things, that a defendant has practiced each and every element of the claimed invention.  In order to prevent would-be infringers from contracting out different elements of inventions in an attempt to avoid liability, the courts have evolved the concept of "joint infringement," which enables a claimant to prove infringement by showing that, even though there are multiple actors, one party—a so-called "mastermind"—exercises control or direction over the entire process.  532 F.3d at 1329.  Here, IGT is the alleged "mastermind," and the issue to be decided at summary judgment is whether the players of the slot machines are subject to IGT's direction or control.

2

and the eight disputed requests are accordingly overbroad in this context. Rather than refusing outright to cooperate with Aristocrat's eight requests, however, IGT has instead indicated the extent to which it has complied, is currently complying, or will comply. Aristocrat, for its part, contends that each of its requests is directly pertinent to the issue of direction or control.

As noted above, at this stage Aristocrat is only entitled to discover "facts essential to justify[ing] its opposition" to summary judgment. This limited approach is not only consistent with Rule 56(f) but also reflects the presiding judge's preferences in this case. *See* Transcript at 233-34 (allowing Aristocrat "to do *a little bit of discovery* before [the Court] hear[s] the summary judgment motion" (emphasis added)). An examination of the eight requests reveals that, on the whole, Aristocrat's document production requests exceed the boundaries contemplated under Rule 56(f), and that IGT's proposed responses more accurately reflect the relatively narrow scope of discovery appropriate here.

For example, in Document Request 27, Aristocrat asks IGT to produce "*[a]ll documents relating to* IGT's, a casino's, or a player's operation or use of any of the Responsive Products in the United States, including but not limited to operation or use of any of the Responsive Products during gambling, testing, training, quality control, installation, repair, sales, marketing, offers to sell, trade shows, focus groups, or demonstrations." IGT's Response to Aristocrat's Third Request for Production of Documents, *attached as Exh. 1. to* Blanch Declaration, filed April 24, 2009 (hereinafter "IGT's Response"), at 6 (emphasis added). In response, IGT offers to produce "*documents sufficient to show* how Defendants, casinos, and players use the Responsive Products in the United States during activities such as gambling, testing, training, quality control, installation, repair, sales, marketing, offers to sell, trade shows, focus groups, or demonstrations." *Id.* at 7 (emphasis added). The additional documents that make up the difference between Aristocrat's request ("all documents relating to" the use of the machines) and IGT's offer ("documents sufficient to show" the use of the machines) are highly unlikely to reveal additional, new facts essential to the issue of IGT's direction or control of individual players. Thus, IGT's response in this case was appropriate and IGT will not be compelled to produce the additional documents encompassed by Aristocrat's broad request.

Similarly, IGT's limited offers of production in response to Document Requests 28, 30-33, and 35 are adequate under the Rule 56(f) framework. Accordingly, the motion to compel will be denied with respect to Document Requests 27, 28, 30, 31, 32, 33, and 35. IGT will, however, be required to complete fully the limited production it has promised within ten days from entry of this order.

Aristocrat's motion to compel with respect to Document Request 29 is the sole exception where additional discovery is warranted beyond what IGT has thus far been willing to offer. Request 29 asks for "[a]ll documents that IGT sent or received relating to the *structure, function, operation, use, promotion, or display* of any of the Responsive Products in the United States." IGT's Response at 9 (emphasis added). IGT's response offers to produce only "documents that IGT sent or received relating to the *use, promotion, or display* of any of the Responsive Products in the United States." *Id.* at 11 (emphasis added). Thus, IGT has refused to produce any correspondence related to the "structure, function, [or] operation" of the disputed slot machines and their related technology. This refusal is too narrow. Correspondence discussing the structure of the disputed technology and how it functions and operates is indeed potentially relevant to the issue of whether IGT directs or controls the players using the machines. Because this document request is reasonably likely to elicit facts essential to justifying Aristocrat's summary judgment opposition, Aristocrat's motion to compel will be granted with respect to this request.

## IV.  ORDER

For the reasons stated above, Aristocrat's motion to compel is denied with respect to Document Requests 27, 28, 30, 31, 32, 33, and 35, and granted with respect to Document Request 29. IGT shall have ten days from entry of this order in which to produce documents responsive to Document Request 29, as well as the limited range of documents it has indicated it plans to provide in response to Document Requests 27, 28, 30-33, and 35.

IT IS SO ORDERED.

Dated:  5/13/09

_____
RICHARD SEEBORG
United States Magistrate Judge

4