**E-FILED on** __05/14/09__

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| ARISTOCRAT TECHNOLOGIES, ARISTOCRAT PTY LIMITED and ARISTOCRAT TECHNOLOGIES, INC., <br><br> Plaintiffs, <br><br> v. <br><br> INTERNATIONAL GAME TECHNOLOGY and IGT, <br><br> Defendants. | No. C-06-03717 RMW <br><br> ORDER REGARDING CASE SCHEDULE AND ADDITIONAL CLAIM CONSTRUCTION BRIEFING <br><br> **[Re Docket No. 157, 163, 174]** |

At the claim construction hearing on March 18, 2009, the court requested that the parties file a proposed case schedule, along with a list of pre-appeal motions pending before this court. At the hearing and in its filing, IGT seeks a bench trial on inequitable conduct in June of 2009. IGT also moves for supplemental claim construction proceedings as to claims at issue in IGT's *Muniauction* summary judgment motion. For the reasons stated below, the court denies IGT's request for a separate inequitable-conduct bench trial, and grants IGT's administrative motion for additional claim-construction proceedings.

ORDER REGARDING CASE SCHEDULE AND ADDITIONAL CLAIM CONSTRUCTION BRIEFING —No. C-06-03717 RMW
JAS

## I. INEQUITABLE CONDUCT BENCH TRIAL

On September 19, 2006, IGT moved in district court for a one-day bench trial on an inequitable conduct issue. Order Denying Defendants' Mot. for One-Day Bench Trial, Docket No. 33. On November 11, 2006, Judge Jenkins denied the motion because IGT had shown neither that the bifurcated proceeding would promote judicial economy, nor that Aristocrat would not be prejudiced. *Id.* at 4-5 (citing *Spectra-Physics Lasers, Inc. v. Uniphase Corp.*, 144 F.R.D. 99, 101 (N.D.Cal. 1992)). With respect to judicial economy, the court reasoned that "inequitable conduct, no matter how limited the issue," is a fact-intensive inquiry. This is particularly true when the issue involves intent to deceive." *Id.* at 4. Additionally, the court concluded that the inequitable-conduct trial might take more than the one day IGT proposed. As for prejudice, the court was "not convinced that it can order an early bench trial without the potential for evidentiary overlap with the underlying proceeding." *Id.* at 5.

IGT contends that its renewed request for an inequitable-conduct bench trial is based in part on the Federal Circuit's statement on appeal that prosecution irregularities could be redressible under the inequitable-conduct framework. *Aristocrat Technologies v. International Game Technology*, 543 F.3d 657, 663 (Fed. Cir. 2008). This court does not read the Federal Circuit to mean that IGT's motion for a separate trial should be revived; rather the court was emphasizing that, although the prosecution irregularities at issue in the appeal did not provide a basis for invalidity, as a general proposition an inequitable conduct claim could nevertheless provide relief if a procedural irregularity involved affirmative representations of material fact. Therefore, the court finds that similar concerns still militate against a separate inequitable-conduct trial. IGT's renewed request is denied.

## II. SUPPLEMENTAL CLAIM CONSTRUCTION PROCEEDINGS

In Aristocrat's supplemental briefing in support of its motion for 56(f) discovery, Aristocrat argued that certain patent terms require acts that need not be performed by the player. Because these terms were not included in the original claim construction briefing, IGT now moves for additional claim construction. The court finds that additional construction is necessary.

The parties will incorporate their discussion of the new disputed terms into the as-yet unfiled motions for summary judgment. Aristocrat may include its claim construction arguments in its opposition to the *Muniauction* summary judgment motion, not to exceed thirty pages. IGT may respond in its reply, not to exceed 20 pages. And Aristocrat may have a sur-reply, not to exceed ten pages, limited to responding to the claim-construction arguments in IGT's reply. The schedule below takes into account the assigned magistrate's May 13, 2009 order granting in part and denying in part Aristocrat's motion to compel.

If claim construction briefing raises additional issues not covered by IGT's original summary judgment motion, they can be dealt with in later motions.

### III. CASE SCHEDULE

The court adopts the following schedule:

| Case Event | Date |
| --- | --- |
| Hearing on IGT's Motions to Compel (Dkt. 191 and 205) | To be determined by assigned magistrate. |
| Aristocrat's Opposition to IGT's *Muniauction* Summary Judgment Motion Due (includes supplemental claim construction briefing, not to exceed 30 pages) | May 29, 2009 |
| IGT's Reply in support of *Muniauction* Summary Judgment (including supplemental claim construction briefing, not to exceed 20 pages) | June 6, 2009 |
| Aristocrat's Sur-reply (limited to claim construction issues, not to exceed 10 pages) | June 12, 2009 |
| Hearing on IGT's *Muniauction* Summary Judgment Motion, IGT's Prosecution Laches Summary Judgment Motion, and IGT's Motion for Sanctions (Dkt. 242). | June 26, 2009 |

| | |
|---|---|
| Fact Discovery Cut-off | July 27, 2009 |
| Expert Reports Due | July 27, 2009 |
| Last Day to Amend Pleadings | July 27, 2009 |
| Rebuttal Expert Reports Due | August 10, 2009 |
| Expert Discovery Cut-off | August 26, 2009 |
| Daubert Motions Due | September 2, 2009 |
| Dispositive Motions Due | September 2, 2009 |
| Oppositions to Dispositive Motions Due | September 16, 2009 |
| *Daubert* Oppositions Due | September 16, 2009 |
| Daubert Replies Due | September 23, 2009 |
| Replies ISO Dispositive Motions Due | September 23, 2009 |
| Parties Meet and Confer | October 19, 2009 |
| Trial Briefs (optional) | October 23, 2009 |
| Motions In Limine | October 23, 2009 |
| Deposition and Discovery Responses | October 23, 2009 |
| Proposed Voir Dire Questions | October 23, 2009 |
| Jury Instructions | October 23, 2009 |
| Form of Verdict | October 23, 2009 |
| Joint Pretrial Statement | October 23, 2009 |
| Oppositions to Motion In Limine | November 3, 2009 |
| Objections to Use of Deposition Excerpts or Other Discovery Responses | November 3, 2009 |
| Deposition Counter-Designations | November 3, 2009 |
| Objections to Voir Dire, Verdict Form, Authenticity or Admissibility of Trial Exhibits | November 3, 2009 |
| Pretrial Conference | To be determined |
| Jury Trial | November 30, 2009 |

ORDER REGARDING CASE SCHEDULE AND ADDITIONAL CLAIM CONSTRUCTION BRIEFING —No. C-06-03717 RMW JAS
4

DATED: 05/14/09

*Ronald M Whyte*
RONALD M. WHYTE
United States District Judge

**United States District Court**
For the Northern District of California

1 | **Notice of this document has been electronically sent to:**

2 | **Counsel for Plaintiff:**

3 | Anthony R. de Alcaeus    adealcuaz@mwe.com
Terrence Patrick McMahon    tmcmahon@mwe.com
4 | Robert J. Blanch , Jr.    rblanch@mwe.com

5 | **Counsel for Defendants:**

6 | Jeffrey Stewart Love    jeffrey.love@klarquist.com
Adam Randal Wichman    adam.wichman@klarquist.com
7 | Gabriel M. Ramsey    gramsey@orrick.com
Garth Alan Winn    garth.winn@klarquist.com
8 | Kristin L. Cleveland    kristin.cleveland@klarquist.com
Lane M Chitwood    lane.chitwood@klarquist.com
9 | Patrick Marshall Bible    patrick.bible@klarquist.com
Robert T. Cruzen    rob.cruzen@klarquist.com
10 | Samir N. Pandya    samir.pandya@klarquist.com
Stephanie Sue Irvine    stephanie.irvine@klarquist.com

Counsel are responsible for distributing copies of this document to co-counsel that have not registered for e-filing under the court's CM/ECF program.

**Dated:**    05/14/09                            JAS
                                        **Chambers of Judge Whyte**

ORDER REGARDING CASE SCHEDULE AND ADDITIONAL CLAIM CONSTRUCTION BRIEFING —No. C-06-03717 RMW JAS
6