1  Robert T. Cruzen (Admitted *Pro Hac Vice*)
   rob.cruzen@klarquist.com
2  Stephanie S. Irvine (Admitted *Pro Hac Vice*)
   stephanie.irvine@klarquist.com
3  Jeffrey S. Love (State Bar No. 195068)
   jeffrey.love@klarquist.com
4  Garth A. Winn (Admitted *Pro Hac Vice*)
   garth.winn@klarquist.com
5  KLARQUIST SPARKMAN, LLP
   121 S.W. Salmon Street, Suite 1600
6  Portland, OR  97204-2988
7  Telephone:  (503) 595-5300
   Facsimile:  (503) 595-5301
8
9  Eric L. Wesenberg (State Bar No. 139696)
   ewesenberg@orrick.com
10 ORRICK, HERRINGTON & SUTCLIFFE LLP
   1000 Marsh Road
11 Menlo Park, CA  94025-1015
   Telephone: (650) 614-7400
12 Facsimile: (650) 614-7401
13 *Attorneys for Defendants*
   INTERNATIONAL GAME TECHNOLOGY and IGT
14

15                    **UNITED STATES DISTRICT COURT**

16                    **NORTHERN DISTRICT OF CALIFORNIA**

17                              **SAN JOSE DIVISION**

| | |
|---|---|
| ARISTOCRAT TECHNOLOGIES AUSTRALIA PTY LIMITED and ARISTOCRAT TECHNOLOGIES, INC., <br><br>    Plaintiffs, <br><br>    v. <br><br>INTERNATIONAL GAME TECHNOLOGY and IGT, <br><br>    Defendants. | Case No.:  C-06-3717-RMW (RS) <br><br> **DEFENDANTS' NOTICE OF MOTION AND MOTION FOR SUMMARY JUDGMENT OF NON-INFRINGEMENT BECAUSE THE "INDICATING" STEP IS NEVER PERFORMED DURING PLAY OF THE ACCUSED GAMES** <br><br> Date:           July 10, 2009 <br> Time:          9:00 a.m. <br> Department:   Room 6, 4th Floor, San Jose <br> Judge:         Ronald J. Whyte |

# TABLE OF CONTENTS

Page

NOTICE OF MOTION AND MOTION ........................................................................................ iii

STATEMENT OF RELIEF SOUGHT .......................................................................................... iii

MEMORANDUM OF POINTS AND AUTHORITIES ..................................................................1

I.   INTRODUCTION ................................................................................................................1

II.  FACTUAL BACKGROUND................................................................................................2

III. ARGUMENT .........................................................................................................................9

IV. CONCLUSION...................................................................................................................12

# TABLE OF AUTHORITIES

Page

**Cases**

*Decisioning.com, Inc. v. Federated Dept. Stores, Inc.*,
  527 F.3d 1300 (Fed. Cir. 2008) .................................................................................................. 11

*Graver Tank & Mfg. Co. v. Linde Air Prods. Co.*,
  339 U.S. 605 (1950) ................................................................................................................... 11

*Mason Tenders Dist. Council Pension Fund v. Messera*,
  958 F.Supp. 869 (S.D.N.Y.1997) ............................................................................................... 12

*Muniauction, Inc. v. Thomson Corp.*,
  532 F.3d 1318 (Fed. Cir. 2008) .................................................................................................. 10

*Nicholas v. Wallenstein*,
  266 F.3d 1083 (9th Cir.2001) .................................................................................................... 11

*Warner-Jenkinson Co., Inc. v. Hilton Davis Chemical Co.*,
  520 U.S. 17 (1997) ..................................................................................................................... 11

**Rules**

Fed. R. Civ. P. 56 ............................................................................................................................ iii, 11

## NOTICE OF MOTION AND MOTION

TO ALL PARTIES AND COUNSEL OF RECORD:

PLEASE TAKE NOTICE THAT at 9:00 a.m. on July 10, 2009, at the United States Courthouse, 280 S. 1st St., Courtroom 6, Fourth Floor, San Jose, California 95113, or as soon thereafter as is practicable, Defendants International Game Technology and IGT will and hereby do move this Court for an Order under Rule 56 of the Federal Rules of Civil Procedure rendering summary judgment of non-infringement in favor of Defendants and against Plaintiffs Aristocrat Technologies Australia Pty Limited and Aristocrat Technologies, Inc. (collectively "Aristocrat"), dismissing Plaintiffs' claims with prejudice and declaring that Defendants do not infringe any claim of U.S. Patent Nos. 7,056,215 and 7,108,603.

The Motion is based on the Court's May 14, 2009 claim construction Order (Dkt. 498), this Notice of Motion and Motion, the Points and Authorities provided herein, Fed. R. Civ. P. 56, Local Rule 56, the Declaration of Richard Michaelson filed herewith, the Declaration of Robert Cruzen filed February 19, 2009 (Dkt. 445), all pleadings and papers on file in this action, and such other matters, argument or authorities as may be adduced in further briefing and presented to the Court at the time of hearing.

## STATEMENT OF RELIEF SOUGHT

Defendants IGT and International Game Technology respectfully request that the Court grant summary judgment in their favor, and against Plaintiffs, dismissing Plaintiffs' patent infringement claims with prejudice and declaring on IGT's First Counterclaim that:

(1) IGT does not infringe any Claim of the U.S. Patent No. 7,056,215 (the '215 patent); and

(2) IGT does not infringe any Claim of the U.S. Patent No. 7,108,603 (the '603 patent).

# MEMORANDUM OF POINTS AND AUTHORITIES

## I.  INTRODUCTION

IGT is entitled to summary judgment of non-infringement because the "indicating" step in each claim of the asserted patents is never performed during play of the accused games.

All claims in both patents are method claims. All include the step, "indicating the occurrence of the second game trigger condition if one of the allotted numbers matches the selected random number." *See* Cruzen Decl. (Dkt 445) at Exhs. A and B, '215 Col. 9:7-9, Col. 10:12-14; '603 Col. 8:33-35. This Court recently construed that claim language to mean: "If one of the allotted numbers is identical to the selected random number, **alerting the player during the first main game that a second game will appear after the first game is complete. This indication is different from and precedes the appearance and display of the second game.**" (Dkt. 498 at 24; emphasis added.)

That step is not performed during play of IGT's accused games. *See* Declaration of Richard Michaelson. IGT's gaming machines offer a base game with a potential progressive bonus round. Aristocrat contends that the base game is the "first main game" and the bonus round is the "second game." IGT disagrees, and contends that the base game and bonus round are all one game, so there is no "second game." But even if Aristocrat were right (and it is not), IGT's accused gaming machines do not alert the player during the base game that a progressive bonus round will appear after the base game is complete. On the contrary, on IGT's accused machines, the first indication to the player that a bonus round will appear is when the bonus round does appear and is displayed. That does not satisfy the "indicating" step as recently construed by the Court.

IGT submits herewith a video and audio recording showing play of a game with the accused "Ft. Knox" bonus round. The Court can see for itself that the "indicating" step is not performed. *See* Michaelson Decl. at Exh. 1 (audio and video CD). This step is similarly not performed during play of games with the other three accused bonus rounds. *See* Michaelson Decl.

Therefore, IGT is entitled to summary judgment dismissing plaintiffs' claims and declaring that IGT does not infringe any claim in the asserted patents.

IGT'S MOTION FOR SUMMARY                 - 1 -              Case No.:  C-06-3717-RMW (RS)
JUDGMENT OF NON-INFRINGEMENT
BASED ON "INDICATING" STEP

## II.     FACTUAL BACKGROUND

The asserted patents relate to the play of gaming machines. Each patent has five claims and each claim is for a "method of randomly awarding one progressive prize" to a player playing a game in a network of gaming machines. For purposes of this motion, the differences in the claims are immaterial. The material point is that all claims expressly include the step, "indicating the occurrence of the second game trigger condition if one of the allotted numbers matches the selected random number." (*See* Cruzen Decl. (Dkt 445) at Exhs. A and B, '215 Col. 9:7-9, Col. 10:12-14; '603 Col. 8:33-35.)

Aristocrat has accused only the play of IGT games when a progressive prize is awarded in one of four bonus rounds: Fort Knox, Jackpot Hunter, Party Time! or Wheelionaire. For the '215 patent, Aristocrat accuses only game play when a Ft. Knox bonus is awarded. For the '603 patent, Aristocrat accuses game play when a progressive prize is awarded in any of the four bonus rounds. *See* Am. Comp. (Dkt. 76) at ¶¶ 14, 16 and 21; *see also* Cruzen Decl. (Dkt 445) at Exhs. C and D at pp. 2-3 (Aristocrat's Preliminary Infringement Contentions for the '215 and '603 patents). For purposes of this motion, there is no material difference in the play of these accused games. In each game, the first indication to the player that a bonus round will appear is when the bonus round does appear and is displayed. There is no prior "alert." *See* Michaelson Decl.

The operation of a game with the Ft. Knox bonus is shown in the video and audio recording submitted as Exh. 1 to the Michaelson Decl., and is illustrated below. (That recording, and the screenshots below, merely simulate game play because no wager was made and no prize awarded. But they accurately illustrate the lack of the "indicating" step during gambling by casino patrons on the accused games.) Figure 1, below, shows the opening screen of the game before the player makes a wager. The credit meter shows that the machine has registered 3,100 credits for game play. The machine shows the reel positions from the last play, and that the last play was on 25 lines at 20 credits per line for a "total bet" of 500 credits (the "max bet" on this machine):

IGT'S MOTION FOR SUMMARY                - 2 -            Case No.: C-06-3717-RMW (RS)
JUDGMENT OF NON-INFRINGEMENT
BASED ON "INDICATING" STEP



Figure 1

The "max bet" button is pressed, the reels spin and are stopped (not shown). If a Ft. Knox bonus is won, the bonus round immediately appears with the vault door screen shown in Figure 2 below:

Figure 2

The bonus round continues with the display of smaller vault doors, from which some are selected by the player to determine which of the bonus prizes is to be awarded, as shown in Figures 3-6. Note that the credit meter now shows 2,600 credits available for play, 500 credits less than prior to the start of the game, because 500 credits were bet on this game:

IGT'S MOTION FOR SUMMARY    - 3 -    Case No.: C-06-3717-RMW (RS)
JUDGMENT OF NON-INFRINGEMENT
BASED ON "INDICATING" STEP



Figure 3



Figure 4

Figure 3 says "pick 1 safe," and shows that one safe has already been picked (the middle row, third column). Figure 4 shows two safes picked with doors opened to reveal the 50 points (not credits) that are accumulated. Figures 5 and 6 below show another 50 points accumulated with the selection of two more safes. However, an additional 30 points were needed to continue selecting safes, and 230 total were needed for a silver win. Therefore, a copper win is awarded, as shown in Figure 7.



Figure 5



Figure 6

In this bonus round, a $10 Ft. Knox bonus would have been won had this been a true wager. The gaming machine adds 1,000 credits (if a true wager, worth 1 cent per credit) to the win and credit meters. These credits are added one at a time. The screenshot in Fig. 7 below shows the screen at the point that 998 of the 1,000 credits have been added to the win meter, 997 of 1,000 to the credit meter (credits are added first to the win meter, then to the credit meter). Seconds later, the full 1,000 credits were added to both meters.

IGT'S MOTION FOR SUMMARY JUDGMENT OF NON-INFRINGEMENT BASED ON "INDICATING" STEP             - 5 -             Case No.: C-06-3717-RMW (RS)

Figure 7

After all 1,000 credits awarded in the bonus round have been added to the win and credit meters, the screen returns to the base game reels (Figure 8), any winning base game lines are identified to the player, and credits from those base game wins are added to the win and credit meters one credit at a time. The screen shown in Figure 8 shows one line win that pays 200 credits. At the time of the Fig. 8 screenshot, 15 and 18 of the 200 credits had been awarded to the credit and win meters, respectively.



Figure 8

IGT'S MOTION FOR SUMMARY JUDGMENT OF NON-INFRINGEMENT BASED ON "INDICATING" STEP         - 6 -         Case No.: C-06-3717-RMW (RS)



Figure 9

Figure 9 shows 188 and 187 of the 200 credits awarded to the win and credit meters, respectively. As shown in Figures 10-12, after all 200 credits awarded to both meters, the screen says "game over" to indicate that the game is now complete and summarizes the line and bonus wins from the prior game. In sum, the machine started with 3,100 credits available, 500 were bet, 1,000 were won in the bonus round, 200 were won on a base game line win, resulting in 3,800 available.



Figure 10

IGT'S MOTION FOR SUMMARY JUDGMENT OF NON-INFRINGEMENT BASED ON "INDICATING" STEP - 7 - Case No.: C-06-3717-RMW (RS)



Figure 11



Figure 12

In some base games distributed after the original and amended complaints were filed, in the rare case of a player in one game winning (1) a base game line or other win (e.g., scatter), (2) a non-progressive bonus or feature (e.g., free spins), and (3) a progressive bonus, first the base game wins are identified and credited, second the other bonus or feature is played, third the progressive bonus is played, and finally the screen returns to the base game and says "game over." *See* Michaelson Decl.

IGT'S MOTION FOR SUMMARY
JUDGMENT OF NON-INFRINGEMENT
BASED ON "INDICATING" STEP
- 8 -
Case No.:  C-06-3717-RMW (RS)

### III. ARGUMENT

The accused gaming machines simply do not perform the "indicating" step. This step requires: "alerting the player during the first main game that a second game will appear after the first game is complete." (Claim Construction Order; Dkt. 498 at 24.) Aristocrat contends that the "indicating" step takes place when the Ft. Knox vault doors first appear with the message, "You Are Now Entering Ft. Knox" and accompanying sounds. (*See* Aristocrat's Infringement Contentions for the "indicating" step at Cruzen Decl. (Dkt 445) Exh. C p. 5 and Exh. D p. 7; *see also* Fig. 2 above.)

The vault doors appearance (shown in Fig. 2 above) does not perform the "indicating" step as construed by the Court because the bonus round continues uninterrupted from that point (Fig. 2) through the selection of safes (Figs. 3-6) to the identification and crediting of credits won (Fig. 7).

- If the "first game is complete" *prior to* the appearance of the vault doors shown in Fig. 2, as Aristocrat contends (*see* Aristocrat's Infringement Contentions for the "triggering" step at Cruzen Decl. (Dkt 445) Exh. C pp. 5-6 and Exh. D p. 7), then the purported "alert" relied on by Aristocrat (the vault doors shown in Fig. 2) does not take place "during the first main game," as required by the Court's construction of the "indicating" step.

- If the "first game is complete" *after* the bonus round, when any base game winnings are identified and credited and the machine displays "game over" (as shown in Figs. 8-12), then the bonus round shown in Figs. 2-7 (the purported "second game") does not "appear after the first game is complete," as required by the Court's construction of the "indicating" step *and* by the step in each claim that requires "triggering a second game to appear… after completion of said first main game." *See* Cruzen Decl. (Dkt 445) Exhs. A and B ('215 Col. 9:10-13, Col. 10:15-18; '603 Col. 8:36-39). The Court construed the "after completion…" phrase to mean "after the wager has been lost or a nonprogressive prize has been awarded pursuant to the rules of the first main game" (Dkt. 498 at 24).

IGT'S MOTION FOR SUMMARY                - 9 -          Case No.: C-06-3717-RMW (RS)
JUDGMENT OF NON-INFRINGEMENT
BASED ON "INDICATING" STEP

1 	Thus, regardless of whether the "first game is complete" before or after the bonus round, the appearance of the vault doors does not satisfy the "indicating" step. Nor is there any other "alert" of any kind prior to the vault doors appearance that informs the player that a bonus round will appear after the base game is complete and that could arguably perform the "indicating" step. *See* Michaelson Decl. at Exh. 1.

	The "triggering" step is also not performed if, as IGT contends, the base game is "complete" *after* the bonus round. That is an alternative basis for this motion. However, the Court need not reach it, because the "indicating" step is alone dispositive, as the failure to perform any one step in a method claim means there is no infringement. *See Muniauction, Inc. v. Thomson Corp.*, 532 F.3d 1318, 1328 (Fed. Cir. 2008) ("The law of this circuit is axiomatic that a method claim is directly infringed only if each step of the claimed method is performed.").

	In addition, the vault doors' appearance does not satisfy the second part of the Court's construction of the "indicating" step, because it is not "different from" and does not "precede[] the appearance and display of the second game." The vault doors' appearance *is* the appearance and display of the bonus round. It is certainly not "alerting the player during the first main game that a second game will appear after the first game is complete," because there is no further "completion" of the base game between the vault doors' appearance and the display and play of the bonus round.

	In all accused games, the first indication that a bonus round will appear is when the bonus round does appear, and the bonus display and play continues uninterrupted until its completion. Therefore, play of these accused games never infringes any claim of the asserted patents.

	Furthermore, Aristocrat cannot establish that play of the accused gaming machines results in performance of this step under the doctrine of equivalents, because the games perform nothing equivalent, and any attempt to argue otherwise would improperly eliminate the "indicating" step. "Each element contained in a patent claim is deemed material to defining the scope of the patented invention, and thus the doctrine of equivalents must be applied to individual elements of the claim, not to the invention as a whole. It is important to ensure that the application of the doctrine, even as

IGT'S MOTION FOR SUMMARY         - 10 -         Case No.: C-06-3717-RMW (RS)
JUDGMENT OF NON-INFRINGEMENT
BASED ON "INDICATING" STEP

to an individual element, is not allowed such broad play as to effectively eliminate that element in its entirety." *Warner-Jenkinson Co., Inc. v. Hilton Davis Chemical Co.*, 520 U.S. 17, 29 (1997). In determining whether a claim element would be eliminated, the Court must consider the claim as construed. *See Decisioning.com, Inc. v. Federated Dept. Stores, Inc.*, 527 F.3d 1300, 1315 (Fed. Cir. 2008) ("Decisioning is precluded from asserting that those systems infringe under the doctrine of equivalents, as doing so would vitiate an element of the claims -- i.e., 'remote interface' as construed.")

The Court construed the "indicating" step as "alerting the player during the first main game" and as requiring that "[t]his indication is different from and precedes the appearance and display of the second game." Dkt 498 at 24. This would be vitiated by any equivalence argument that ignored these temporal limitations. Aristocrat has not identified any step that performs substantially the same function, in substantially the same way, to achieve substantially the same result, as the "indicating" step as construed. *See Graver Tank & Mfg. Co. v. Linde Air Prods. Co.*, 339 U.S. 605, 608 (1950) (describing "function, way, result" analysis). The function of the "indicating" step is to alert other players that a bonus jackpot is about to be played for (as the Court specifically held ([Dkt 498] at 19)). The accused games give no such alert, and perform no equivalent step.

Hearing and briefing of this motion should not be postponed due to any request by Aristocrat for more discovery under Rule 56(f). The facts relevant to this motion appear plainly on the face of the gaming machines as they are being played. Aristocrat has had years to see how the games are played and to determine whether they perform the "indicating" step. Aristocrat has completed its deposition of IGT's 30(b)(6) representative on operation of the accused gaming machines. *See* Michaelson Decl. at ¶ 1. Aristocrat's infringement contentions identify the purported "indicating" step as the initial appearance of the Ft. Knox vault doors, and that plainly does not meet the claim limitation as construed by the Court. Delay is not warranted. *See Nicholas v. Wallenstein*, 266 F.3d 1083, 1088-89 (9th Cir.2001) (district court did not abuse its discretion in denying motion for continuance under Rule 56(f) where plaintiffs had already conducted a large amount of informal

IGT'S MOTION FOR SUMMARY                     - 11 -            Case No.:  C-06-3717-RMW (RS)
JUDGMENT OF NON-INFRINGEMENT
BASED ON "INDICATING" STEP

discovery); *Mason Tenders Dist. Council Pension Fund v. Messera,* 958 F.Supp. 869, 894-95 (S.D.N.Y.1997) ("Relief under Rule 56(f) is not appropriate where the discovery allegedly desired pertains to information already available to the non-moving party"; internal quotations omitted).

IGT has limited this motion to the simplest non-infringement ground based on the Court's claim construction, and reserves the right to assert additional grounds of non-infringement if necessary.

## IV.   CONCLUSION

For the foregoing reasons, Aristocrat's claims of patent infringement against IGT should be dismissed, and the Court should enter judgment declaring that IGT does not infringe any claim of the '215 and '603 patents because the accused games do not perform the "indicating" step in the claims.

Dated this 2nd day of June, 2009.

By: s/  Jeffrey S. Love
    Robert T. Cruzen (Admitted *Pro Hac* Vice)
    rob.cruzen@klarquist.com
    Stephanie S. Irvine (Admitted *Pro Hac Vice*)
    stephanie.irvine@klarquist.com
    Jeffrey S. Love (State Bar No. 195068)
    jeffrey.love@klarquist.com
    Garth A. Winn (Admitted *Pro Hac Vice*)
    garth.winn@klarquist.com
    KLARQUIST SPARKMAN, LLP
    121 S.W. Salmon Street, Suite 1600
    Portland, OR  97204-2988
    Telephone:  (503) 595-5300
    Facsimile:  (503) 595-5301

    Eric L. Wesenberg (State Bar No. 139696)
    ewesenberg@orrick.com
    ORRICK, HERRINGTON & SUTCLIFFE LLP
    1000 Marsh Road
    Menlo Park, CA  94025-1015
    Telephone: (650) 614-7400
    Facsimile: (650) 614-7401

    *Attorneys for Defendants*
    INTERNATIONAL GAME TECHNOLOGY and IGT

IGT'S MOTION FOR SUMMARY                - 12 -              Case No.:  C-06-3717-RMW (RS)
JUDGMENT OF NON-INFRINGEMENT
BASED ON "INDICATING" STEP

**PROOF OF SERVICE**

The undersigned hereby certifies that on June 2, 2009, the foregoing **DEFENDANTS' MOTION FOR SUMMARY JUDGMENT OF NON-INFRINGEMENT BECAUSE THE "INDICATING" STEP IS NEVER PERFORMED DURING PLAY OF THE ACCUSED GAMES** was electronically filed with the Clerk of the Court using the CM/ECF System and that the same was served by electronic mail to the following:

>Terrence P. McMahon
>tmcmahon@mwe.com
>Anthony de Alcuaz
>adealcuaz@mwe.com
>MCDERMOTT WILL & EMERY LLP
>3150 Porter Drive
>Palo Alto, CA  94041
>
>Attorneys for Plaintiffs,
>Aristocrat Technologies Australia Pty Limited and Aristocrat Technologies, Inc.

                           s/  Jeffrey S. Love

CERTIFICATE OF SERVICE                                    Case No.:  C-06-3717-RMW (RS)