**E-FILED on** __06/17/09__

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| ARISTOCRAT TECHNOLOGIES, ARISTOCRAT PTY LIMITED and ARISTOCRAT TECHNOLOGIES, INC.,<br><br>Plaintiffs,<br><br>v.<br><br>INTERNATIONAL GAME TECHNOLOGY and IGT,<br><br>Defendants. | No. C-06-03717 RMW<br><br>ORDER ON MOTION FOR CLARIFICATION AND/OR MOTION FOR LEAVE TO FILE MOTION FOR RECONSIDERATION<br><br>[Re Docket No. 502] |

Aristocrat Technologies, et al. (collectively "Aristocrat") by its motion filed May 20, 2009 seeks clarification and/or leave to file a motion for reconsideration of the court's May 14, 2009 order construing claims of United States Patent Nos. 7,056,215 ("'215 Patent") and 7,108,603 ("'603 Patent") ("Claim Construction Order"). Although Civil L.R. 7-9(d) provides that no response need be filed concerning a motion for leave to file a motion for reconsideration unless the judge so orders, International Game Technology ("IGT") did file a response directed to the merits of the motions. Since both parties have now briefed the merits of the motions, the court finds that it can rule on the motions without the filing of further papers or holding a hearing. For the reasons stated below, the court grants Aristocrat's motion to clarify the construction of the phrase "after completion of said

1  first main game." The motion to clarify is otherwise denied and the motion for leave to file a motion
2  for reconsideration is denied.

### I. ANALYSIS

4  Aristocrat moves for clarification and/or leave to move for reconsideration of the court's
5  construction of two phrases: (1) "indicating the occurrence of the second game trigger condition";
6  and (2) "after completion of said first main game." IGT responds that clarification is not needed
7  and that reconsideration should be denied as the court's existing constructions are correct.

8  **A.** **"Indicating the Occurrence of the Second Game Trigger Condition . . ."**

9  The court construed the claim language "indicating the occurrence of the second game
10 trigger condition if one of the allotted numbers matches the selected random number" to mean "if
11 one of the allotted numbers is identical to the selected random number, [the player is alerted] during
12 the first main game that a second game will appear after the first game is complete." "Indicating the
13 occurrence" is different from and precedes the appearance and display of the second game." Claim
14 Construction Order 24:7-11. Aristocrat contends first that because the court did not include a
15 detailed discussion of the temporal limitations (the requirement that the indication precede the
16 second game) in its construction, the limitation may have been unintended. Second, Aristocrat
17 argues that the temporal limitation is inconsistent with the specification.

18 The court did intend to include the temporal limitation in its Claim Construction Order, and
19 Aristocrat's motion does not persuade the court that it was wrong in doing so. Although the order
20 does not specifically set forth the court's reasoning, the issue was discussed at the hearing on claim
21 construction. In any event, the plain language of claim 1 in both patents reflects that the occurrence
22 of the second trigger condition includes the "indicating" step as one of three numbered steps in
23 "causing the second game trigger condition." '215 patent 8:64-9:9, '603 patent 8:25-34. The claims
24 further provide that the "appear[ance]" of the second game is triggered "in response to," and
25 so necessarily after, "said occurrence of said second game trigger condition." '215 patent 9:10-13,
26 '603 patent 8:36-39. Therefore, indicating the occurrence of the second game trigger condition must
27 precede the appearance of the second game.

28

Aristocrat now argues that the specification language "when a jackpot feature game is triggered, all players are alerted by a jackpot bell that a possible grand jackpot is about to be played for" ('215 patent 7:41-42) does not suggest that the sounding of a jackpot bell necessarily occurs before the appearance of the second game.  Admittedly, the cited specification language, by itself, does not set forth a timing relationship between the indication of the occurrence of the second trigger condition and the appearance of the second game.  It only says that players are alerted that the jackpot is about to be played for.  Therefore, construing that specification language in isolation, it could be read to include a system that starts the second game before the players have been notified of the occurrence of the second trigger condition (by, for example, the ringing of a jackpot bell).  However, the specification cannot be read to broaden the claim language.  The claim limitation of "causing a second game trigger condition to occur" includes "indicating the occurrence of the second game trigger" and the "triggering a second game to appear" is "in response to said occurrence of said second game trigger."  Therefore, since the triggering of the appearance of the second game is in response to the occurrence of second game trigger (which the claim defines as including "indicating the occurrence"), the "indicating" necessarily occurs before the second game appears.  Further, nothing in the specification language cited by Aristocrat is inconsistent with this analysis.

### B.    "After Completion of Said First Main Game"

The court construed "after completion of said first main game" as meaning "after the wager has been lost or a non-progressive prize has been awarded pursuant to the rules of the first main game." Claim Construction Order 24:11-13.  Aristocrat argues that the construction is ambiguous because it is unclear "what an infringing product would have to do in order to effect an 'award.'" Mot. for Clarification/Reconsideration 3.  Aristocrat proposes that the language be construed to mean "after a determination of a winning or losing result on the first main game pursuant to the rules of the first main game." *Id.* at 4.  This newly proposed construction is consistent with what the court intended its construction to provide.  However, Aristocrat's proposed construction is a better articulation of what the court intended by the construction set forth in its Claim Construction Order. Therefore, the court adopts Aristocrat's proposed language:

ORDER ON MOTION FOR CLARIFICATION AND/OR MOTION FOR LEAVE TO FILE MOTION FOR RECONSIDERATION
—No. C-06-03717 RMW
JAS                                                         3

| Disputed Language | Court's Construction |
|---|---|
| "after completion of said first main game" | after a determination of a winning or losing result on the first main game pursuant to the rules of the first main game |

### C. Aristocrat's Letter Request For Briefing Deferral

On June 15, 2009, Aristocrat filed a letter request with the court seeking deferral of briefing on IGT's motion for summary judgment of non-infringement, on for hearing on July 10, 2009, because that motion shares some issues with the instant motion. Because the present order resolves the outstanding issues regarding the court's claim construction order, the court concludes that briefing on IGT's motion for summary judgment should remain due as scheduled.

## II. ORDER

For the reasons stated above, the court:

1. grants clarification of the construction of the language "after completion of said first main game" and construes the language as meaning: "after a determination of a winning or losing result on the first main game pursuant to the rules of the first main game"; and

2. denies the motions in all other respects.

DATED:     06/17/09

*Ronald M. Whyte*
RONALD M. WHYTE
United States District Judge

ORDER ON MOTION FOR CLARIFICATION AND/OR MOTION FOR LEAVE TO FILE MOTION FOR RECONSIDERATION
—No. C-06-03717 RMW
JAS                                    4

<div style="writing-mode: vertical-rl;">**United States District Court**
For the Northern District of California</div>

1 **Notice of this document has been electronically sent to:**

2 **Counsel for Plaintiff:**

3 Anthony R. de Alcuaz      adealcuaz@mwe.com
  Terrence Patrick McMahon  tmcmahon@mwe.com
4 Robert J. Blanch , Jr.    rblanch@mwe.com

5 **Counsel for Defendants:**

6 Jeffrey Stewart Love      jeffrey.love@klarquist.com
  Adam Randal Wichman       adam.wichman@klarquist.com
7 Gabriel M. Ramsey         gramsey@orrick.com
  Garth Alan Winn           garth.winn@klarquist.com
8 Kristin L. Cleveland      kristin.cleveland@klarquist.com
  Lane M Chitwood           lane.chitwood@klarquist.com
9 Patrick Marshall Bible    patrick.bible@klarquist.com
  Robert T. Cruzen          rob.cruzen@klarquist.com
10 Samir N. Pandya          samir.pandya@klarquist.com
  Stephanie Sue Irvine      stephanie.irvine@klarquist.com

Counsel are responsible for distributing copies of this document to co-counsel that have not registered for e-filing under the court's CM/ECF program.

**Dated:**     06/17/09                              JAS
                                            **Chambers of Judge Whyte**

ORDER ON MOTION FOR CLARIFICATION AND/OR MOTION FOR LEAVE TO FILE MOTION FOR RECONSIDERATION
—No. C-06-03717 RMW
JAS                                                 5