**E-FILED on** 07/29/09

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

ARISTOCRAT TECHNOLOGIES, ARISTOCRAT PTY LIMITED and ARISTOCRAT TECHNOLOGIES, INC.,

Plaintiffs,

v.

INTERNATIONAL GAME TECHNOLOGY and IGT,

Defendants.

No. C-06-03717 RMW

ORDER DENYING DEFENDANTS' MOTION FOR SUMMARY JUDGMENT OF NON-INFRINGEMENT BECAUSE THE "INDICATING" STEP IS NOT PERFORMED

**[Re Docket No. 526, 588, 598]**

Defendant International Game Technology ("IGT") moves for summary judgment of non-infringement because, under this court's claim construction, the accused devices do not perform one step of the accused method. Plaintiff Aristocrat Technologies, et al. (collectively "Aristocrat") contends that there are triable disputes of fact as to infringement, both literally and under the doctrine of equivalents. For the reasons stated below, the court denies IGT's motion for summary judgment of non-infringement.

**I. BACKGROUND**

Aristocrat, the patentee, and IGT are competitors in the market for electronic gambling machines. The relevant factual background and the court's claim construction are set forth in this



**United States District Court**
For the Northern District of California

court's May 14, 2009 order construing the claims of United States Patent Nos. 7,056,215 ("'215 Patent") and 7,108,603 ("'603 Patent"). Claim Construction Order, Case No. 06-CV-03717, Docket No. 498 ("Claim Construction Order"). Generally speaking the patents describe an innovation in electronic gaming machines in which the use of a second bonus game allows greater flexibility in game type as well as increased operator control over jackpot payouts. *See* Claim Construction Order 2-3 (summarizing the specification's description of the benefits of using a second feature game).

At issue in the present motion is the performance by the accused devices of the "indicating" step of the claimed method. The court construed the claim language "indicating the occurrence of the second game trigger condition if one of the allotted numbers matches the selected random number" as "if one of the allotted numbers is identical to the selected random number, alerting the player during the first main game that a second game will appear after the first game is complete. This indication is different from and precedes the appearance and display of the second game." *Id.* at 18-19, 24. Two disputes at claim construction are relevant here. First, the parties disagreed as to whether the indication must be made to the player or whether it could take place only in software. *Id.* at 18-19. The court concluded that, because the specification describes the purpose of the indicating step – attracting the attention of players – the indication must be made to the player. *Id.* Second, the parties disagreed as to whether the indication must be separate from, and displayed prior to, the beginning of the second game. *Id.* The court concluded that the indication must be displayed before the beginning of the second game. *Id.* at 24; Order re: Motion for Leave to Move to Reconsideration and/or Clarification 2-3 (Docket No. 560) ("Clarification Order").

On May 20, 2009 Aristocrat filed a motion for leave to move for reconsideration and/or clarification of the court's claim construction order on two grounds. First, Aristocrat argued that this court erred in including temporal limitations in its construction of the "indicating" step. Second, Aristocrat asked that the court clarify its construction of "after completion of the first main game" by modifying the construction to read "after a determination of a winning or losing result on the first main game pursuant to the rules of the first main game." On June 17, 2009, the court denied Aristocrat's motion for leave to move for reconsideration, but clarified its construction of "after completion of the first main game" by adopting Aristocrat's requested construction which was

consistent with and more clearly stated the court's intended construction. The present motion seeks summary judgment of non-infringement on the basis that the accused devices do not indicate to the player "during the first main game that a second game will appear after the first main game is complete."

## II. ANALYSIS

### A. Literal Infringement Under the "Indicating" Step

In order to literally infringe, IGT's accused devices must perform every step of the claimed method. *Muniauction, Inc. v. Thomson Corp.*, 532 F.3d 1318, 1328 (Fed. Cir. 2008). According to this court's claim construction, the patent requires that when the second-game trigger condition is met, the player is alerted "during the first main game that a second game will appear after the first game is complete. This indication is different from and precedes the appearance and display of the second game." Claim Construction Order 24. IGT argues that this construction imposes two requirements on the indication to the player that a second game will appear: first, that the indication must appear *during* the first main game; and second, that the indicated second game must appear *after* the first game is compete. IGT moves for summary judgment of non-infringement on the basis that the accused device can meet one, but not both, of these claim requirements.

In support of this claim, IGT offers the declaration of Richard Michaelson who testifies to the behavior of the accused gaming machines. Decl. of Richard Michaelson ISO IGT's Mot. for Summ. J. Non-Infringement ¶¶ 2-5 ("Michaelson Decl."). The declaration attaches as Exhibit 1 a video and audio recording depicting the play associated with various outcomes of a "Fort Knox" game. *Id.* Michaelson states that he operated the gaming machine in the recording on May 19, 2009, at IGT's offices. *Id.* ¶ 2. The video shows an electronic video screen depicting five columns of three symbols which spin like reels when the player touches the "spin" button. *Id.* at Exhibit 1 at time 0:09. When a player wins access to the "Fort Knox" bonus game, vault doors close across the screen from each side. *Id.* at time 0:16. "YOU ARE NOW ENTERING FORT KNOX!" appears in text on the screen and is spoken by a male voice. *Id.* at time 0:19. No notification to the player that he or she has won access to the Fort Knox bonus game appears before the closing of the vault doors. After a few seconds the vault doors part, revealing a grid of safes from which the player chooses,

and which choice apparently determines the progressive prize the player wins. *Id.* at time 0:21-0:58. The video depicts a variety of outcomes, including whether the player has or has not won the base game and whether the player has obtained or did not obtain a Fort Knox bonus. Michaelson Decl. ¶ 4 (describing the game outcomes in the video at particular time markers). Although the video itself only displays the play of the "Fort Knox" game, Michaelson states that "[e]ach game with a Ft. Knox, Party Time, Jackpot Hunter, or Wheelionaire bonus distributed by IGT operates similarly to the Ft. Knox game play described above and shown in the Exhibit 1 recording, in that the first indication to the player that a bonus round of any of those four kinds will appear is when the bonus round does appear and is displayed." *Id.* ¶ 5.

Aristocrat first contends that Michaelson does not provide any basis for his personal knowledge for the allegation that the "recording accurately shows the operation of the [base and bonus game] as they appear, display, and play during gambling by casino patrons on IGT gaming machines programmed with the Ft. Knox bonus." Pl.'s Opp. to Mot. for Summ. J. of Non-Infringement re: "Indicating" Step 2 ("Indicating Opp."). Aristocrat also suggests that the video is of an emulator as opposed to a functioning gaming machine. *Id.* In Michaelson's supplemental declaration in support of IGT's reply, he states that "[t]he video and audio recording attached as Exhibit 1 to my declaration . . . shows operation of a gaming machine, not an emulator. The gaming machine was programmed with the actual code that is executed in gaming machines used in casinos." Suppl. Michaelson Decl. re: "Indicating" Step ¶ 2 ("Suppl. Michaelson Decl."). Michaelson also states in his deposition that he is a staff engineer in IGT's legal department. Ex. A to Decl. of Robert Blanch ISO Aristocrat's Opp. 6:16-22. IGT also points out that neither Aristocrat nor Crevelt contends that the depicted game play is not representative of that which appears in casinos. IGT's Reply re: Summ. J. Based on "Indicating" Step 1 (hereinafter "Indicating Reply"). Although it is not entirely clear the personal knowledge basis on which Michaelson describes the software and devices at issue, he does state that he has personal knowledge, and Aristocrat provides no basis to doubt that assertion.

On the basis of the video, IGT contends that it cannot infringe. If the completion of the first main game occurs *before* the closing of the vault doors, which are the first notice to the player that a

United States District Court
For the Northern District of California

second game will appear, then no indication has been made to the player "during the first main game," and IGT does not infringe. On the other hand, if the completion of the first main game occurs *after* the closing of the vault doors, that completion must still occur before the second game begins, because the patent elsewhere requires that the second game "appear[] after completion of said first main game." '215 Patent at 9:12-13; '603 Patent at 8:38-39. According to IGT, no possible completion point for the first main game exists after the vault doors close but before the second game begins. Thus, argues IGT, the accused Fort Knox device cannot infringe, and IGT is entitled to summary judgment on that basis.

At the motion hearing, Aristocrat argued that summary judgment should be denied because the specific temporal limitation in this court's construction of the "indicating" step requiring that the indication appear "during the first main game" is incorrect and perhaps unintended. Aristocrat pointed out that, in the court's order on Aristocrat's motion for leave to move for reconsideration, the court's reasoning focused on the requirement that the indication precede the appearance of the second game, not whether the indication must be during the first main game. Aristocrat additionally argued that the claims and specification did not offer any support for requiring that the indication be "during" the first main game. The parties have not previously focused on the question of whether there could be some intervening period of time between the first and second games. As a result, the court's previous orders have not considered an indication appearing during the first main game and an indication appearing before the second game begins as having any significant difference.

IGT argues that the specification supports a "during" limitation. In a preferred embodiment, the specification states that "[p]layers are alerted by the jackpot bell instantaneously at any point *during* a game, but the feature game will not appear until the current game (including base game features) are completed." '215 Patent at 7:48-51 (emphasis added). As articulated in the court's order on Aristocrat's motion for clarification, the requirement that the indication appear before the second game arises primarily out of the claim language. Clarification Order 2-3. In contrast, there does not appear to be any specific basis in the claim language for requiring that the indication appear during the first main game. Furthermore, the cited portion of the preferred embodiment, as the court stated in its claim construction order, explains the purpose of indicating the occurrence of the

United States District Court
For the Northern District of California

second-game trigger: to attract attention of players. *See* Claim Construction Order 19. But attracting other players only requires that the indication appear before the second game starts; it is not critical that the first game still be in progress. Requiring the indication to occur during the first game would be improperly importing a limitation from the specification into the claim. *Phillips v. AWH Corp.*, 415 F.3d 1303, 1323 (Fec. Cir. 2005). The court concludes therefore that the indication need not appear during the first main game. The court will clarifies its previous claim construction as follows:

| **Disputed Language** | **Court's Construction** |
| --- | --- |
| "indicating the occurrence of the second game trigger condition if one of the allotted numbers matches the selected random number." | If one of the allotted numbers is identical to the selected random number, alerting the player that a second game will appear after the first game is complete. This indication is different from and precedes the appearance and display of the second game. |

Aristocrat argues that the computer code run by the accused devices includes routines that satisfy the "indicating" step. In his declaration, Aristocrat's expert, Dwight Crevelt, states that "there are routines in the Fort Knox and Party Time! [games] that ring a bell and then play an introductory animation if one of the allotted numbers matches the selected random number." Decl. of Dwight Crevelt ISO "Indicating" Opp. ¶ 9 (hereinafter "Crevelt Decl."). Crevelt also states that "an introductory screen indicating that the bonus round is about to start is displayed on the display screen . . . ." *Id.* ¶ 10. Although Crevelt does not identify it as such, based on the court's review of the video of the Fort Knox game, the introductory screen referred to appears to be the sequence in which the vault doors close over the screen and the text "YOU ARE NOW ENTERING FORT KNOX" appears on screen. Indeed, the language used – "You are now entering" – implies that the player is *not yet in* Fort Knox, but only entering it. This vault screen and the text overlay therefore raise a genuine issue of material fact as to whether the IGT machines indicate to the player that a second-game trigger condition has been satisfied.

Aristocrat also contends that code exists to ring a bell when the second-game trigger condition is satisfied. Crevelt Decl. ¶ 9. For the various games at issue, the parties dispute whether the bell sound begins simultaneously or before the animation introducing the second game. The

United States District Court
For the Northern District of California

ringing of a bell may satisfy the "indicating" step based upon the facts submitted, and, therefore, Aristocrat has raised a triable issue of fact with respect to the "indicating" step.

**B. Literal Infringement Under the "Triggering" Step**

IGT also argues briefly that the triggering step is not performed, and that summary judgment can alternatively be granted on that basis. IGT's Mot. for Summ. J. of Non-Infringement Based on "Indicating" Step 10. IGT contends that the base game does not complete until after the bonus round, and therefore that the "triggering"-step limitation ("said second game appearing after completion of said first main game") is not met. Since IGT filed its motion, the court clarified its construction of "after completion of said first main game" to read "after a determination of a winning or losing result on the first main game pursuant to the rules of the first main game." Clarification Order 3-4. The triggering step is not the focus of the parties' briefs, and the offered facts, in video and declaration form, and a genuine dispute of fact remains as to when the first main game completes, i.e. "when a determination of a winning or losing result" occurs "pursuant to the rules of the first main game." IGT's motion for summary judgment of non-infringement on the basis that the triggering step is not performed because the base game is complete after the bonus round is denied.

**C. Infringement Under the Doctrine of Equivalents**

The parties' arguments with regard to infringement under the doctrine of equivalents also depends on the temporal issue raised by the court's now-clarified construction of the "indicating" step. Summary judgment as to infringement under the doctrine of equivalents is therefore denied.

\\

\\

\\

\\

\\

\\

\\

\\

United States District Court
For the Northern District of California

**III. ORDER**

For the reasons stated above, the court:

1) construes the claim language "indicating the occurrence of the second game trigger condition if one of the allotted numbers matches the selected random number" to mean "if one of the allotted numbers is identical to the selected random number, alerting the player that a second game will appear after the first game is complete. This indication is different from and precedes the appearance and display of the second game."

2) denies IGT's motion for summary judgment of non-infringement, both literally and under the doctrine of equivalents;

3) denies as moot Aristocrat's motion to file a sur-reply and additional excerpts from the prosecution history.

4) denies as moot IGT's motion for leave to file a second supplemental declaration in support of summary judgment.

DATED: 07/24/09

Ronald M Whyte

RONALD M. WHYTE
United States District Judge

**Notice of this document has been electronically sent to:**

**Counsel for Plaintiff:**

| | |
|---|---|
| Anthony R. de Alcaeus | adealcuaz@mwe.com |
| Terrence Patrick McMahon | tmcmahon@mwe.com |
| Robert J. Blanch , Jr. | rblanch@mwe.com |

**Counsel for Defendants:**

| | |
|---|---|
| Jeffrey Stewart Love | jeffrey.love@klarquist.com |
| Adam Randal Wichman | adam.wichman@klarquist.com |
| Gabriel M. Ramsey | gramsey@orrick.com |
| Garth Alan Winn | garth.winn@klarquist.com |
| Kristin L. Cleveland | kristin.cleveland@klarquist.com |
| Lane M Chitwood | lane.chitwood@klarquist.com |
| Patrick Marshall Bible | patrick.bible@klarquist.com |
| Robert T. Cruzen | rob.cruzen@klarquist.com |
| Samir N. Pandya | samir.pandya@klarquist.com |
| Stephanie Sue Irvine | stephanie.irvine@klarquist.com |

Counsel are responsible for distributing copies of this document to co-counsel that have not registered for e-filing under the court's CM/ECF program.

**Dated:** 07/29/09

JAS
**Chambers of Judge Whyte**

**United States District Court**
For the Northern District of California