**\*E-Filed 10/30/09\***

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| ARISTOCRAT TECHNOLOGIES;<br>AUSTRALIA PTY LIMITED; and<br>ARISTOCRAT TECHNOLOGIES, INC.,<br><br>        Plaintiffs,<br>   v.<br><br>INTERNATIONAL GAME<br>TECHNOLOGY and IGT,<br><br>        Defendants.<br>_____/ | No. C 06-03717 RMW (RS)<br><br>**ORDER REGARDING PENDING DISCOVERY MOTIONS** |

In this patent infringement case,[1] plaintiffs Aristocrat Technologies, Australia PTY Limited, and Aristocrat Technologies, Inc. (collectively, "Aristocrat") and defendants International Game Technology and IGT (collectively, "IGT") have each filed several motions seeking discovery from the other. Specifically, the following discovery motions remain pending: (1) IGT's motion to compel interrogatory responses 2-8 and 10-13, Dkt. [191]; (2) IGT's motion to compel document production under Rule 37, Dkt. [214]; (3) IGT's motion for sanctions, Dkt. [242]; (4) IGT's motion to compel 30(b)(6) deposition testimony, Dkt. [243]; (5) Aristocrat's motion for a protective order,

---

[1] The factual background of this case has been detailed in prior orders and need not be reiterated here.

No. C 06-00371 RMW (RS)
ORDER REGARDING PENDING DISCOVERY MOTIONS

Dkt. [257]; and (6) Aristocrat's motion to compel inspection and interrogatory response, Dkt. [625]. The first five motions, which were filed between March 2007 and May 2007, are unresolved matters which were pending at the time this case was appealed to the Ninth Circuit and never ruled upon by the Court. The parties re-noticed the five motions after remand, and they were heard on August 26, 2009. The sixth motion was filed subsequent to the August 26 hearing and was deemed suitable for disposition without oral argument pursuant to Civil Local Rule 7-1(b). Each of these six motions is addressed, in turn, below.

A.  Legal Standard for Motions to Compel

Under the Federal Rules of Civil Procedure, parties may obtain discovery of any nonprivileged matter that is relevant to any party's claims or defenses, or "for good cause," discovery of any matter relevant to the subject matter involved in the action. Fed. R. Civ. P. 26(b)(1). "Relevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence." *Id.* District courts have broad discretion in resolving whether the information sought is relevant for discovery purposes. *Surfvivor Media, Inc. v. Survivor Prods.*, 406 F.3d 625, 635 (9th Cir. 2005). While the Federal Rules of Civil Procedure allow for liberal discovery, a party is not entitled to pursue requests if they are not reasonably calculated to lead to the discovery of admissible evidence. Fed. R. Civ. P. 26(b)(1).

A party may make a motion for an order to compel a disclosure pursuant to Fed. R. Civ. P. 37(a)(1). The Federal Rules provide that an evasive or incomplete disclosure, answer, or response is to be treated as a failure to disclose, answer, or respond. Fed. R. Civ. P. 37(a)(3). Furthermore, parties are under a duty to provide discovery regarding those facts that they know about as well as those of which they reasonably ought to have been aware. *Arthur v. Atkinson Freight Lines Corp.*, 164 F.R.D. 19, 20-21 (S.D.N.Y. 1995).

B.  IGT's Motion to Compel Interrogatory Responses (Nos. 2-8 & 10-13) (Dkt. [191])

This motion originally addressed eleven disputed requests in IGT's Second Set of Interrogatories. Through meet-and-confer efforts, the parties have reached agreement on nine of these eleven (Nos. 2-8, 10, and 13). The remaining interrogatories at issue are Requests 11 and 12.

1. <u>Interrogatory 11</u>

This interrogatory requests Aristocrat to: "[i]dentify and explain all facts, information or beliefs that tend to either enhance or reduce the alleged damages, including without limitation all facts, information and beliefs in your possession concerning the Georgia Pacific Factors or concerning any lost profits purportedly attributable to the alleged infringement." Aristocrat claims that it cannot produce the requested damages evidence without a report from its expert, but that this very report cannot be generated without supplemental fact discovery from IGT about damages incurred between 2007 and 2009. According to Aristocrat, IGT agreed to produce this discovery and has not done so. IGT, for its part, contends that Aristocrat can adequately respond to the interrogatory without the benefit of an expert report.

The plain wording of the interrogatory suggests that IGT's reading is correct: the interrogatory requests only "facts, information and beliefs *in [Aristocrat's] possession*." IGT does not request that Aristocrat produce evidence based on data it does not have. Accordingly, IGT's motion to compel is granted with respect to Interrogatory 11.

2. <u>Interrogatory 12</u>

In this interrogatory, IGT requests Aristocrat to "[e]xplain fully whether the following games, products, systems, software and/or controllers do or do not practice, or are or are not capable of practicing, any method claimed in the Asserted Patents, and your factual and legal bases for that." The request goes on to list ten such games or products. In an argument similar to its contentions regarding Interrogatory 11, Aristocrat claims it cannot undertake the expert analysis necessary to answer IGT's request unless IGT produces an "invalidity report" generated by its own expert. IGT again counters that expert analysis is not necessary to answer the request and that "identification of a patentee's own products that practice its patents is standard discovery taken in every patent infringement suit."

1    Aristocrat, as the plaintiff and the patent holder in this infringement suit, presumably is in
2 the position to identify which of its own products make use of the patented technology.  Therefore,
3 IGT's motion to compel is granted with respect to Interrogatory 12.

5 C.    **IGT's Motion to Compel Document Production Under Rule 37 (Dkt. [214])**
6    This motion concerns IGT document requests 7, 11, 14, 15, 19, 20, 21, and 27.  Of these, 7,
7 15, and 20 are either moot or the subject of pending negotiations.  Thus, the outstanding issues for
8 the Court's resolution concern requests 11, 14, 19, 21, and 27.
9    1.    Document Request 14
10   In this request, IGT seeks information about Aristocrat's licensing practices related to
11 technology of the asserted patents, including documents such as licensing agreements, covenants not
12 to sue, lease and sale agreements, etc.  Aristocrat, in its papers, proposes that this request be
13 geographically limited to the United States and temporally restricted to documents from June 2006
14 to the present.  At oral argument, however, Aristocrat represented that it was in the process of
15 producing documents without geographical limitation, and IGT responded that this would be
16 sufficient.  This dispute, therefore, appears to have been resolved, and the motion will be granted to
17 the extent of requiring production within the parameters negotiated by the parties.
18   2.    Document Requests 19 and 21
19   These two requests seek, in summary, (1) information regarding diligence or problems of
20 enablement and (2) information related to periods of time that differ from the priority date to which
21 Aristocrat contends the patents are entitled.  Aristocrat argues that it has already produced complete
22 documentation in response to these requests.  IGT, although it concedes that Aristocrat has provided
23 some responsive documents, nevertheless contends that "it remains unclear now whether Aristocrat
24 has completed production of all relevant information . . . IGT [therefore] still contends that it is
25 entitled to an order compelling production of these documents."
26   The arguments in this discovery dispute have become familiar in this case: one party claims
27 to have responded in full, while the other side suspects there may be more information being

1 withheld by the producing party. Without more specific information triggering some reason for
2 doubt, the Court must take the producing party—Aristocrat, in this instance—at its word when it
3 claims to have produced everything it has. IGT's motion to compel is therefore denied with respect
4 to document requests 19 and 21.

        3. <u>Document Requests 11 and 27</u>

These two requests seek information, which, according to IGT, is "specifically directed to the operation of Aristocrat's purported embodiments of the Hyperlink technology." Request 27 asks Aristocrat to produce "[d]ocuments and things sufficient to show the changes in the functionality, software, hardware or other redesigns of the Hyperlink Products between 1990 and the present. This includes without limitation documents evidencing any changes to [the] triggering mechanism and the reasons for such changes and documents evidencing the regulatory approval of any such changes or redesigns." Request 11 asks for "[a]ll documents and things showing the design, structure, operation, implementation, promotion, offers for sale, sales, or use of all versions of the following games, systems, software, controllers, and/or products prior to May 2000: [listing Hyperlink products]."

Aristocrat has offered to produce three examples of each of the requested document types, asserting that the differences between the functionality of its products in various jurisdictions in this country and around the world are usually negligible, and, in any event, irrelevant. IGT, however, insists that exemplars are insufficient, and only full production will be satisfactory, because "the question of changes Aristocrat made to its code in other jurisdictions, when those changes were made[,] and why Aristocrat made them[,] is a critical issue in this case." This issue is central, IGT contends, because the requested information helps determine whether the Hyperlink products practice the asserted patents, and thus whether they can be considered relevant for analyzing "commercial success."

From the evidence and arguments submitted by the parties, it is difficult to ascertain the parameters of the dispute surrounding these two document requests. The Court is left with no choice but to conclude that IGT has not met its burden of showing, with any clarity, that it is entitled

1  to relief on this portion of its motion, nor why Aristocrat's proffer of examples is unsatisfactory.
2  The motion to compel is therefore denied with respect to these document requests, except that
3  Aristocrat will be compelled to provide the examples of each document type it has already
4  proffered.

6  D.      IGT's Motion for Sanctions (Dkt. 242])
        IGT's Motion to Compel Rule 30(b)(6) Testimony (Dkt. [243])
7       Aristocrat's Motion for Protective Order (Dkt. [257])

9  These motions arise from a single incident that took place at IGT's deposition of Aristocrat
10 official Kieran Power.  During the course of the deposition, disputes arose over Power's assertions
11 of attorney-client privilege, ultimately triggering a walk-out by Aristocrat.  IGT then moved to
12 compel Mr. Power's testimony and requested that the Court sanction Aristocrat for Mr. Power's
13 invocations of privilege.  Aristocrat, on the other hand, moved for a protective order regarding the
14 same testimony.

15 As to IGT's motion for sanctions, a review of the deposition transcript and the associated
16 materials submitted by the parties reflects that sanctions are unwarranted.  Although Rule 37 permits
17 district courts to impose sanctions against a party who "fails to obey an order to provide or permit
18 discovery," Fed. R. Civ. P. 37(b)(2)(A), this power must be exercised with restraint.  *See Chambers*
19 *v. NASCO, Inc.*, 501 U.S. 32, 44-45 (1991).  A good faith assertion of a valid privilege (even if such
20 assertion later proves unsuccessful) is hardly the kind of shocking behavior warranting discovery
21 sanctions.  *Compare Dong Ah Tire & Rubber Co. v. Glasforms, Inc.*, No. C 06-3359 JF (RS), 2009
22 WL 1949124 (July 2, 2009) (imposing discovery sanctions on party who deliberately engaged in
23 spoliation of evidence).  IGT's motion for sanctions will therefore be denied.

24 As to IGT's motion to compel and Aristocrat's corresponding motion for protective order,
25 the most appropriate result, not disputed by the parties, is to resume the Power deposition and not to
26 count it against the discovery limits imposed by the presiding judge in this case.  As the parties
27 appear to be cooperating on this issue, albeit grudgingly, the motions to compel and for protective

No. C 06-00371 RMW (RS)
ORDER REGARDING PENDING DISCOVERY MOTIONS

1  order will both be denied, without prejudice to either party's ability to renew one or both of them

2  should they deem it necessary after Power is re-deposed.[2]

### E. Aristocrat's Motion to Compel Inspection and Interrogatory Response (Dkt. [625])

#### 1. Request for Inspection

This motion pertains to two disputed discovery requests to which, Aristocrat claims, IGT has not been sufficiently forthcoming. The first is Aristocrat's request for inspection of gaming machines described as follows: "Any other IGT Multi-level or Mystery Progressive video slot machine systems having the ability to award a progressive prize or prizes using a 'bonus round' and/or the ability to trigger a 'bonus round' using a trigger that has a probability of occurrence proportional to the wager amount." Negotiations between the parties appear to have yielded the agreement that this request should apply only to machines sold in the United States after June 6, 2006. IGT nevertheless contends that, even as so limited, the request is overbroad because it requires IGT to produce numerous machines that are unlikely to be accused of patent infringement. It also contends that producing the machines would be unduly burdensome because it would require IGT to "scour its facilities to determine which of the hundreds of gaming machines . . . either utilize a proportional trigger or have the ability to award a progressive prize or prizes."

Federal Rule of Civil Procedure 34 provides that "[a] party may serve on any other party a request within the scope of Rule 26(b): (1) to produce and permit the requesting party or its representative to inspect . . . (B) any designated tangible things; or (2) to permit entry onto designated land . . . so that the requesting party may inspect . . . any designated object or operation on it." Aristocrat bases its motion to compel inspection on both subsections. At base, the issue, under Rule 34, turns on whether the disputed request for inspection falls outside the "scope of Rule

---

[2] Associated with IGT's motion to compel (Dkt. [243]), IGT has requested leave to file under seal IGT's supplemental brief and accompanying declaration. *See* Dkt. [629] (redacted version of supplemental brief); Dkt. [630] (redacted version of accompanying declaration); Dkt. [631] (motion to file under seal); Dkt. [636] (Aristocrat's declaration in support of sealing motion). Having examined the declaration filed in support of the motion to seal by Aristocrat, the designating party, the Court concludes that the sealing motion should be granted.

1  26(b)." The test set forth in that Rule, as noted above, is whether a discovery request is "relevant,"
2  that is, whether it is "reasonably calculated to lead to the discovery of admissible evidence." Fed. R.
3  Civ. P. 26(b)(1).

4  Here, Aristocrat concedes that the IGT machines it seeks to inspect are not yet accused of
5  patent infringement, but argues that it is needs to "uncover whether certain additional IGT products
6  have the same or substantially similar features as the accused products." IGT, in opposition, points
7  out that "Aristocrat did not invent, and its patents do not claim, the concept of awarding a bonus
8  round where the probability of occurrence of the bonus round is proportional to a wager amount."
9  Rather, IGT claims, the patent Aristocrat seeks to defend covers, if any, only a small subset of the
10 machines encompassed within Aristocrat's inspection request.

11 In balancing the hardship to be borne by IGT against the likelihood that the proposed
12 inspection will yield relevant and admissible evidence, the balance tips in Aristocrat's favor—
13 particularly since Aristocrat is content to limit its inspection to only those IGT machines which
14 postdate June 6, 2006. Although compliance with the request may impose some hardship on IGT,
15 the generally liberal construction afforded to Rule 26 necessitates this result. Aristocrat's motion to
16 compel is therefore granted with respect to the disputed inspection request, limited to the time
17 period noted above.

18 2. <u>Interrogatory 11</u>

19 The threshold issue in this dispute concerns the parties' meet-and-confer efforts in
20 accordance with Civil Local Rule 37-1. IGT requests denial of the motion to compel because of
21 Aristocrat's alleged failure to confer. The evidence produced by both parties, however, indicates
22 that even though there was no formal meet-and-confer process between the time IGT submitted a
23 response to Interrogatory 11 and the time Aristocrat filed the instant motion, each party
24 communicated sufficiently to make its position clear to the other. While not an optimal effort to
25 resolve the dispute, the parties' conduct satisfied the minimum meet-and-confer requirements.[3]

---

[3] Associated with Aristocrat's motion to compel (Dkt. [625]), IGT has filed a motion for leave to file a surreply and supporting declaration in support of its opposition to Aristocrat's motion to

No. C 06-00371 RMW (RS)
ORDER REGARDING PENDING DISCOVERY MOTIONS

8

The interrogatory request itself resembles the inspection request discussed immediately above. Specifically, it asks IGT to "[i]dentify by name and model each IGT Multi-level or Mystery Bonus Progressive video slot machine that IGT made, used, leased, sold, or offered to sell in the United States after June 6, 2006, having the ability to award one of several progressive prizes using a 'Bonus Round' and having the ability to trigger a 'Bonus Round' using a trigger that has a probability of occurrence proportional to the wager amount." The parties essentially reiterate their respective arguments here: Aristocrat claims that the interrogatory will lead to the discovery of relevant and admissible evidence concerning machines that infringe on its patent; IGT claims that the request is overbroad and burdensome. For the same reasons recited above, Aristocrat is within its rights to seek production by IGT of the information requested in Interrogatory 11. The motion to compel is therefore granted with respect to this request.

F.   Conclusion

To summarize, IGT's motion to compel, Dkt. 191, is granted as to those portions which are still in dispute. IGT's motion to compel, Dkt. 214, is denied except that Aristocrat should produce the examples it has proffered in response to Document Requests 11 and 27. IGT's motion for sanctions, Dkt. 242, is denied. IGT's motion to compel, Dkt. 243, is denied. Aristocrat's motion for protective order, Dkt. 257, is denied. Aristocrat's motion to compel, Dkt. 625, is granted.

IT IS SO ORDERED.

Dated: 10/30/09

RICHARD SEEBORG
UNITED STATES MAGISTRATE JUDGE

---

compel. *See* Dkt. [652] (motion to file surreply); Dkt. [653] (accompanying declaration). The surreply IGT proposes to file appears to pertain solely to the parties' dispute over their meet-and-confer efforts. As the Court is satisfied that sufficient meet-and-confer took place, the motion for leave to file the surreply and declaration is denied.