*E-Filed 11/19/09*

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

ARISTOCRAT TECHNOLOGIES;
AUSTRALIA PTY LIMITED; and
ARISTOCRAT TECHNOLOGIES, INC.,

Plaintiffs,

v.

INTERNATIONAL GAME
TECHNOLOGY and IGT,

Defendants.

No. C 06-03717 RMW (RS)

**ORDER GRANTING IN PART AND DENYING IN PART DEFENDANTS' MOTION FOR PERMISSION TO DISCLOSE CONFIDENTIAL INFORMATION TO THEIR EXPERT WITNESS**

In this patent infringement case,[1] defendants International Game Technology and IGT (collectively, "IGT") request permission to disclose to their expert witness, Dr. Olaf Vancura, source code and other information designated as confidential by plaintiffs Aristocrat Technologies, Australia PTY Limited, and Aristocrat Technologies, Inc. (collectively, "Aristocrat"). Aristocrat objects to the disclosure, claiming that Vancura works for Aristocrat's competitors in the industry and that he will be in a position, in the future, to "use his knowledge gained from [Aristocrat's] source code . . . whether intentionally or unintentionally." To guard against such unauthorized use, Aristocrat proposes that Vancura be allowed to see the disputed information only if he signs a covenant not to compete.

---

[1] The factual background of this case has been detailed in prior orders and need not be reiterated here.

In disputes such as this, the Court's task is to balance IGT's interest in selecting the experts most beneficial to its case against Aristocrat's interest in protecting its source code and other confidential information from disclosure to competitors. *Advanced Semiconductor Materials Am. v. Applied Materials*, 1996 U.S. Dist. LEXIS 21459, at *8 (describing similar balancing analysis in trade secrets case); *Brown Bag Software v. Symantec Corp.*, 960 F.2d 1465, 1470 (9th Cir. 1992) (articulating balancing test between risk to designating party of inadvertent disclosure of trade secrets to competitors, against the risk to non-designating party that protection of trade secrets would impair prosecution of litigation).

On the one hand, IGT has indicated that the covenant proposed by Aristocrat would cause great hardship to IGT, and could perhaps even prompt Vancura to resign as an expert rather than limit his professional opportunities by signing a covenant not to compete. On the other hand, Aristocrat has indicated that the source code and other information which IGT wishes Vancura to evaluate is secret and potentially highly lucrative, and that Vancura owns his own design firm and bears significant competitive decision-making responsibilities. While there is no reason to question Vancura's intent to abide by the terms of the protective order, the concern of inadvertent disclosure remains, owing to the inherent difficulty in compartmentalizing confidential information apart from that gained from other sources.

These competing interests can best be balanced by requiring Vancura—if indeed he wishes to serve as an IGT expert who is privy to Aristocrat's confidential information—to sign a narrowly tailored covenant not to compete for a limited period of time. Specifically, IGT may disclose materials designated as "highly confidential" to Vancura continent upon his agreement to forego participation in the design, development, marketing, or sale of any linked progressive gaming products for one year from the date he returns all such designated material.

IT IS SO ORDERED.

Dated: 11/19/09

RICHARD SEEBORG
UNITED STATES MAGISTRATE JUDGE

No. C 06-03717 RMW (RS)
ORDER

2