TERRENCE P. MCMAHON (State Bar No. 71910)
tmcmahon@mwe.com
ANTHONY DE ALCUAZ (State Bar No. 65599)
adealcuaz@mwe.com
McDERMOTT WILL & EMERY LLP
275 Middlefield Road, Ste. 100
Menlo Park, CA 94025-4004
Telephone: (650) 815-7400
Facsimile: (650) 815-7401

Attorneys for Plaintiffs
ARISTOCRAT TECHNOLOGIES AUSTRALIA PTY LIMITED and ARISTOCRAT
TECHNOLOGIES, INC.

Robert T. Cruzen (State Bar No. 203658)
rob.cruzen@klarquist.com
Stephanie S. Nelson (Admitted *Pro Hac Vice*)
stephanie.nelson@klarquist.com
Jeffrey S. Love (State Bar No. 195068)
jeffrey.love@klarquist.com
Garth A. Winn (Admitted *Pro Hac Vice*)
garth.winn@klarquist.com
KLARQUIST SPARKMAN, LLP
121 S.W. Salmon Street, Suite 1600
Portland, Oregon 97204-2988
Telephone: (503) 595-5300
Facsimile: (503) 595-5301
(Counsel Continued on Subsequent Page)
*Attorneys for Defendants*

INTERNATIONAL GAME TECHNOLOGY and IGT

## UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

## SAN JOSE DIVISION

| | |
|---|---|
| ARISTOCRAT TECHNOLOGIES AUSTRALIA PTY LIMITED and ARISTOCRAT TECHNOLOGIES, INC., | Case No.: C-06-3717-RMW (RS) |
| Plaintiffs, | **STIPULATION AND AMENDED SCHEDULING ORDER** |
| v. | |
| INTERNATIONAL GAME TECHNOLOGY and IGT, | |
| Defendants. | |

AMENDED SCHEDULING
ORDER

Case No.: C-06-3717-RMW (RS)

1

Michael J. Bettinger (State Bar No. 122196)

2

mike.bettinger@klgates.com
Rachel R. Davidson (Sate Bar No. 215517)

3

rachel.davidson@klgates.com
K&L Gates LLP

4

Four Embarcadero Center, Suite 1200
San Francisco, California 94111-5994

5

Telephone:  (415) 882-8200
Facsimile:  (415) 882-8220

6

7

*Attorneys for Defendants*

8

INTERNATIONAL GAME TECHNOLOGY and IGT

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

AMENDED SCHEDULING
ORDER

Case No.:  C-06-3717-RMW (RS)

Pursuant to the Court's Order Extending Stay [Dkt 771], Plaintiffs Aristocrat Technologies Australia Pty Limited and Aristocrat Technologies, Inc. ("Aristocrat") and Defendants International Game Technology and IGT ("IGT") jointly submit this proposed Amended Scheduling Order.  The parties have reached some agreement regarding a proposed procedure for setting a trial schedule.  Part I, *infra*.  The parties disagree on certain other scheduling issues and set forth their positions in Parts II and III, respectively.  The parties have also compiled a list of all pending motions and agreed to a briefing schedule and hearing date for the pending motions that the parties believe may require a hearing.  Part IV, *infra*.

## I.   PROPOSED TRIAL SCHEDULE

The parties agree that at least some of the pending motions should be resolved before a trial schedule can be set, but disagree as to which motions should be resolved before the case is scheduled.

The parties agree that these three motions should be resolved before a trial schedule is set and have agreed to request that hearings upon these motions be heard on May 28, 2010:

    1.   Aristocrat's motion to file a second amended complaint to add a new patent and party [Dkt 686];

    2.   IGT's motion to file an amended answer and counterclaims [Dkt 702]; and

    3.   IGT's motion for additional discovery [Dkt 695].

IGT contends, but Aristocrat does not agree, that three additional motions should also be resolved before a trial schedule is set.  Those motions are discussed in Part II, *infra*.

The parties disagree on the date for a case management conference.  Aristocrat requests that the Court set a case management conference on June 25, 2010.  Aristocrat asserts that the parties were three weeks away from the close of discovery prior to the stay, the parties will have more than

AMENDED SCHEDULING ORDER        - 1 -        Case No.:  C-06-3717-RMW (RS)

two months to prepare for this case management conference, and may have the benefit of rulings on the above three motions by that time.  Aristocrat does not believe that there is good cause for further delay in setting discovery and trial deadlines.  IGT requests a conference on June 25, 2010 only if the pending motions discussed herein affecting scheduling are resolved; otherwise, IGT requests that the conference be set as soon as possible after the Court resolves the pending motions identified in Part I (which both parties agree affect scheduling) and the motions IGT identifies in Part II herein. The parties will submit a case management report one week before the conference.

As to discovery, Aristocrat contends that discovery should commence immediately since discovery was ongoing at the time of the stay, and the parties and the Court agreed in the stay Orders (Dkts 765 and 771) that the *status quo* should be maintained upon expiration of the stay.  Thus, pursuant to those Orders, discovery is now open as the stay has expired.  Aristocrat further contends that IGT's refusal to continue with discovery amounts to an improper self-imposed stay that will delay the proceedings unnecessarily, especially since discovery that was ongoing at the time of stay is unrelated and/or unaffected by any of the pending motions.  IGT contends that discovery should commence after the Court resolves the motions discussed herein.  Each of the pending motions significantly affect the scope of the factual and legal questions at issue in the case and proceeding with discovery prior to resolution of them will result in needless repetition of discovery by the parties and a waste of Court resources if discovery motions are unnecessarily briefed and heard.

AMENDED SCHEDULING          - 2 -          Case No.:  C-06-3717-RMW (RS)
ORDER

## II.  IGT'S MOTIONS TO BE RESOLVED BEFORE A TRIAL DATE IS SET

IGT believes that the Court should resolve the following three motions before setting a further case schedule and assigning a trial date.  Resolving them will either obviate a trial or substantially simplify the issues to be adjudicated at trial.[1]

1.  IGT's Motion to Stay Litigation Pending Resolution of the Parties' Arbitration (to be filed shortly).

2.  IGT's Motion for Summary Judgment of Noninfringement [Dkt 443].

3.  IGT's Motion for Supplemental Claim Construction [Dkt 649].

**The Court Should Stay This Action Pending Arbitration**.  On May 2, 2007, IGT moved to compel production of certain Aristocrat licenses because they could trigger a contractual right by IGT to license the patents in suit.  Dkt 205.  Based on facts recently alleged in Aristocrat's proposed amended complaint and certain license agreements Aristocrat produced in 2009 in response to IGT's motion to compel, IGT contends that a 2002 comprehensive settlement agreement between Aristocrat and IGT entitles IGT to a license to all patents asserted in this action.  The parties' agreement provides that if Aristocrat disagrees with that contention the parties must arbitrate the dispute.  Aristocrat has informed IGT that it likely will disagree, and accordingly IGT intends to promptly initiate arbitration after further negotiating this issue with Aristocrat.  Because such a license would moot Aristocrat's claims in this case, the Court should stay litigation pending resolution of the arbitration.  IGT intends to soon file a motion to stay that will more fully explain

---

[1] Aristocrat objects that IGT's substantive argument in Section II is improper pursuant to Local Rule 7-3(d), which states ". . . once a reply is filed, no additional memoranda, papers or letters may be filed without prior Court approval."  IGT has included arguments as to why its motion should be granted that is impermissible additional memoranda pursuant to the Local Rules and should not be considered by the Court.  Specifically, Aristocrat objects that most of IGT's statements regarding the *Muniauction* motion are impermissible additional memoranda in violation of the Local Rules.   IGT disagrees that this document constitutes an "additional memoranda" under the Local Rules.  It presents no new arguments or evidence in summarizing motions now fully briefed and pending.

the bases of IGT's contentions.  IGT will notice that motion for hearing on May 28, 2010, the same date the parties request the Court to set the three other motions discussed above for hearing.  IGT contends that the motion to stay should be resolved before any trial date is set.

### **The Court Should Rule On IGT's *Muniauction* Motion Before Setting A Trial Date**.

IGT requests that the Court rule on its pending summary judgment motion for non-infringement based on the Federal Circuit's opinion in *Muniauction, Inc. v. Thomson Corp*.  *See* [Dkt 443], filed February 19, 2009.  That motion has been fully briefed and argued.  The issue it presents is straightforward and simple: The *Muniauction* case provides that there can be no patent infringement unless a single actor performs every step of a claimed method.  Every claim in the asserted '215 and '603 patents requires steps by multiple actors.  For example, players are the actors "making a wager" and casinos are the actors "awarding a prize," and those two steps are elements of all asserted claims.  IGT presented its motion well over a year ago, and just one month after this case became active post-remand, arguing that this motion should promptly result in the dismissal of Aristocrat's claims.  After IGT filed its motion, Aristocrat sought extensive discovery to respond to it, but as subsequent briefing shows, none of that discovery raises a material issue of fact.  Responding to those irrelevant discovery requests, and otherwise prosecuting the case in the year since IGT filed its motion, has imposed a substantial, costly, time consuming and unnecessary burden on IGT.  *See* FRCP 1 ("These rules … should be construed and administered to secure the just, speedy, and inexpensive determination of every action and proceeding.").  None of the evidence adduced in response to IGT's motion changes the fact that the asserted claims require multiple actors, precluding a finding of infringement.  Since resolution of the motion could and should dispose of Aristocrat's claims, IGT respectfully asks the court to rule on it prior to the setting of a trial date.

AMENDED SCHEDULING ORDER
- 4 -
Case No.:  C-06-3717-RMW (RS)

**The Court Should Rule On IGT's Motion for Supplemental Claim Construction Before Setting A Trial Date**.  IGT's Motion for Supplemental Claim Construction [Dkt 649] should also be resolved before a further case schedule is set.  The parties agree that this motion may be resolved without a hearing.  The motion seeks clarification regarding two claim terms:  "after completion of said first main game" (who or what makes a "determination" of a winning or losing result and what is the source of "the rules of the first main game") and "causing a second game trigger condition to occur."  The supplemental constructions will affect many aspects of this case, including infringement and invalidity contentions, expert reports and opinions regarding non-infringement and invalidity and ongoing fact discovery, including upcoming depositions of 30(b)(6) designees.  Therefore, resolution of IGT's motion prior to the fact discovery cutoff and the deadline for submission of expert reports would assist the parties and narrow the issues for trial.

### III. ARISTOCRAT'S RESPONSE REGARDING IGT'S PROPOSAL FOR MOTIONS TO BE RESOLVED BEFORE A TRIAL DATE IS SET

The Court should not change the *status quo* prior to the stay.  Dkt 771, ¶ 2 ("To preserve the *status quo*, Plaintiffs and Defendants also jointly request that all motions or other matters presently under submission to this Court or to Magistrate Judge Seeborg (and now pending before Magistrate Judge Trumbull) be held in abeyance during that [stay] period and that no order upon any matter presently under submission issue during that period.").  At the time of the stay, the case was scheduled despite the pendency of the motions IGT now asserts should preclude scheduling.  Rulings upon the three motions that the parties agree should be resolved before the case is scheduled [Dkts 686, 702, 695] will impact compliance with the Patent Local Rules and define the scope of permitted discovery, particularly the number of permitted depositions, thus directly impacting scheduling.

AMENDED SCHEDULING ORDER                    - 5 -                    Case No.:  C-06-3717-RMW (RS)

However, changing the *status quo ante* based upon IGT's other three motions, its yet to be filed motion to stay pending arbitration, the previously pending motions for summary judgment, and IGT's motion for further claim construction, which as Aristocrat has pointed out is in fact a veiled motion for reconsideration, will only result in delay, which will operate to Aristocrat's detriment in violation of the Court's Orders regarding the stay to discuss settlement [Dkts 765 and 771]. Aristocrat disagrees that resolution of any of these other three motions will affect the case as IGT contends because they have no effect on scheduling and the trial date, and thus there is no reason to further delay the case based on IGT's unilateral requests. The parties stipulated and the Court expressly ordered in its February 10, 2010 Order that the stay not operate to the detriment of the parties, which will occur if the Court changes the *status quo* at the end of the stay as IGT requests here. Dkt 771, ¶ 4 ("Plaintiffs and Defendants have likewise agreed that the period of stay requested herein shall not inure to the benefit of or to the detriment of either Plaintiffs or Defendants . . . .").

Aristocrat also objects, as stated in footnote 1, that IGT's Section II contains impermissible additional memoranda in support of its motions in violation of Local Rule 7-3(d), and the arguments presented by IGT should be not considered by the Court.

**IV. PENDING MOTIONS AND PROPOSED HEARING SCHEDULE**

Pursuant to the Court's Order Extending Stay [Dkt 771], the parties provide the table set forth below, which reflects all pending motions, and agree to the provided hearing date and briefing schedules, where indicated.

| Docket Number | Title | Status | Proposed Hearing Date | Agreed Briefing Schedule |
|---|---|---|---|---|
| 266 | Defendants' Motion for Summary Judgment of Unenforceability Due to Prosecution Laches | Fully Briefed and Under Submission (Submitted w/o Argument at Hearing Held July 10, 2009 (Docket 622) | N/A | N/A |

AMENDED SCHEDULING ORDER                     - 6 -                 Case No.: C-06-3717-RMW (RS)

| 443 | Defendants' Notice of Motion and Motion for Summary Judgment of Non-Infringement | Fully Briefed and Under Submission (Hearing Held July 10, 2009 (Docket 622) | N/A | N/A |
|---|---|---|---|---|
| 601 | Plaintiffs' Motion to Amend its Disclosure of Asserted Claims & Preliminary Infringement Contentions | Fully Briefed and Under Submission (Hearing Held August 28, 2009 (Docket 654)) | N/A | N/A |
| 646 | Defendants' Motion for Leave to File a Motion for Reconsideration of Their Motion for Summary Judgment of Invalidity (Indefiniteness) | Fully Briefed | None set to date. IGT requests a hearing if one will assist the Court to resolve the motion. | N/A |
| 649 | Defendants' Motion for Supplemental Claim Construction | Fully Briefed | The parties agree to submit this motion on the papers unless the Court desires a hearing. | N/A |
| 683 | Plaintiffs' Administrative Request to File Under Seal Exhibits to the Declaration of Jeremy T. Elman in Support of Aristocrat's Motion for Leave to File Second Amended Complaint | Fully Briefed | N/A | N/A |
| 686 | Plaintiffs' Notice of Motion and Motion for Leave to File Second Amended Complaint | Briefing Incomplete (Plaintiffs' Reply in Support of Motion to be filed; Defendants' Motion for Leave to File Sur Reply to be filed) | May 28, 2010 | Aristocrat's Reply: May 3, 2010<br><br>IGT's motion for leave to file sur reply: May 10, 2010[2] |

[2] IGT will file a motion for leave to submit a sur reply to address facts arising since its opposition to Aristocrat's Motion for Leave to Amend was filed, which facts establish the current invalidity of the '014 patent and so the futility of Aristocrat's proposed amendment.  Specifically, Aristocrat filed on

| 695 | Defendants' Motion For Additional Depositions And To Take Depositions After The Discovery Deadline | Fully Briefed | May 28, 2010 | N/A |
|---|---|---|---|---|
| 702 | Defendants' Motion for Leave to File First Supplemental Answer and Counterclaims | Briefing Incomplete (Plaintiffs' Opposition to Motion to be filed; Defendants' Reply In Support of Motion to be filed) | May 28, 2010 | Aristocrat Opp.: May 3, 2010<br><br>IGT Reply: May 10, 2010 |
| 705 | Defendants' Administrative Request to file under seal (1) Portions of the Notice of Motion and Motion for Leave to File First Supplemental Answer and Counterclaims; (2) Portions of the First Supplemental Answer and Counterclaims; and (3) Certain Exhibits | Fully Briefed | N/A | N/A |
| 711 | Plaintiffs' Notice of Expedited Motion and Expedited Motion to Compel Responses to Plaintiffs' Document | Briefing Incomplete (parties were ordered by Magistrate Judge Seeborg on November 18, 2009 (Docket 764) to | N/A | The Parties to Submit Joint Letter to Judge Trumbull: |

April 1, 2010, with the United States Patent and Trademark Office a Petition to Revive the abandoned application to which the '014 patent claims priority. In so doing, Aristocrat implicitly conceded that the abandoned application and the application leading to the '014 were never co-pending because Aristocrat failed to file a petition to extend the time to respond to an office action regarding the parent application, precluding Aristocrat from claiming priority based on the abandoned application. The '014 patent is invalid as a result and amending the complaint to add it to the case would be futile.

Aristocrat disagrees with IGT's contention. There is no allegation or support for IGT's claims of invalidity of the '014 patent. The parent application of the '014 (not the '014 itself) was merely missing an extension of the time for a response to the PTO from three to six months. A petition to revive was properly filed solely to establish co-pendency between the parent application and the '014. PTO regulations and case law explicitly allow for such a petition solely to establish co-pendency. The petition to revive should therefore be granted, and IGT's argument will then be legally unsupportable because the Federal Circuit in this case established that "improper revival" of a patent application is not a defense to patent infringement. IGT's proposed sur reply is therefore unwarranted, and Aristocrat opposes the granting of any such sur reply.

| | | | | |
|---|---|---|---|---|
| | | Request Responses Nos. 3, 18, 22, 27-29 and 32-35 | meet and confer and submit a letter to Magistrate Judge containing three pages each side; parties met and conferred and resolved some of the disputes as will be detailed in the letter to Magistrate Judge) | | April 28, 2010 |
| | 736 | IGT Objections to Nondispositive Pretrial Decision Pursuant to Fed. R. Civ. Proc. 72(a) | Briefing Incomplete (Plaintiffs' to file a Response to Objection) | None set to date. | If Aristocrat Opposition filed:  May 10, 2010  If IGT Reply filed: May 17, 2010[3] |
| | 738 | IGT's Administrative Motion to Seal Certain Portions of Its Objections to Nondispositive Pretrial Decision | Fully Briefed | N/A | N/A |
| | 743 | Plaintiffs' Unopposed Administrative Request to file under seal Portions of Aristocrat's Opposition to Defendants' Motion for Additional Depositions and to Take Depositions after the Discovery Deadline and Exhibit to Declaration of Robert J. Blanch in support thereof | Fully Briefed | N/A | N/A |

Dated this 12th day of April, 2010.


s/  Anthony de Alcuaz                              s/  Robert T. Cruzen
Terrence P. McMahon                              Robert T. Cruzen (Admitted *Pro Hac Vice*)

---
[3] Aristocrat does not agree that a reply is permitted under the local rules.

AMENDED SCHEDULING ORDER                    - 9 -            Case No.:  C-06-3717-RMW (RS)

tmcmahon@mwe.com
Anthony de Alcuaz
adealcuaz@mwe.com
MCDERMOTT WILL & EMERY LLP
3150 Porter Drive
Palo Alto, CA  94041

*Attorneys for Plaintiffs and Counterclaim-Defendants*
ARISTOCRAT TECHNOLOGIES AUSTRALIA PTY
LIMITED AND ARISTOCRAT TECHNOLOGIES,
INC.

rob.cruzen@klarquist.com
Stephanie S. Nelson (Admitted *Pro Hac Vice*)
stephanie.nelson@klarquist.com
Jeffrey S. Love (State Bar No. 195068)
jeffrey.love@klarquist.com
Garth A. Winn (Admitted *Pro Hac Vice*)
garth.winn@klarquist.com
KLARQUIST SPARKMAN, LLP
121 S.W. Salmon Street, Suite 1600
Portland, Oregon  97204-2988
Telephone:  (503) 595-5300
Facsimile:  (503) 595-5301

Michael J. Bettinger (State Bar No. 122196)
mike.bettinger@klgates.com
Rachel R. Davidson (Sate Bar No. 215517)
rachel.davidson@klgates.com
K&L Gates LLP
Four Embarcadero Center, Suite 1200
San Francisco, California 94111-5994
Telephone:  (415) 882-8200
Facsimile:  (415) 882-8220

*Attorneys for Defendants*
INTERNATIONAL GAME TECHNOLOGY
and IGT

**ORDER**

The Court having read and considered the above Stipulation of the parties, **IT IS HEREBY ORDERED**:

1. Aristocrat's Motion for Leave to File a Second Amended Complaint to add a new patent and party [Dkt 686] shall be heard May 28, 2010, with a briefing schedule as follows:

   a. Aristocrat's Reply to be filed:  May 3, 2010

   b. IGT's motion for leave to file a sur reply to be filed:  May 10, 2010

AMENDED SCHEDULING ORDER                    - 10 -              Case No.:  C-06-3717-RMW (RS)

2.  IGT's motion to file an amended answer and counterclaims [Dkt 702] shall be heard

May 28, 2010 with a briefing schedule as follows:

    a.  Aristocrat Opposition to be filed:  May 3, 2010

    b.  IGT Reply to be filed:  May 10, 2010;

3.  IGT's motion for additional discovery [Dkt 695] shall be heard May 28, 2010.

4.  A case management conference is scheduled for July 23, 2010 at 10:30 a.m.

5.  The parties shall submit a joint case management report one week prior to the case

management conference.

**IT IS SO ORDERED.**

DATED: April 14, 2010

                      *Ronald M. Whyte*

                      RONALD M. WHYTE, JUDGE
                      UNITED STATES DISTRICT COURT

AMENDED SCHEDULING         - 11 -         Case No.:  C-06-3717-RMW (RS)
ORDER