**E-FILED on**   6/15/10

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| ARISTOCRAT TECHNOLOGIES, AUSTRALIA PTY LIMITED and ARISTOCRAT TECHNOLOGIES, INC.,<br><br>    Plaintiffs,<br><br>    v.<br><br>INTERNATIONAL GAME TECHNOLOGY and IGT,<br><br>    Defendants. | No. C-06-03717 RMW<br><br>ORDER GRANTING PLAINTIFFS' MOTION FOR ENTRY OF FINAL JUDGMENT<br><br>**[Re Docket Nos. 266, 601, 736, 777, 809, 851]** |

    Plaintiffs Aristocrat Technologies, et al. (collectively "Aristocrat") move for entry of final judgment of non-infringement. For the reasons set forth below, the court grants the motion.

## I. BACKGROUND

    Aristocrat filed suit against defendants International Game Technology and IGT (collectively "IGT"), alleging infringement of United States Patent Nos. 7,056,215 ("'215 Patent") and 7,108,603 ("'603 Patent"). IGT has asserted various defenses and counterclaims, including counterclaims for declaratory judgment of non-infringement, patent invalidity, and patent unenforceability due to inequitable conduct. On May 13, 2010, the court granted summary judgment of non-infringement

for both patents-in-suit. Aristocrat now moves for entry of final judgment of non-infringement pursuant to Federal Rule of Civil Procedure 54(b).

## II. ANALYSIS

The Federal Circuit has identified the following four avenues that a district court may take regarding counterclaims of invalidity and patent unenforceability after granting summary judgment of non-infringement: (1) proceed to trial on the counterclaims, (2) dismiss the counterclaims without prejudice, (3) direct entry of final judgment on the issue of non-infringement under Rule 54(b), or (4) certify the summary judgment order for interlocutory appeal.[1] *See Nystrom v. Trex Co., Inc.*, 339 F.3d 1347, 1350-51 (Fed. Cir. 2003). Thus, contrary to IGT's assertion, the court is not obligated to proceed on its counterclaims of invalidity and unenforceability. While the Supreme Court's decision in *Cardinal Chemical Co. v. Morton Int'l, Inc.*, 508 U.S. 83 (1993), prohibits the Federal Circuit from vacating a judgment of invalidity upon finding non-infringement, it "does not preclude the discretionary action of a district court, in an appropriate case, in dismissing an invalidity counterclaim without prejudice when it concludes a patent is not infringed." *Nystrom*, 339 F.3d at 1351; *see also Phonometrics, Inc. v. Northern Telecom Inc.*, 133 F.3d 1459, 1468 (Fed. Cir. 1998).

The court therefore considers whether entry of judgment pursuant to Rule 54(b) is appropriate in this case. Rule 54(b) permits the court to "direct entry of a final judgment as to one or more, but fewer than all, claims or parties only if the court expressly determines that there is no just reason for delay." Fed. R. Civ. Proc. 54(b). Judgment under Rule 54(b) is proper when: (1) there are multiple claims, (2) at least one of the claims has been adjudicated finally, and (3) the court finds no just reason for delay. *See Continental Airlines, Inc. v. Goodyear Tire & Rubber Co.*, 819 F.2d 1519, 1524 (9th Cir. 1987). It is undisputed that the first two prongs of this test have been met. The only question that remains is whether there is just reason for delay. In determining whether there is no just reason for delay, the court should consider factors such as "whether the claims under review were separable from the others remaining to be adjudicated and whether the nature of the claims

---

[1] In the Federal Circuit cases cited by IGT, the district court failed to take any of these four avenues and was reversed as a result. *See Fin Control Sys. Pty, Ltd. v. OAM, Inc.*, 265 F.3d 1311, 1321 (Fed. Cir. 2001) (district court *sua sponte* granted summary judgment of invalidity and unenforceability); *Fort James Corp. v. Solo Cup Co.*, 412 F.3d 1340, 1349 (Fed. Cir. 2005) (district court held that it lacked jurisdiction to hear the defendant's counterclaim for unenforceability).

already determined was such that no appellate court would have to decide the same issues more than once even if there were subsequent appeals." *W.L. Gore & Assocs., Inc. v. Int'l Med. Prosthetics Research Assocs., Inc.*, 975 F.2d 858, 862 (Fed. Cir. 1992) (quoting *Curtiss-Wright Corp. v. General Elec. Co.*, 446 U.S. 1, 8 (1980)). The court also considers whether the interest of judicial economy would be better served by granting judgment and permitting an immediate appeal on the issue of non-infringement or by proceeding with the remaining counterclaims such that all disputes could be addressed in a single appeal.

Aristocrat has indicated that it intends to appeal the court's grant of summary judgment of non-infringement. If the court's finding of non-infringement is affirmed, there would be no need to resolve the dispute over the validity of the patents-in-suit. This weighs in favor of permitting an immediate appeal on the issue of non-infringement and staying further proceedings on IGT's invalidity counterclaim pending the appeal. As for IGT's counterclaim of patent unenforceability, it appears that the issue of inequitable conduct raised by this counterclaim must be resolved regardless of the outcome of the appeal on the issue of non-infringement. If the court's finding of non-infringement is reversed, on remand, IGT's counterclaim for patent unenforceability would proceed to trial. If the court's finding of non-infringement is affirmed, IGT has indicated that it intends to move for attorneys' fees. In exceptional cases, the court may award reasonable attorneys' fees to the prevailing party. 35 U.S.C. § 285. Because inequitable conduct may provide a basis for finding an exceptional case, the court must make an inequitable conduct determination prior to ruling on the exceptional case issue. *Enzo Biochem, Inc. v. Calgene, Inc.*, 188 F.3d 1362, 1380 (Fed. Cir. 1999). Therefore, the court must resolve IGT's claim of inequitable conduct, either in the context of a counterclaim for patent unenforceability or in the context of a motion for attorneys' fees.

The court finds that the claim for infringement, which has been finally adjudicated, is separable from the remaining counterclaims of patent invalidity and unenforceability. The court's finding of non-infringement was based on limited claim construction and the Federal Circuit's holding in *Muniauction v. Thomson*, 532 F.3d 1318 (Fed. Cir. 2008). Though claim construction is relevant to both patent invalidity and unenforceability, it does not appear that there is much, if any, overlap between the terms that would need to be construed for the remaining counterclaims and the

limited claim construction that was dispositive on the issue of non-infringement. Moreover, as discussed below, duplicative effort can be avoided by staying further proceedings on invalidity and unenforceability to the extent these counterclaims are dependent on claim construction. The nature of the non-infringement claim is such that no appellate court would have to decide the same issues more than once even if there were subsequent appeals. In light of these considerations, the court finds no just reason for delay in entering final judgment on its finding of non-infringement.

Having determined that entry of judgment on non-infringement is appropriate, the court then turns to the issue of whether to stay the remaining counterclaims. The fact that affirmance of the court's non-infringement finding would obviate the need to resolve the dispute over validity weighs in favor of staying further proceedings on IGT's invalidity counterclaim pending the results of the appeal on non-infringement. However, IGT has expended substantial effort and expense in obtaining the right to depose Mr. Larkin, an Australian citizen, on issues relating to invalidity and has expressed concern regarding the potential for loss of memory or witness unavailability if it is not permitted to take Mr. Larkin's deposition at this time. Taking these factors into consideration, the court stays further action on IGT's invalidity counterclaim, with the exception that IGT may take Mr. Larkin's deposition.

As for IGT's patent unenforceability counterclaim, the fact that the issue of inequitable conduct must be resolved regardless of the outcome of the appeal on non-infringement weighs in favor of proceeding on IGT's inequitable conduct claims rather than staying these claims. Since inequitable conduct is an issue to be determined by the court rather than by a jury, there is also no concern that multiple juries would need to be empaneled, even if a jury trial is later required on the issues of validity and infringement. In addition, allowing IGT to take discovery relating to inequitable conduct now would prevent problems which may occur from loss of memory or witnesses becoming unavailable.

Aristocrat has raised the concern that proceeding on IGT's unenforceability counterclaim would result in wasted time, money, and effort if the Federal Circuit later overturns some of the court's claim construction. IGT's claim of inequitable conduct is based on two categories of allegations: (1) alleged misrepresentations and omissions to the Patent and Trademark Office

("PTO") as to the unintentional nature of the delay in filing a revival petition for the application that resulted in the '215 Patent and (2) the alleged failure to disclose various types of prior art to the PTO. Claim construction has no bearing on the former subset of allegations but is relevant to the latter subset of allegations because it may affect the materiality of the prior art that Aristocrat allegedly failed to disclose. While it does not appear likely that the limited claim construction relevant to the court's grant of summary judgment of non-infringement would affect IGT's prior art-based unenforceability counterclaim, it is possible that a changed claim construction could have some effect. Moreover, IGT has represented that there is substantial overlap between its prior art-based unenforceability counterclaim and its invalidity counterclaim. The court therefore stays further action with respect to IGT's prior art-based unenforceability counterclaim while proceeding with IGT's revival-based unenforceability counterclaim.

The status of pending motions are set forth below:

| Docket No. | Motion | Status |
|---|---|---|
| 266 | IGT's Motion for Summary Judgment of Enforceability Due to Prosecution Laches | Withdrawn |
| 601 | Aristocrat's Motion to Amend Its Disclosure of Asserted Claims and Preliminary Infringement Contentions | Moot |
| 646 | IGT's Motion for Leave to File a Motion for Reconsideration of IGT's Motion for Summary Judgment of Invalidity (Indefiniteness) | Stayed (validity) |
| 649 | IGT's Motion for Supplemental Claim Construction | Stayed (validity) |
| 695 | IGT's Motion for Additional Depositions and to Take Depositions After the Discovery Deadline | Under submission |
| 702 | IGT's Motion to File First Supplemental Answer and Counterclaims | Under submission |
| 736 | IGT's Objections to Magistrate Judge's Discovery Order Denying Motion to Compel Further 30(b)(6) Testimony and Requiring IGT to Produce Gaming Systems for Inspection | Moot except for dispute over scope of privilege waiver |

| Docket No. | Motion | Status |
|---|---|---|
| 777 | IGT's Motion to Stay Pending Arbitration and Designate Documents for Arbitration | Withdrawn except for request to designate documents for arbitration |
| 809 | IGT's Motion to File Surreply and Supplemental Declaration Regarding Aristocrat's Motion to Amend | Moot |

As set forth in the chart, IGT is permitted to withdraw its motion for summary judgment of unenforceability due to prosecution laches without prejudice. Because prosecution laches has been raised as an affirmative defense, further action on this issue is stayed pending the appeal on non-infringement.

With respect to IGT's objections to the magistrate judge's discovery order, the court will rule on the scope of the privilege waiver based on the papers submitted unless the parties request supplemental briefing on this issue within 10 days.

IGT's motion to designate documents for arbitration is denied without prejudice. The question of what documents should be produced to IGT by Aristocrat for the purposes of arbitration and what the level of disclosure should be for these documents appears to be appropriate for the arbitrator to decide.

### III. ORDER

For the foregoing reasons, the court:

1. Grants Aristocrat's motion for entry of final judgment of non-infringement;
2. Stays further action on IGT's invalidity counterclaim, with the exception that IGT is permitted to depose Mr. Larkin;
3. Stays further action on IGT's prior-art based unenforceability counterclaim;
4. Proceeds with IGT's revival-based unenforceability counterclaim;
5. Permits IGT to withdraw its motion for summary judgment of unenforceability due to prosecution laches without prejudice; and

6. Denies IGT's motion to designate documents for arbitration without prejudice.

DATED: 6/15/10

*Ronald M Whyte*
RONALD M. WHYTE
United States District Judge