IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| ARISTOCRAT TECHNOLOGIES, AUSTRALIA PTY LIMITED and ARISTOCRAT TECHNOLOGIES, INC.,<br><br>Plaintiffs,<br><br>v.<br><br>INTERNATIONAL GAME TECHNOLOGY and IGT,<br><br>Defendants. | No. C-06-03717 RMW<br><br>ORDER GRANTING IN PART AND DENYING IN PART DEFENDANTS' MOTION FOR LEAVE TO FILE FIRST SUPPLEMENTAL ANSWER AND COUNTERCLAIMS<br><br>**[Re Docket Nos. 702, 843]** |

Defendants International Game Technology and IGT (collectively "IGT") move for leave to file a First Supplemental Answer and Counterclaims ("FSAC"). For the reasons set forth below, the court grants the motion in part and denies the motion in part.

## I. BACKGROUND

Plaintiffs Aristocrat Technologies, Australia Pty Limited, and Aristocrat Technologies, Inc. (collectively "Aristocrat"), the patentee, and IGT are competitors in the market for electronic gaming machines. Aristocrat filed suit against IGT, alleging infringement of United States Patent Nos. 7,056,215 ("'215 Patent") and 7,108,603 ("'603 Patent"). IGT has asserted various defenses and

counterclaims, including patent unenforceability due to inequitable conduct. IGT now seeks to supplement its answer and counterclaims by: (1) adding allegations regarding its claim of inequitable conduct during the prosecution of the patent application leading to the patents-in-suit; (2) adding a new unclean hands defense and counterclaim for patent unenforceability based on an allegedly improper payment to the named inventor for his testimony; and (3) adding a new right to license defense and counterclaim.

## II. ANALYSIS

### A. Legal Standard for Amending and Supplementing Pleadings

When a party seeks to add to a pleading by setting out a transaction, occurrence, or event that happened after the date of the pleading, the party is seeking leave to supplement a pleading (as opposed to seeking leave to amend a pleading). Fed. R. Civ. Proc. 15(d). Regardless, the "legal standard for granting or denying a motion to supplement under Rule 15(d) is the same as for amending one under Rule 15(a)." *Paralyzed Veterans of America v. McPherson*, 2008 WL 4183981, at \*25 (N.D. Cal. Sept. 9, 2008). Federal Rule of Civil Procedure 15(a) provides that "[t]he court should freely give leave [to amend pleadings] when justice so requires." Rule 15's "policy of favoring amendments to pleadings should be applied with 'extreme liberality.'" *DCD Programs, Ltd. v. Leighton*, 833 F.2d 183, 186 (9th Cir. 1987) (quoting *United States v. Webb*, 655 F.2d 977, 979 (9th Cir. 1981)). The party opposing the amendment bears the burden of showing why leave to amend should not be granted. *Senza-Gel Corp. v. Seiffhart*, 803 F.2d 661, 666 (9th Cir. 1986).

Courts commonly consider the following four factors in determining whether to grant leave to amend: (1) bad faith, (2) undue delay, (3) prejudice to the opposing party, and (4) futility of amendment. *Id.* However, these factors are not given equal weight. "The single most important factor is whether prejudice would result to the nonmovant." *Id.* (citing *Williams Inglis & Sons Baking Co. v. ITT Cont'l Baking Co.*, 668 F.2d 1014, 1053 n.68 (9th Cir. 1981)). In addition "[f]utility of amendment can, by itself, justify the denial of a motion for leave to amend." *Bonin v. Calderon*, 59 F.3d 815, 845 (9th Cir. 1995). However, as a general matter, "delay, by itself, is insufficient to justify denial of leave to amend." *DCD Programs, Ltd.*, 833 F.2d at 186.

### B. Inequitable Conduct Allegations

It is undisputed that IGT should be permitted to amend its answer and counterclaims to add to its allegations of inequitable conduct during the prosecution of the patent application leading to the asserted patents, based on information that had previously been withheld due to Aristocrat's claim of privilege.

### C. Unclean Hands Defense and Counterclaim

As for IGT's new unclean hands defense and counterclaim, there does not appear to be any bad faith, undue delay, or prejudice to Aristocrat. Aristocrat contends that IGT's unclean hands claim is futile. A claim is futile if "no set of facts can be proved under the amendment that would constitute a valid claim or defense." *Miller v. Rykoff-Sexton, Inc.*, 845 F.2d 209, 214 (9th Cir. 1988). The court thus considers whether IGT's allegations fail to state a claim for unclean hands.

The doctrine of unclean hands applies "only where some unconscionable act of one coming for relief has immediate and necessary relation to the equity that he seeks in respect of the matter in litigation." *Keystone Driller Co. v. General Excavator Co.*, 290 U.S. 240, 245 (1933). In applying this doctrine, the court is "not bound by formula or restrained by any limitation that tends to trammel the free and just exercise of discretion." *Id.* at 245-46.

IGT alleges that Aristocrat paid Scott Olive, the named inventor of the patents-in-suit, AU $100,000 for his testimony in this litigation and in another litigation. FSAC ¶ 378. According to IGT, this payment violated both federal statutes and the California Rules of Professional Conduct. The Federal Anti-Gratuity Statute prohibits paying witnesses for testimony but allows compensation for expenses and lost time. 18 U.S.C. §§ 201(c)(2), (d). Similarly, California Rule of Professional Conduct 5-310(B) prohibits paying witnesses compensation that is contingent upon the content of their testimony or the outcome of the case but allows payment for expenses and lost time. Aristocrat does not dispute that Mr. Olive was paid AU$100,000 but contends that the payment was reasonable compensation for his time as a litigation consultant, not payment for his testimony as a fact witness. Consultants and expert witnesses may be paid reasonable fees for their time. *See* 18 U.S.C. § 201(d); Cal. Rule of Prof'l Conduct 5-310(B)(3); *Ellison Educ. Equip., Inc. v. Chen*, 2004 U.S. Dist. LEXIS 26947, at *56-57 (C.D. Cal. Dec. 21, 2004) (finding that a consulting agreement with

inventor is "no different than an expert witness who is paid for his time" and does not violate public policy).

IGT has failed to allege facts demonstrating that Mr. Olive was improperly paid for his testimony rather than being compensated as a litigation consultant. IGT alleges that Mr. Olive was already contractually bound to assist Aristocrat in litigation involving the patents-in-suit. FSAC ¶ 377. However, the contracts requiring Mr. Olive to assist in the litigation only require his general cooperation and testimony as a fact witness; they do not require him to provide consulting services as well. Dkt. No. 788 Exs. 7, 8. Thus, compensating Mr. Olive separately for his consulting services would not be duplicative or unreasonable. IGT also alleges that Mr. Olive was paid a lump sum amount of AU$100,000, regardless of how much time he spent testifying or consulting. Dkt. No. 812 at 9. However, IGT has failed to allege any facts indicating that this lump sum payment was unreasonable in light of the time and services anticipated or actually provided by Mr. Olive. Moreover, IGT has not alleged that the payment resulted in any false or suppressed testimony by Mr. Olive.

The court finds that IGT has failed to plead sufficient facts showing that Aristocrat committed an unconscionable act, which is required to state a claim for unclean hands. The court therefore denies without prejudice IGT's motion to add an unclean hands defense and counterclaim.

### D. Right to License Defense and Counterclaim

As for IGT's right to license defense and counterclaim, there does not appear to be any bad faith or prejudice to Aristocrat. The parties dispute whether IGT unduly delayed in seeking leave to assert this defense and counterclaim. According to Aristocrat, IGT should have known that it had a right to license claim when it filed its answer and counterclaim in July 2006 because Aristocrat had been selling and leasing patented products since January 2002. However, IGT's right to license claim is based on specific clauses in agreements that refer to licensing of patent rights. IGT did not have access to signed agreements containing such clauses until late July 2009. Dkt. No. 813 ¶ 3. On November 4, 2009, Aristocrat notified IGT that it had completed production of customer agreements in response to IGT's production request. *Id.* On November 6, 2009, IGT filed this motion seeking to

assert a right to license defense and counterclaim. The court finds that it was not unreasonable for IGT to wait until Aristocrat finished producing agreements that might bear on its right to license claim before filing a motion for leave to supplement its answer and counterclaims. Moreover, even if the three month delay was unjustified, "delay, by itself, is insufficient to justify denial of leave to amend." *DCD Programs, Ltd.*, 833 F.2d at 186.

Aristocrat also argues that IGT's right to license claim is futile because: (1) it must be arbitrated, and (2) the claim lacks merit. IGT agrees that the right to license dispute should be arbitrated and had previously filed a motion to stay this action pending arbitration. In light of the parties' apparent agreement that this dispute should be arbitrated, the court refrains from addressing Aristocrat's arguments as to the merits of IGT's right to license claim. The court grants IGT's motion to add a right to license defense and counterclaim and stays proceedings on this issue pending arbitration.

### III.  ORDER

For the foregoing reasons, the court grants:

1. Grants IGT's motion for leave to supplement its answer and counterclaims by adding allegations regarding its claim of inequitable conduct and by adding a right to license defense and counterclaim;

2. Denies without prejudice IGT's motion to supplement its answer and counterclaims with an unclean hands defense and counterclaim; and

3. Stays further action with respect to IGT's right to license defense and counterclaim pending arbitration.

DATED:      6/15/10

*Ronald M Whyte*
RONALD M. WHYTE
United States District Judge

ORDER GRANTING IN PART AND DENYING IN PART DEFENDANTS' MOTION FOR LEAVE TO FILE FIRST SUPPLEMENTAL ANSWER AND COUNTERCLAIMS   —No. C-06-03717 RMW
CCL                                                                    5