**United States District Court**
For the Northern District of California

1

2

3

4                                              **E-FILED on** ___8/3/10_____

5

6

7

8                    IN THE UNITED STATES DISTRICT COURT

9              FOR THE NORTHERN DISTRICT OF CALIFORNIA

10                          SAN JOSE DIVISION

11

12   ARISTOCRAT TECHNOLOGIES,               No. C-06-03717 RMW
     AUSTRALIA PTY LIMITED and
13   ARISTOCRAT TECHNOLOGIES, INC.,

14              Plaintiffs,                  ORDER DENYING DEFENDANTS'
                                            MOTION FOR ADDITIONAL
15         v.                               DEPOSITIONS AND GRANTING
                                            DEFENDANTS' MOTION TO TAKE
16   INTERNATIONAL GAME TECHNOLOGY          DEPOSITIONS AFTER THE DISCOVERY
     and IGT,                               DEADLINE
17
                Defendants.                 **[Re Docket No. 695]**
18

19

20   ─────────────────────────────

21

22        Defendants International Game Technology and IGT (collectively "IGT") move for four

23   additional depositions and to take depositions after the discovery deadline.  For the reasons set forth

     below, the court denies the motion for additional depositions and grants the motion to take
24
     depositions after the discovery deadline.
25
                                    **I.  BACKGROUND**
26
          Aristocrat Technologies, et al. (collectively "Aristocrat"), the patentee, and IGT are
27
     competitors in the market for electronic gaming machines.  On June 12, 2006, Aristocrat filed suit
28

1  alleging infringement of United States Patent No. 7,056,215 ("'215 Patent").  When United States

2  Patent No. 7,108,603 ("'603 Patent") issued, Aristocrat added this patent to the suit.  On June 13,

3  2007, the court granted IGT's motion for summary judgment, holding that the patents were invalid.

4  Aristocrat appealed to the Federal Circuit.  On September 22, 2008, the Federal Circuit reversed and

5  remanded to this court for further proceedings.

6       Aristocrat and IGT have had a longstanding dispute over attorney-client privilege issues.

7  IGT has sought to depose witnesses on the subject of Aristocrat's abandonment, delay, and revival of

8  the patent application that led to the asserted patents in this case.  In the past, Aristocrat has blocked

9  this line of questioning by asserting attorney-client privilege.  On August 19, 2009, Aristocrat

10  waived attorney-client privilege with regard to communications relating to the prosecution of the

11  asserted patents.  Now IGT moves for leave to take four additional depositions beyond the ten

12  depositions permitted by the March 19, 2007 pretrial scheduling order.  In addition, IGT moves to

13  allow it to take depositions after the close of discovery.

14       On November 19, 2009, Aristocrat and IGT stipulated to a stay in this action, including a

15  stay of discovery, for a period of 90 days to allow for settlement discussions.  Dkt. No. 761.  The

16  parties then stipulated to extending the stay until March 31, 2010.  Dkt. No. 769.  Prior to the stay,

17  fact discovery was scheduled to end on December 11, 2009.  Dkt. No. 570-1.  Thus, at the time the

18  parties entered into the stipulated stay agreement, there remained 22 days before the close of fact

19  discovery

20                              **II.  ANALYSIS**

21       **A.      Four Additional Depositions**

22       IGT requests leave to take four additional depositions beyond the ten depositions

23  presumptively granted pursuant to the Federal Rules of Civil Procedure.  The Advisory Committee

24  Note to the 1993 Amendment to Federal Rule of Civil Procedure 30 states, "[l]eave to take

25  additional depositions should be granted when consistent with the principles of Rule 26(b)(2)."  As

26  set forth in Rule 26(b), leave should be granted to take additional depositions unless:

27       (I) the discovery sought is unreasonably cumulative or duplicative, or can be obtained from
     some other source that is more convenient, less burdensome, or less expensive; (ii) the party

28   seeking discovery had ample opportunity to obtain the information by discovery in the

**United States District Court**
For the Northern District of California

United States District Court
For the Northern District of California

1  action; or (iii) the burden or expense of the proposed discovery outweighs its likely benefit,
2  considering the needs of the case, the amount in controversy, the parties' resources, the
   importance of the issues at stake in the action, and the importance of discovery in resolving
3  the issues.

*Presidio Components, Inc. v. American Technical Ceramics Corp.*, 2009 WL 861733, at *2

(S.D.Cal. 2009).

IGT seeks to use these additional four depositions to depose counsel involved in prosecution

of the patent application that eventually led to the asserted patents in this case, namely the law firm

of F.B. Rice and one of its attorneys, Mr. Christopher Owens, and the law firm of Katten Muchin

Rosenman, LLP ("Katten") and one of its attorneys, Mr. Serle Mosoff.  IGT argues that it is entitled

to explore Aristocrat's role in the abandonment of the patent application that led to the asserted

patents as part of its inequitable conduct counterclaim.

Aristocrat does not claim that these additional depositions would be unreasonably cumulative

or duplicative, or that the information sought can be obtained from a more convenient source.  Nor

does Aristocrat contend that the burden of additional depositions would outweigh the likely benefit

of the depositions.  Aristocrat's only argument for why these additional depositions should not be

allowed is that IGT had ample opportunity to obtain the information it seeks without four additional

depositions.  In particular, Aristocrat argues that: (1) IGT raised this issue of needing additional

depositions too late in the game, and (2) IGT could have used depositions within its ten deposition

limit to depose Aristocrat's patent prosecution counsel.

Advisory Committee Note to the 1993 Amendment to Federal Rule of Civil Procedure 30

provides that "[c]onsideration should ordinarily be given at the planning meeting of the parties under

Rule 26(f) and at the time of a scheduling conference under Rule 16(b) as to enlargements or

reductions in the number of depositions, eliminating the need for special motions."  IGT argues that

it needs additional depositions because Aristocrat engaged more than one law firm in prosecuting its

patent application.  However, this is not a newly discovered fact.  Aristocrat contends that IGT was

well aware of the relevance of each of the four witnesses it seeks to depose as early as 2006.

Rather than seeking additional depositions at an earlier scheduling conference, IGT waited until

November 6, 2009, roughly one month before the close of discovery, to file a motion seeking

additional depositions.  Even assuming that IGT had not considered deposing patent prosecution counsel until Aristocrat waived attorney-client privilege (which Aristocrat disputes), IGT has failed to explain why it waited more than two months to file a motion seeking additional depositions.

Although the lateness of the privilege waiver does offer some basis for allowing further discovery on inequitable conduct issues, IGT has failed to show good cause as to why it needs more than ten depositions.  When Aristocrat waived privilege on August 19, 2009, IGT still had six depositions remaining.  Dkt No. 742 ¶ 9.  Moreover, due to Aristocrat's recent waiver of privilege, IGT has already been granted the opportunity to retake the deposition of Mr. Shahan Islam, who was a partner at Katten, the law firm that handled the prosecution of the patent application at issue.  IGT contends that Mr. Islam is the one who made misrepresentations to the United States Patent and Trademark Office.  IGT has also been granted the opportunity to redo its Rule 30(b)(6) deposition of Aristocrat due to the recent privilege waiver.  In light of the fact that IGT may redo two depositions and had six more left when the privilege waiver was made, it does not appear that IGT has been greatly prejudiced by the lateness of the privilege waiver.  While IGT is correct that it is not at fault for the fact that Aristocrat engaged more than one law firm in prosecuting its patent application, IGT has failed to show the court why it needs more than ten depositions to gather information, including facts regarding Aristocrat's role in the abandonment of the patent application.

**B.      Taking Depositions after the Discovery Deadline**

IGT seeks permission to take depositions after the fact discovery deadline of December 11, 2009.  To modify a case schedule, the moving party must show "good cause" under Rule 16(b)(4).  Under Rule 16(b)'s "good cause" standard, courts primarily consider the diligence of the party seeking the modification.  *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 609 (9th Cir. 1992).  It is appropriate to modify a case schedule when the schedule "cannot reasonably be met despite the diligence of the party seeking the extension."  *Id.* (citing Fed. R. Civ. P. 16 Advisory Committee's Notes).

With respect to the deposition of Mr. Larkin, the court finds that IGT has been sufficiently diligent in seeking this deposition.  Mr. Robert Larkin is an Australian citizen and the developer of a governmental gaming protocol that is prior art to Aristocrat's asserted patents in this case.  On June

11, 2009, IGT issued a letter of request under the Hague Convention, seeking authorization for the deposition of Mr. Larkin.  Australian authorities authorized this deposition in October 2009.  However, Aristocrat's counsel was unavailable between November 6, 2009 and November 30, 2009, and the parties stipulated to a stay of the action that lasted from November 19, 2009 until March 31, 2010.  Therefore, the court grants IGT's motion to take Mr. Larkin's deposition after the original discovery deadline of December 11, 2009.

In addition, to the extent other depositions (within the ten deposition limit) were noticed to take place prior to December 11, 2009 and did not occur due to the stipulated stay that was entered into on November 19, 2009, the parties may also take these depositions after the original discovery deadline of December 11, 2009.

Discovery is thus re-opened for these depositions with a new deadline to be agreed upon by the parties or set by the court, if necessary.  As for the additional document production that IGT contends should occur due to Aristocrat's privilege waiver, IGT may seek to remedy any such deficiencies by filing a motion to compel with the magistrate judge.

### III.  ORDER

For the foregoing reasons, the court denies IGT's motion for additional depositions without prejudice and grants IGT's motion to take certain depositions after the discovery deadline.

DATED:_____8/3/10_____

_Ronald M Whyte_
RONALD M. WHYTE
United States District Judge

ORDER DENYING DEFENDANTS' MOTION FOR ADDITIONAL DEPOSITIONS AND GRANTING DEFENDANTS' MOTION TO TAKE DEPOSITIONS AFTER THE DISCOVERY DEADLINE   —No. C-06-03717 RMW
CCL                                                                    5