**E-FILED on** 10/29/10

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| ARISTOCRAT TECHNOLOGIES, AUSTRALIA PTY LIMITED and ARISTOCRAT TECHNOLOGIES, INC., <br><br> Plaintiffs, <br><br> v. <br><br> INTERNATIONAL GAME TECHNOLOGY and IGT, <br><br> Defendants. | No. C-06-03717 RMW <br><br> ORDER GRANTING IN PART AND DENYING IN PART MOTION TO STRIKE <br><br> [Re Docket No. 917] |

International Game Technology and IGT (collectively "IGT") move to strike portions of Aristocrat Technologies, Australia Pty Limited, and Aristocrat Technologies, Inc. (collectively "Aristocrat")'s first amended answer. In particular, IGT contends that the following paragraphs in Aristocrat's first amended answer should be stricken as non-responsive and the corresponding paragraphs in IGT's first supplemental answer and counterclaims should be deemed admitted: 9, 16, 17, 30, 42, 49, 53, 54, 229, 241, 252, 268, 269, 271, 273, 292.

Paragraphs 30, 42, and 54 of Aristocrat's first amended answer fail to admit or deny IGT's allegation that the attached Exhibits B, C, and D are true copies of documents in the prosecution history. The court strikes Aristocrat's equivocal statements regarding these documents and deems these allegations admitted, with the caveat that to the extent Aristocrat contends that the top line of a document has been cut off in the exhibit, Aristocrat may amend its answer to so state.

Aristocrat has agreed to amend eleven of the sixteen paragraphs in dispute to address the issues raised by IGT. The court grants Aristocrat permission to amend its answer as proposed, with the exception of the statements regarding Exhibits B and C as set forth above, and thus denies the motion to strike as to these paragraphs, assuming the second amended answer is filed within 10 days.

The remaining five paragraphs in dispute are paragraphs 54, 268, 269, 273, and 292. Paragraph 268 of Aristocrat's first amended answer fails to admit or deny IGT's allegation that Islam sent a document:

> with the express mail certification altered to read January 3, 2002; with the signature block altered to recite Islam's former Rosenman & Colin LLP signature block as would have been in effect in January 2002 prior to that firm's merger with Katten Muchin Zavis LLP; and the document date altered to read January 3, 2002.

Aristocrat made clear at the hearing on October 29, 2010 that it did not dispute that the express mail certification, the signature block, and the document date were different from that on the Second Preliminary Amendment filed with the Patent Office on July 18, 2002 but that it lacked sufficient knowledge or information to form a belief as to whether these items had been altered. The court therefore requires Aristocrat to amend paragraph 268 of its answer to admit these differences.

In all other respects, the motion to strike is denied. At the hearing on October 29, 2010, both parties acknowledged that requiring Aristocrat to admit or deny the remaining allegations would have no effect on the proof that will be presented to the court at trial. Moreover, based on the arguments raised at the hearing, the court is concerned that, even with further amendment of the answer, the parties will quibble as to what has or has not been admitted. For example, admission that Islam sent a document that was "altered" or that "[t]he circumstances surrounding the entire delay" was material is likely to be interpreted differently by the parties.

For the foregoing reasons, the court grants IGT's motion in part and denies it in part as follows:

1. The court strikes Aristocrat's equivocal statements regarding the attached Exhibits B, C, and D in paragraphs 30, 42, and 54 of Aristocrat's first amended answer and deems these allegations admitted, with the caveat that to the extent Aristocrat contends that

      the top line of a document has been cut off in the exhibit, Aristocrat may amend its answer to so state.

2. The court grants Aristocrat permission to amend the eleven paragraphs of its answer as proposed, with the exception of the statements regarding Exhibits B and C as set forth above, and thus denies the motion to strike as to these paragraphs, assuming the second amended answer is filed within 10 days.

3. The court requires Aristocrat to amend paragraph 268 of its answer to admit that the express mail certification, the signature block, and the document date were different from that on the Second Preliminary Amendment filed with the Patent Office on July 18, 2002.

4. In all other respects, the motion to strike is denied.

DATED: 10/29/10

*Ronald M Whyte*
RONALD M. WHYTE
United States District Judge

ORDER GRANTING IN PART AND DENYING IN PART MOTION TO STRIKE —No. C-06-03717 RMW
CCL
3