UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| ARISTOCRAT TECHNOLOGIES AUSTRALIA PTY LIMITED, et al., <br><br>　　　　　　　　Plaintiffs, <br>　　v. <br>INTERNATIONAL GAME TECHNOLOGY, et al., <br><br>　　　　　　　　Defendants. | Case No.: C 06-03717 RMW (PSG) <br><br>**ORDER GRANTING-IN-PART AND DENYING-IN-PART MOTION TO COMPEL** |

On October 4, 2010, Defendants International Game Technology and IGT (collectively "IGT") filed a motion to compel Plaintiffs Aristocrat Technologies, Australia Pty Limited and Aristocrat Technologies, Inc. (collectively "Aristocrat") to produce documents. For the following reasons, IGT's motion is GRANTED-IN-PART and DENIED-IN-PART.

On August 3, 2010, Judge Whyte held that Aristocrat had waived attorney-client privilege as to communications between December 1999 and June 6, 2006 for the '215 Patent and between December 1999 and September 19, 2006 for the '603 Patent regarding "(1) the abandonment, delay, timing, or revival of the '717 Application; (2) any knowledge by Aristocrat or its attorneys regarding the abandonment, delay, timing, or revival of the '717 Application; and (3) any intent by Aristocrat or its attorneys to delay or abandon the '717 Application."[1] On September 10, 2010 Aristocrat

---

[1] 8/3/10 Order Regarding Waiver of Attorney-Client Privilege (Docket No. 894) at 5.

ORDER, *page 1*

produced documents within the scope of the waiver together with a new privilege log.

IGT argues this log is inadequate and moves the court to compel production of three categories of additional documents: (1) documents from Aristocrat's privilege log that were not supported by adequate subject matter descriptions, (2) unredacted versions of documents as to which Aristocrat waived privilege and were not listed in the log, and (3) documents that correspond to log entries for which Aristocrat did not provide support that an attorney-client communication occurred. Alternatively, IGT argues that at a minimum, the court should order *in camera* review of the documents.

On November 12, 2010, Judge Trumbull ordered Aristocrat to submit the documents at issue to the court to permit *in camera* review as warranted.[2] On November 16, 2010, Aristocrat submitted all documents that IGT claimed were not supported by adequate subject matter descriptions.[3] After reassignment to the undersigned, the court further ordered Aristocrat to submit unredacted versions of the documents Aristocrat had produced in redacted form to IGT.[4] The court also ordered Aristocrat to submit declarations identifying the attorney and the client upon whom the claim of privilege is based for all log entries that do not list an attorney as an author or recipient, including those entries that do not identify any individual author or recipient at all.[5]

## I. STANDARD

When a party withholds information otherwise discoverable by claiming that the information is privileged or subject to protection as trial-preparation material, the party must describe the nature of the documents, communications, or tangible things not produced or disclosed — and do so in a manner that, without revealing information itself privileged or protected, will enable other parties to assess the claim.[6]

The Ninth Circuit has held that a party meets its burden of demonstrating the applicability

---

[2] *See* 11/12/10 Interim Order Re Defs.' Mot. To Compel Docs. (Docket No. 06-3717).

[3] *See* 3/22/11 Pls.' Status Conf. Statement (Docket No. 1002) at 4:15.

[4] *See* 3/24/11 Interim Order Re Defs.' Mot. To Compel Docs. (Docket No. 1013).

[5] *See id*.

[6] Fed. R. Civ. P. 26(b)(5).

of the attorney-client privilege by submitting a log that identifies (a) the attorney and client involved, (b) the nature of the document, (c) all persons or entities shown on the document to have received or sent the document, (d) all persons or entities known to have been furnished the document or informed of its substance, and (e) the date the document was generated, prepared, or dated.[7] The privilege log goes beyond these standards if it also provides information on the subject matter of each document.[8]

## II. DISCUSSION

**A. ADEQUATE SUBJECT MATTER DESCRIPTIONS**

IGT argues that Aristocrat must provide enough information for IGT to assess whether the documents fall within the scope of the waiver. IGT contends that Aristocrat's subject matter descriptions in the privilege log are inadequate because the subject matter descriptions "Communications with the PTO," "Drafting," "Transfer of Files," and "Anticipation of Litigation" do not provide sufficient information for IGT to determine whether those communications are outside the scope of the waiver.

As noted above, the court previously granted an *in camera* review to resolve whether any of the documents identified by IGT contain communications within the scope of the waiver. Pursuant to this order, the undersigned has now reviewed the documents whose descriptions IGT challenges and determines that three documents — numbers 1221, 1222, and 1223 — fall within the scope of the privilege waiver. Aristocrat shall produce these documents. The court has further determined that all other documents, which were identified by IGT as having inadequate subject matter descriptions, are outside the scope of the waiver.

IGT also argues that the use of the "drafting" subject matter description regarding communications that occurred after the patent application was filed is suspect. In its briefing, IGT identifies just one such log entry — document number 356, which is identified as "[e]mail reflecting and/or seeking legal advice for client regarding drafting of U.S. patent '215 application." The court has reviewed document number 356 and finds that, based on the review

---

[7] *See In re Grand Jury Investigation*, 974 F.2d 1068, 1071 (9th Cir. 1992).

[8] *See id.* at 1071.

ORDER, *page 3*

and the information supplied in the briefing, the document was appropriately withheld.

**B. REDACTED VERSIONS OF DOCUMENTS**

Aristocrat redacted portions of documents it produced following Judge Whyte's order regarding waiver. IGT argues that Aristocrat failed to provide a privilege log regarding those redactions and therefore has waived privilege regarding those redactions. After the motion to compel was filed, Aristocrat submitted a redaction log to the court on October 19, 2010. Although late, the court determines that no privilege was waived by the untimely production of the redaction log.

IGT also argues that redacted portions of documents or conversations within the same email string that were not produced are related to the disclosed communication and should also be produced. The court has conducted an *in camera* review of the unredacted versions of these documents. The court determines that the redacted portions do not concern subject matters for which Judge Whyte determined privilege has been waived.

**C. SUPPORT THAT AN ATTORNEY-CLIENT COMMUNICATION OCCURRED**

IGT argues that, for many log entries, Aristocrat has failed to identify the attorney upon whom it bases its claim of privilege. IGT identifies four problems that it argues either waive privilege or require an *in camera* review. First, although Aristocrat provided a separate list of attorneys referenced in the log, the log does not distinguish between people who are and who are not attorneys. Second, some entries reflect communications merely CC'ed to attorneys. Third, numerous entries do not identify any attorney on the list. Fourth, numerous entries do not identify any author or recipient. The court disagrees that either a waiver or an *in camera* review are warranted.

The court finds IGT's argument pertaining to the first two problems unpersuasive. Although the log does not specifically identify which individuals are attorneys and which individuals are non-attorneys at a law firm or at Aristocrat, Aristocrat has provided IGT with a list of its attorneys referenced in the privilege log. IGT has not shown why relying on this list when reviewing the privilege log would impose an unreasonable burden. Secondly, regarding IGT's argument that merely "cc'ing" counsel does not support an assertion of privilege, IGT has

ORDER, *page 4*

identified only one such log entry — document number 762, an email on which attorney David Greenslade ("Greenslade") was copied. Although copying Greenslade may not be sufficient to support the assertion of privilege, it also is not fatal to the assertion. The log entry as a whole, including the subject matter description states that it is an "email reflecting and/or seeking legal advice from David Greenslade regarding Hyperlink approval in New South Wales," is sufficient to demonstrate the applicability of privilege.

Regarding the third and fourth problems IGT identifies, a privilege log demonstrating the applicability of the attorney-client privilege must identify the attorney and the client involved in the communication. IGT identified many log entries that fail to do so. As a result, the court ordered Aristocrat to submit declarations identifying the attorney and the client upon whom the claim of privilege is based for all log entries that do not list an attorney as an author or recipient, including those entries that do not identify any individual author or recipient at all. In response, Aristocrat submitted a declaration including a chart of all such log entries including a new column listing the attorney upon whom the claim of privilege is based.[9] The court finds that this chart serves as an amended privilege log for those entries and thus corrects this deficiency.

IGT, however, also has identified a particular issue with one attorney, Gavin Isaacs ("Isaacs"), who after 1999 no longer held a legal position at Aristocrat. Aristocrat has argued that "[a]ll of the entries on which Mr. Isaacs is listed where he would be the source of the legal advice occurred in 1999."[10] IGT, however, has identified one log entry in 2000 (document number 1006) and one log entry without a date (document number 1022) for which Isaacs is the only attorney listed. These documents were not included in Aristocrat's amended privilege log for entries that previously failed to designate an attorney. Thus, Aristocrat is hereby ordered to file a declaration identifying the attorney upon whom the claim of privilege is based for document numbers 1006 and 1022. If Isaacs is the attorney upon whom privilege is based, Aristocrat shall also shall explain how that claim is warranted.

Additionally, IGT argues that it is suspect that Isaacs, who Aristocrat claims worked as an

---

[9] *See* 3/28/11 Elman Decl. Ex. 1 (Docket No. 107-1).

[10] *See* 10/19/10 Pls.' Opp'n. to IGT's Mot. To Compel Docs. (Docket No. 930) at 13:8-15.

in-house attorney but not as a patent attorney, is listed as the only support for numerous entries regarding "drafting" a patent application. The court, however, finds this is an insufficient basis to require *in camera* review of these documents because it is reasonable that as "[g]eneral manager, legal and compliance"[11] Isaacs would be involved in communications that reflect legal advice regarding a number of different areas of law that are outside his particular specialty.

### III. CONCLUSION

For the reasons stated above, Aristocrat must produce document numbers 1221, 1222, and 1223. Aristocrat must also file a declaration identifying the attorney upon whom the claim of privilege is based for document numbers 1006 and 1022. If Isaacs is the attorney upon whom privilege is based, Aristocrat shall also further explain how that claim is warranted. Aristocrat must comply with this order no later than Friday, April 1, 2011 at noon. As to all other documents, IGT's motion to compel is denied.

Dated: March 29, 2011

                                           PAUL S. GREWAL
                                           United States Magistrate Judge

---

[11] *See* Gavin Isaacs Dep. at 12:15, Jun. 1, 2007, Cruzen Decl. Ex. L (Docket No. 920-13).